UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| New Hampshire Youth Movement,<br>    *Plaintiff*,<br><br>    v.<br><br>David M. Scanlan, in his official capacity as New Hampshire Secretary of State,<br><br>    *Defendant*. | No. 1:24-cv-00291 |

**REPUBLICAN NATIONAL COMMITTEE'S AND NEW HAMPSHIRE REPUBLICAN STATE COMMITTEE'S MOTION TO INTERVENE**

  1. The proposed intervenors, Republican National Committee and New Hampshire Republican State Committee (the "Parties") are political committees providing national and statewide leadership for the Republican Party.

  2. This lawsuit challenges a recent New Hampshire amendment to its election laws. The Parties propose to intervene for the purpose of defending the constitutionality of that amendment.

  3. Rule 24 provides for intervention as of right and permissive intervention. *See* Fed. R. Civ. P. 24(a) and (b). Under Rule 24(a), "the court must permit anyone to intervene who" files a timely motion and claims an interest relating to the subject of the action, which interest may be affected by the disposition of the action, unless existing parties adequately represent that interest.

  4. The Parties' motion is timely. No parties will be prejudiced by the granting of the Parties' motion to intervene at this time.

1

5.  The Parties have a vital interest in New Hampshire's election regulation in general and a particular interest in the enforcement of laws protecting the integrity of elections in which they field and support candidates and in which the Parties' members vote.

6.  The defendant is the state officer charged with regulating elections. As such, the Parties' interests are distinct from his. Therefore, the defendant cannot adequately represent the Parties' interests in this litigation.

7.  For the foregoing reasons and for the reasons set forth in the accompanying memorandum of law, the Court should grant this motion to intervene as a matter of right.

8.  In the alternative, the Parties move for permissive intervention. Under Rule 24(b), a Court may permit any party to intervene who submits a timely motion and who "has a claim or defense that shares with the main action a common question of law or fact." *Id*.

9.  As described in ¶ 4, *supra*, the instant motion is timely.

10.  The Parties have a claim that common questions of law with the main action. To wit: the Parties are political committees that will be affected by the implementation of the challenged statute. As active participants in the electoral process in New Hampshire, as well as nationally, the Parties are uniquely positioned to assist the Court in their evaluation of the asserted burdens in this case. That perspective necessarily differs from that of the defendant.

11.  Pursuant to Fed. R. Civ. P. 24(c), the proposed intervenor is filing an Answer to the plaintiff's Complaint contemporaneously with this Motion.

12.  Pursuant to LR 7.1(a)(2), the proposed intervenor hereby submits a memorandum of law in support of this motion.

13.  Counsel for Secretary Scanlan, Michael P. DeGrandis, takes no position on the

relief sought by this motion.

14.    Counsel for the Plaintiff, Steven Dutton, objects to this relief sought by this motion.

WHEREFORE, the Republican National Committee and New Hampshire Republican State Committee respectfully request that this Court:

A.    Grant its motion to intervene as a matter of right;

B.    Or, in the alternative, grant its motion to intervene permissively; and

C.    Grant such other relief as the Court deems just and appropriate.

Respectfully Submitted,

Republican National Committee, and New Hampshire Republican State Committee,

By their attorneys,

Lehmann Major List, PLLC

November 19, 2024

*/s/Richard J. Lehmann*
_____
Richard J. Lehmann (Bar No. 9339)
6 Garvins Falls Road
Concord, N.H. 03301
(603) 731-5435
rick@nhlawyer.com

## **CERTIFICATION**

I hereby certify that a copy of this pleading was this day forwarded to all counsel of record via the court's electronic service system.

November 19, 2024

*/s/Richard J. Lehmann*
_____
Richard J. Lehmann