## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE YOUTH MOVEMENT,<br>*Plaintiff*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br>*Defendant*. | Case No. 1:24-cv-00291 |

## PROPOSED INTEVENOR-DEFENDANTS' REPLY
## IN SUPPORT OF MOTION TO INTERVENE

Movants cited nearly twenty decisions where federal courts allowed Republican and Democratic Party organizations to intervene in election cases. Doc. 15-1 at 2, 6-8 & n.1. In response, Plaintiff failed to cite a single decision issued by any court in this Circuit denying a motion to intervene by a political party organization in an election case. The lone out-of-circuit district court decision that Plaintiff cites, *Miracle v. Hobbs*, 333 F.R.D. 151, 155 (D. Ariz. 2019), involved legislators moving to intervene – not political parties. That's a crucial distinction because, in election cases, political parties "are not marginally affected individuals; they are substantial organizations" who may "bring perspective that others miss or choose not to provide." *Nielsen v. DeSantis*, 2020 WL 6589656, at *26-27 (N.D. Fla. May 28, 2020). Federal courts, including this one, routinely grant them intervention in election cases.[1] Plaintiff provides no good reason why doing so here would be an abuse of discretion. To the contrary, Movants are entitled to intervene by right as they have unique interests that may be impaired that the State does not adequately represent. Alternatively, permissive intervention is warranted as Movants will not unduly delay these proceedings.

**I.    Movants have numerous protectable interests that may be impaired by this case.**

---

[1] *E.g.*, *Castro v. N.H. Sec'y of State*, 701 F. Supp. 3d 176, 179 (D.N.H. 2023); *Common Cause R.I. v. Gorbea*, 970 F.3d 11, 14 (1st Cir. 2020); *Greene v. Raffensperger*, 2022 WL 1045967, at *2 (N.D. Ga. Apr. 7, 2022); *Wood v. Raffensperger*, Doc. 14, No. 1:20-cv-5155 (N.D. Ga. Dec. 28, 2020); *Black Voters Matter Fund v. Raffensperger*, Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020); *see also* Doc. 15-1 at 2 n.1 (collecting cases).

Plaintiff misunderstands how this Circuit determines what a legally protectable interest is under F.R.C.P. 24(a)(2). Plaintiff misquotes *Mosbacher* in arguing that the First Circuit "requires courts to reject asserted interests that are 'speculative, indirect, or contingent.'" Doc. 18 at 5-6. But *Mosbacher* expressly repudiated these "restrictive criteria." 966 F.2d 39, 42 (1st Cir. 1992). Rather, "the First Circuit" applies "a fact-based, case-by-case" analysis to determine what qualifies as a protectible interest. *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 49 (D. Mass. 2015) (citing *Mosbacher*).

Movants meet this less-restrictive standard. Movants have unique partisan interests in this case, including protecting the integrity of Republican votes, *La Union del Pueblo Entero v. Abbott (LUPE)*, 29 F.4th 299, 306 (5th Cir. 2022), promoting Republican candidates' electoral success, *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 586-87 (5th Cir. 2006), conserving limited Republican "resources" from being diverted, *Bost v. Ill. State Bd. of Elections*, 75 F.4th 682, 687 (7th Cir. 2023), and preserving statutorily conferred "rights" upon Republican voters who are Movants' members, *LUPE*, 29 F.4th at 307. All these interests may be impaired by the outcome of this case.

Plaintiff argues Movants' interests are too "generalized." Doc. 18 at 6. But not all New Hampshire voters share an interest in ensuring Republican candidates are elected, Republican votes remain un-diluted by invalid ballots, and Republican Party resources are conserved. Even in the Fifth Circuit which applies a "more restrictive" test, *Mosbacher*, 966 F.2d at 42, "maintain[ing] the integrity of the election process" is not too generalized to justify "intervention by right," *LUPE*, 29 F.4th at 306. Plaintiff argues *LUPE* is "inapposite" because it involved "specific poll watcher programs governed by the statutes at issue there," Doc. 18 at 6, but those provisions were only one "example" of how Republican intervenors' interests were impaired, *LUPE*, 29 F.4th at 307. Rather, the Fifth Circuit held that Republican Party intervention was justified by right because the

2

"outcome" of the case "may change what [intervenors] must do to prepare for upcoming elections" and may "force" them to expend "resources to educate their members on the shifting situation." *Id*.

Here, the outcome of Plaintiff's suit may do exactly that. If New Hampshire's proof of citizenship requirement is enjoined, Movants will have to "prepare for upcoming elections" differently and be forced to divert "resources" toward their election integrity, poll watching, and voter registration monitoring programs to detect ineligible non-citizens and challenge those persons' invalid registrations or ballots. *Id*. To the extent Plaintiff argues Movants don't have a protectible interest because of allegations of diversionary harm, they are undermining their own standing to file this case as Plaintiff's purported injury rests on a "divert[ed] resources" theory. Compl. ¶17.

While Plaintiff asserts "*LUPE*" gets Movants "nowhere," Doc. 18 at 11, the Fifth Circuit's decision shares another important parallel to the present case further justifying Movants' intervention. The law Plaintiff challenges "grants rights" to Movants' "members that could be taken away" if Plaintiff "prevails." *LUPE*, 29 F.4th at 307. Plaintiff seeks to enjoin the "proof of citizenship requirement" of HB 1569. Compl. at 26. That law grants the statutory right to Republican voters to challenge a person seeking to vote on the basis that they are "not" a U.S. citizen and removes the ability of a person to defeat a successful voter challenge by simply filing an affidavit. Act of June 13, 2024, Ch. 378:5, 2024 N.H. Laws (HB 1569). Since Plaintiff seeks to allow successful voter challenges to be defeated through affidavit thereby undermining statutory voter challenge rights conferred upon Movants' members, Movants are entitled to intervention by right. *LUPE*, 29 F.4th at 307; *accord Greene*, 2022 WL 1045967, at *2.

II.     **The Secretary does not adequately represent Movants' partisan interests.**

Plaintiff argues that Movants must "'demonstrate adversity of interest, collusion, or nonfeasance'" to prove inadequate representation. Doc. 18 at 12. But "this trilogy" is "only illustrative." *B. Fernandez & Hnos. v. Kellogg USA*, 440 F.3d 541, 546 (1st Cir. 2006). Rather, to

3

overcome the presumption of adequate representation, Movants "need only offer" interests that are "sufficiently different" from "those of the named party." *Id*. (internal quotation omitted).

Movants assert "sufficiently different" interests from the State. *Id*. Indeed, unless the Secretary comes out and says he is *only* supporting Republican Party interests in this case, the Secretary cannot adequately represent Movants' interests. The Secretary hasn't done this. Nor could he vindicate Movants' inherently "partisan" interest "while acting in good faith." *LUPE*, 29 F.4th at 309. The Secretary's interest is "in implementing the law" rather than Movants' interests which are "more narrowly focused." *Mosbacher*, 966 F.2d at 44. Movants care only about how this case will impact the Republican Party, Republican candidates, and Republican voters, not the public, not Plaintiff, not the state coffers that the Secretary must necessarily consider. Since Movants and the Secretary's interests are "sufficiently different" and there is "[a]symmetry in the intensity" of the interests with Movants caring with greater intensity how this case will impact Republicans than the Secretary does, Movants' interests are "not adequately represent[ed]." *Kellogg USA*, 440 F.3d at 546. Thus, intervention by right is justified under Rule 24(a)(2).

**III.     Granting Movants permissive intervention will not cause undue delay.**

Plaintiff admits that this Court "has broad discretion" to grant permissive intervention. Doc. 18 at 13. Indeed, this Court can permit Movants to intervene even if it concludes they are adequately represented. *Pub. Serv. Co. of New Hampshire v. Patch*, 173 F.R.D. 17, 29 (D.N.H. 1997). This would be the easiest way to resolve intervention. Though Movants have a right to intervene, they do not object to the Court granting permissive intervention without deciding intervention of right. Plaintiff doesn't dispute that Movants meet the permissive intervention requirements. Movants have "a claim or defense that shares" a "common question" with this lawsuit. F.R.C.P. 24(b). Plaintiff's only fear is that granting permissive intervention will "unduly delay" the case. Doc. 18 at 14. That's unfounded for three reasons. *First*, that Plaintiff concedes Movants filed their motion early undermines any claims of delay. There is no undue delay when a motion

4

to intervene is filed while the "case is still in its early stages." *Penobscot Nation v. Mills*, 2013 WL 3098042, at *3 (D. Me. June 18, 2013). Here, the Court hasn't issued a scheduling order, and the State hasn't even answered the complaint. *Second*, Movants' participation will assist the Court, not burden it. Movants "commit[ed] to submitting all filings in accordance with whatever briefing schedule the Court imposes." Mot. 13. That "promise" undermines claims of undue delay. *Emerson Hall Assocs. v. Travelers Cas. Ins. Co. of Am.*, 2016 WL 223794, at *2 (W.D. Wis. Jan. 19, 2016). *Third*, Plaintiff's only real concern is the routine practice of litigation. "Whatever additional burdens adding" Movant may pose, "those burdens fall well within the bounds of everyday case management." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 200 (2022).

Ultimately, Plaintiff fails to adequately refute *any* of the numerous decisions by federal courts, including this Court, where intervention was granted to political parties in election cases. *Supra* n.1. Indeed, when Arizona's proof-of-citizenship law was previously challenged, the RNC was granted intervention. *DNC v. Hobbs*, Doc. 18, No. 2:22-cv-1369 (D. Ariz. Aug. 24, 2022). Following that precedent is straightforward. Deviating from it, however, should raise doubt that denying intervention would be improper. And "[a]ny doubt" should be "resolved in favor" of Movants. *Fed. Sav. & Loan Ins. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to intervene.

| | |
|---|---|
| This 10th day of December, 2024. | Respectfully submitted, |
| | /s/ *Richard J. Lehmann* |
| Thomas R. McCarthy* | Richard J. Lehmann |
| Gilbert C. Dickey* | (Bar No. 9339) |
| Conor D. Woodfin* | 6 Garvins Falls Road |
| CONSOVOY MCCARTHY PLLC | CONCORD, N.H. 03301 |
| 1600 Wilson Boulevard, Suite 700 | (603) 731-5435 |
| Arlington, VA 22209 | rick@nhlawyer.com |
| (703) 243-9423 | |
| tom@consovoymccarthy.com | |
| *pro hac vice forthcoming | |

*Counsel for Movants*

5

## **CERTIFICATION**

I hereby certify that copies of this pleading were forwarded to all counsel of record via the court' e-filing page.

\

December 10, 2024    /s/*Richard J. Lehmann*
                     _____
                     Richard J. Lehmann