**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**

NEW HAMPSHIRE YOUTH MOVEMENT,

    *Plaintiff*,

    v.

DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,

    *Defendant*.

Case No. 1:24-cv-00291-SE-TSM

**DEFENDANT SECRETARY OF STATE SCANLAN'S MOTION TO TEMPORARILY STAY DISCOVERY & FURTHER PROCEEDINGS**

    NOW COMES Defendant David M. Scanlan, in his official capacity as New Hampshire Secretary of State, by and through counsel, the Office of the Attorney General, and moves to stay discovery and further proceedings in this case until this Court has ruled on the Secretary's Motion to Dismiss the Complaint or, alternatively, stay discovery until this matter has been consolidated, and states as follows:

**Introduction & Procedural Posture**

    1.    The procedural posture of this case presents two dynamics necessitating a temporary stay of discovery and further proceedings in this case.

    2.    First, the Secretary's Motion to Dismiss is fully briefed and awaiting a hearing or the Court's resolution. ECF Nos. 24 (Def.'s Mot.), 25 (Pl.'s Obj.), 31 (Def.'s Reply). The Secretary asserts that Youth Movement lacks associational and organizational standing. ECF No. 24 at 6 (regarding the Complaint's Rule 12(b)(1) deficiencies). Alternatively, the Secretary asserts that the Complaint fails to state a claim upon which the Court may grant relief. *Id.* (regarding the Complaint's 12(b)(6) deficiencies).

3. Second, the Court has noticed its intention to consolidate this case with *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM). Endorsed Order (Jan. 28, 2025) (inviting objections to consolidation). The parties' positions regarding consolidation have been fully briefed, and they are awaiting a hearing or the Court's consolidation order. ECF Nos. 36 (Youth Movement), 39 (Sec'y of State), 40 (Open Democracy).

4. So, allowing discovery to move forward poses a double whammy for the Secretary. If the Court dismisses Youth Movement's Complaint, the Secretary needlessly expended resources to produce information and documents to which Youth Movement had no legal right. And if the Court denies the Motion to Dismiss, the Secretary will have wasted or duplicated discovery efforts upon consolidation of this case with *Open Democracy*.

5. Thus, allowing discovery at this juncture would undermine judicial economy, unnecessarily increase costs, and prejudice the defense. The Court should stay this case until it has resolved the threshold questions presented by the Secretary's Motion to Dismiss, or at least stay this case until the Court has established the scope and operation of this lawsuit's consolidation with *Open Democracy*.

**Standard of Review**

6. "Trial courts have broad discretion in determining the timing of pretrial discovery[.]" *Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000). Therefore, courts may "stay proceedings and discovery by virtue of their inherent power to control their own dockets." *Drewniak v. United States Customs & Border Prot.*, F. Supp. 3d 1, 3 (D.N.H. 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons.") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).

7. "The party requesting a stay has the burden of demonstrating its necessity." *See Drewniak*, F. Supp. 3d at 3 (citing *Clinton*, 520 U.S. at 708). "[S]tays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. Fed. Deposit Ins. Corp.*, 965 F.2d 1148, 1155 (1st Cir. 1992) (collecting cases).

## Argument

8. Where a defendant's pending motion to dismiss challenges a plaintiff's standing, the court may "defer pretrial discovery if the record indicates that discovery is unnecessary (or, at least, is unlikely to be useful) in regard to establishing the essential jurisdictional facts." *Dynamic Image Techs.*, 221 F.3d at 38; *U.S. Catholic Conf. v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 80 (1988) ("It is a recognized and appropriate procedure for a court to limit discovery proceedings at the outset to a determination of jurisdictional matters[.]") (citing 13A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3536, and n.2 (1984 & Supp. 1987)).

9. Indeed, even where a defendant's pending motion to dismiss does not challenge a plaintiff's standing, "defendants should be allowed to test the sufficiency of the plaintiffs' claims before being put to the burden of responding to discovery requests." *Higgins v. Huhtamaki, Inc.*, No. 1:21-cv-00369-NT, 2022 U.S. Dist. LEXIS 30736, at *9 (D. Me. Feb. 21, 2022) (citing cases including *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

### A. There Is Good Cause to Stay Discovery and Further Proceedings Pending Resolution of the Motion to Dismiss

10. The burdens on the parties and the Court in proceeding with discovery prior to resolving the Motion to Dismiss demonstrate good cause to stay.

11. Youth Movement's discovery requests impose costly burdens on the Secretary. Youth Movement's Interrogatories, for example, seek the identity of "all voters who proved their citizenship when registering to vote using a qualified voter affidavit or other type of affidavit in each year from 2003 through 2024[.]" Pl.'s Interrog. No. 5. Its Requests for Production seek discovery such as "[a]ll documents relating to any actual or suspected registration to vote or voting by a non-citizen in New Hampshire from January 1, 2003, to November 10, 2024." Pl.'s Req. for Produc. of Docs. No. 2. Youth Movement defines "relating to" as broadly "referring to, regarding, consisting of, concerning, pertaining to, reflecting, evidencing, describing, constituting, or mentioning the requested topic." Pl.'s Req. for Produc. of Docs., Definitions ¶ 4.

12. Not all Youth Movement's requests seek more than two decades of information and perhaps Youth Movement will negotiate less expansive terms, but many requests will likely require the Court's assistance to establish the permissible bounds of discovery. In their current state, many of the requests are overly broad, unduly burdensome, not relevant to claims or defenses, or exempt from disclosure.

13. Where, as here, there is a pending Motion to Dismiss, "it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed." *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. 15-14188-MLW, 2016 U.S. Dist. LEXIS 201547, at *3 (D. Mass. June 15, 2016). The Secretary should not be subjected to the burdens of discovery in a case that may not proceed. *See Save on Surplus Pension Plan v. United Saver's Bancorp, Inc.*, No. 89-543-D, 1990 U.S. Dist. LEXIS 17227, at

4

\*2 (D.N.H. June 13, 1990) (holding that a stay was warranted to "protect defendants from potentially unnecessary expenses while not prohibiting plaintiff from presenting its case to the Court.").

14. Additionally, allowing discovery to proceed in this case would be premature, given its likely consolidation with the *Open Democracy* case. Discovery in a case that is about to be consolidated with another would undermine the timely and orderly resolution of both cases. *See Mawby v. Folger Coffee Co.*, No. 20-00822-CV-W-BP, 2021 U.S. Dist. LEXIS 97233, at \*4 (W.D. Mo. Feb. 5, 2021) (agreeing with the defendant that consolidated cases will allow a unified decision on the permissible scope of discovery and mitigate expenses associated with discovery overlap).

**B.    Staying Discovery and Further Proceedings Pending Resolution of the Motion to Dismiss Is a Reasonable Duration**

15. "With a motion to dismiss now pending, it is … premature to conduct the Rule 16 conference or initiate discovery." *Diaz v. Salisbury*, No. 23-162-WES, 2023 U.S. Dist. LEXIS 194938, at \*3 (D.R.I. Oct. 31, 2023). The duration of the Secretary's requested stay is reasonable because it extends no further than resolution of the Motion to Dismiss, which has been fully briefed by the parties.

16. There is no formula from which to calculate the reasonableness of a stay's duration, but courts are reluctant to issue stays of indefinite duration. *See Consolidation Coal Co. v. United States*, 102 Fed. Cl. 489, 493 (2011) (noting that "immoderate or indefinite" stays may be an abuse of discretion). Though not dispositive of the issue, the initial question is whether the staying court has control over the event that would trigger an end to the stay. *See, e.g.*, *Bd. of Trs. v. ILA Local 1740, AFL-CIO*, No. 18-1598 (SCC), 2022 U.S. Dist. LEXIS

138854, at *4 (D.P.R. Aug. 3, 2022) (denying a stay where the district court could not predict how long it would take the First Circuit to resolve an appeal).

17. Here, the stay would be of minimal duration because the Motion's briefing is complete and the Court has full control over the event that would trigger an end to the stay.

### C. The Competing Equities Weigh in Favor of Staying Discovery and Further Proceedings

18. Defending two substantially similar cases on two different tracks has been a significant burden on the defense's resources. The considerable motions practice in this case has drained judicial resources as well.

19. It is difficult to imagine a clearer case where the hardship and inequity of proceeding with discovery is more manifest than this: the Secretary loses whether his Motion to Dismiss is successful or unsuccessful. If the Court grants the Secretary's Motion to Dismiss, the defenses discovery resources were wasted. And even if Youth Movement survives the Secretary's Motion to Dismiss, consolidation with *Open Democracy* would waste or duplicate the Secretary's discovery efforts while the Motion was pending.

20. This case is a classic example of asymmetric litigation, where Plaintiff's discovery burdens pale in comparison to Defendant's. *See Chambers v. Whirlpool Corp.*, 980 F.3d 645, 666 (9th Cir. 2020). Of course, Youth Movement wants immediate discovery, but a temporary stay will only nominally burden Youth Movement. It will not be prohibited from discovering information necessary to present its case to the Court when (or if) the time comes to resolve the merits of its claim. *See Save on Surplus, Inc.*, 1990 U.S. Dist. LEXIS 17227 at *2.

21. It is important to note that Youth Movement's detailed Opposition does not indicate that it requires discovery to adequately respond to the Secretary's Motion. Where a

6

plaintiff does not need discovery to fend off a dispositive motion, the plaintiff is not prejudiced from presenting his or her case on the merits to the Court. *Id.*

22. Accordingly, the balance of the equities weighs in favor of staying discovery and further proceedings pending the Court's ruling on the dispositive motion. *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 59 (1st Cir. 2006). At a minimum, the Court should stay discovery pending this lawsuit's consolidation with *Open Democracy*.

## Conclusion

23. For the foregoing reasons, the Court should grant the Secretary's Motion to Stay.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

A memorandum of law is unnecessary because this Motion incorporates citations to supporting points and authorities as required by Local Rule 7.1(a)(2).

## LOCAL RULE 7.1(c) CERTIFICATION

The Secretary made a good faith attempt to obtain Youth Movement's concurrence in the relief sought by this Motion, but Youth Movement opposes a stay.

WHEREFORE, Secretary Scanlan respectfully request that this Honorable Court:

A. Stay all discovery and proceedings in this matter pending resolution of the Secretary's Motion to Dismiss;

B. Alternatively, stay all discovery and proceedings in this matter pending consolidation of this case with *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM); and

C. Grant such further relief as is just and equitable.

Respectfully submitted,

DEFENDANT DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State

By his attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: February 12, 2025    /s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
catherine.a.denny@doj.nh.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis

8