**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| NEW HAMPSHIRE YOUTH MOVEMENT,<br>*Plaintiff*,<br>v.<br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br>*Defendant*. | Case No. 1:24-cv-00291-SE-TSM |

**<u>JOINT PROPOSED DISCOVERY PLAN</u>**

NOW COME all parties, by and through their respective counsel, and jointly move the Court to enter the following Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the United States District Court for the District of New Hampshire.

**RULE 26(f) CONFERENCE INFORMATION**

| | |
|---|---|
| **DATE/PLACE OF CONFERENCE:** | March 19, 2025 by video conference and subsequent e-mail exchanges |
| **PLAINTIFFS' PARTICIPATING COUNSEL:** | ELIAS LAW GROUP LLP: David R. Fox and Marcos Mocine-McQueen<br>MCLANE MIDDLETON, P.A.: Steven J. Dutton<br>*On behalf of New Hampshire Youth Movement* |
| **DEFENDANTS' PARTICIPATING COUNSEL:** | NEW HAMPSHIRE DEPARTMENT OF JUSTICE, OFFICE OF THE ATTORNEY GENERAL: Michael P. DeGrandis<br>*On behalf of the New Hampshire Secretary of State David M. Scanlan, in his official capacity* |

**CASE SUMMARY**

| | |
|---|---|
| **PLAINTIFF:** | New Hampshire Youth Movement |
| **DEFENDANT:** | New Hampshire Secretary of State David M. Scanlan, in his official capacity |

| | |
|---|---|
| **THEORIES OF LIABILITY:** | H.B. 1569 (2024) amended RSA 654:12 to eliminate a provision of state law that allowed qualified voters who lacked U.S. citizenship documents to sign an affidavit on pain of perjury and fraud to satisfy the citizenship requirement when registering to vote. Under H.B. 1569, all registrants must produce a "birth certificate, passport, naturalization papers" or other unspecified "reasonable documentation" to register and vote. Plaintiff alleges that H.B. 1569 places a burden on the fundamental right to vote by restricting access to registration and disenfranchising voters without sufficiently advancing the state's interest in election integrity so as to justify the burden, in violation of the First and Fourteenth Amendments to the U.S. Constitution. |
| **THEORIES OF DEFENSE:** | Defendant asserts that House Bill 1569 does not unjustifiably burden the rights of Plaintiffs and the law serves the government's interest in ensuring the integrity of New Hampshire's elections. |
| **DAMAGES:** | None |
| **DECLARATORY RELIEF:** | Plaintiff seeks a declaration that HB 1569 violates the First and Fourteenth Amendments to the United States Constitution. |
| **INJUNCTIVE RELIEF:** | Plaintiff seeks to enjoin implementation and enforcement of HB 1569. |
| **ATTORNEYS' FEES & COSTS:** | Plaintiff seeks reasonable attorneys' fees and costs. |
| **DEMAND:** | None |
| **OFFER:** | None |
| **JURISDICTIONAL QUESTIONS:** | Defendant has not yet filed his responsive pleading, but anticipates asserting a challenge to the Court's subject-matter jurisdiction. |
| **QUESTIONS OF LAW:** | (1) Does H.B. 1569 place a burden on the fundamental right to vote without advancing a sufficiently weighty justification for the burden imposed, in violation of the First and Fourteenth Amendments to the U.S. Constitution?<br>(2) Does Plaintiff have organizational (direct) standing? |

| | |
|---|---|
| | (3) Does Plaintiff have associational (representative) standing? |
| | (4) Does the First Amended Complaint state a claim upon which this Court may grant relief? |
| | (5) Does Defendant's affirmative defenses bar Plaintiffs' claims or their requested relief in whole or in part? |
| **TYPE OF TRIAL:** | The parties request a bench trial. |

**SCHEDULE**

| | |
|---|---|
| **TRACK ASSIGNMENT:** | Standard track |
| **TRIAL DATE:** | February 9, 2026 if this case is later consolidated for trial with *Coalition for Open Democracy v. Formella*, No. 1:24-cv-00312; March 9, 2026 if such consolidation is denied. |
| **DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:** | Not applicable |
| **AMENDMENT OF PLEADINGS:** | Pleadings may only be amended by the parties' agreement, leave of Court, or at the Court's invitation. |
| **JOINDER OF ADDITIONAL PARTIES:** | Additional parties may only be joined by the parties' agreement, leave of Court, or at the Court's invitation. |
| **THIRD-PARTY ACTIONS:** | June 6, 2025 |
| **MOTIONS TO DISMISS:** | Defendant's responsive pleading is due on or before April 8, 2025. Subsequent motions to dismiss require leave of Court or the Court's invitation. |
| **EXPERT DISCLOSURES, WRITTEN REPORTS & SUPPLEMENTATIONS:** | Plaintiff's Expert Disclosures & Written Reports: June 4, 2025<br>Defendant's Expert Disclosures & Written Reports: August 22, 2025<br>Expert Rebuttal Reports: September 19, 2025<br>Supplementations per Fed. R. Civ. P. 26(e)<br>The parties reserve their rights to seek an extension of the foregoing expert disclosure and reporting deadlines if the necessary document productions |

| | |
|---|---|
| | have not been made sufficiently in advance of deadlines to allow preparation of expert reports. |
| **COMPLETION OF DISCOVERY:** | September 22, 2025 |
| **MOTIONS FOR SUMMARY JUDGMENT:** | October 10, 2025 |
| **CHALLENGES TO EXPERT TESTIMONY:** | November 10, 2025 |

**DISCOVERY**

| | |
|---|---|
| **DEFENDANT'S OBJECTION:** | The parties file this Joint Proposed Discovery Plan less than 24 hours after Defendants received the First Amended Complaint (ECF No. 50). Accordingly, Defendant has not been able to review the operative complaint in any meaningful detail as of the date of filing. This Joint Proposed Discovery Plan does not waive Defendant's rights to object to discovery for any good faith reason, including lack of standing and subject-matter jurisdiction. |
| **TIMING OF DISCOVERY:** | Written discovery (*i.e.*, discovery exclusive of depositions and document production) has commenced. Defendant has shared his discovery responses in the substantively similar case of *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM), as discussed at the March 7, 2025 joint status conference.<br><br>Depositions may commence upon the earlier of (i) the commencement of depositions in the *Open Democracy* case, (ii) the Court's ruling on Defendants' forthcoming Motion to Dismiss; (iii) July 22, 2025; (iv) the parties' agreement; or (v) leave of Court.<br><br>The parties will work in good faith to cross-notice depositions of Defendant and other witnesses represented by the New Hampshire Attorney General in this case and the *Open Democracy* case, to reduce the burden on Defendant.<br><br>Defendant will respond to Plaintiff's already served discovery requests by April 8, 2024. |
| **DISCOVERY NEEDED:** | Plaintiff: Plaintiff has served written discovery and anticipates taking depositions. Plaintiff may serve additional interrogatories and requests for |

| | |
|---|---|
| | production of documents, records, communications, and other discoverable material ("Discoverable Material") pertaining to the constitutionality of H.B. 1569 to the extent permitted by the Federal Rules of Civil Procedure.<br><br>Defendant: Defendant anticipates serving written discovery and taking depositions. Defendant seeks all Discoverable Material to the extent permitted by Fed. R. Civ. P. 26(b)(1), including Discoverable Material upon which the Complaint bases its factual allegations, possibly to include jurisdictional allegations, and as needed for Defendant to support his affirmative defenses.<br><br>The parties expressly reserve their rights to object to any discovery including, but not limited to, interrogatories, requests for production of documents, and requests for admission ("Discovery Requests"), as unduly burdensome or irrelevant, including the subject matters identified by the parties herein, and to object on any other good faith applicable basis including, but not limited to, the Court's subject-matter jurisdiction. |
| **INITIAL DISCLOSURES \| FED. R. CIV. P. 26(a)(1):** | Plaintiff: Plaintiff has served initial disclosures and will supplement them on or before March 26, 2025, and thereafter as required by Fed. R. Civ. P. 26(a)(1).<br><br>Defendant: Defendant has served initial disclosures and will supplement them (if necessary) on or before April 2, 2025, and thereafter as required by Fed. R. Civ. P. 26(a)(1).<br><br>The parties will Bates stamp documentary mandatory disclosures, if any, and produce them in accordance with the terms to which they agreed in "Requests for Production of Documents" and "Electronic Information Disclosures" below. |
| **PRESERVATION OF DOCUMENTS & INFORMATION:** | The parties have preserved and will continue to preserve all Discoverable Material in their possession, custody, or control from January 1, 2016 to present. |

| | |
|---|---|
| **DOCUMENT COLLECTION:** | The parties will meet and confer regarding possible custodians, locations, and retained forms of Discoverable Material, and negotiate reasonable search terms for ESI, if applicable. |
| **INTERROGATORIES:** | Plaintiff may propound a maximum of 25 interrogatories on Defendant, and Defendant may propound a maximum of 25 interrogatories on Plaintiff.<br><br>Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.<br><br>The parties have agreed that, in the interests of streamlining discovery, Defendant will provide Plaintiff with Defendant's responses to *Open Democracy*'s interrogatories under the same terms and limitations (*e.g.*, objections, protective orders, redactions, *etc.*) as disclosed to the *Open Democracy* plaintiffs.<br><br>The parties will confer in good faith in an effort to avoid requiring Defendant to provide new responses to interrogatories that are duplicative of Defendant's responses to *Open Democracy*'s interrogatories.<br><br>Plaintiff reserves the right to challenge Defendant's objections, redactions, and the sufficiency of Defendant's responses to *Open Democracy*'s interrogatories if Defendant relies on or incorporates those responses in response to Plaintiff's interrogatories in this matter. |
| **REQUESTS FOR PRODUCTION OF DOCUMENTS:** | Plaintiff may propound a maximum of 30 requests for production of documents on Defendant, and Defendant may propound a maximum of 30 requests for production of documents on Plaintiff.<br><br>The parties will scan all non-ESI documents into electronic form and will produce such documents in accordance with the terms to which they agreed in "Electronic Information Disclosures" below, to the extent possible.<br><br>Written responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29. Document production will be provided on a rolling basis. |

The parties have agreed that, in the interests of streamlining discovery, Defendant will provide Plaintiff with Defendant's *Open Democracy* document production, under the same terms and limitations (*e.g.*, objections, protective orders, redactions, *etc.*) as disclosed to the *Open Democracy* plaintiffs.

The parties will confer in good faith in an effort to avoid requiring Defendant to provide new responses to requests for production that are duplicative of Defendant's responses to *Open Democracy*'s document requests.

Plaintiff reserves the right to challenge Defendant's objections, redactions, and the sufficiency of Defendant's responses to *Open Democracy*'s requests for production if Defendant relies on or incorporates those responses in response to Plaintiff's requests for production in this matter.

**REQUESTS FOR ADMISSION:** Responses will be due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:** Plaintiff may take a maximum of 10 depositions on Defendant, including fact and expert depositions, and Defendant may take a maximum of 10 depositions on Plaintiff, including fact and expert depositions.

Each deposition will be limited to seven hours unless extended by agreement of the parties. Fed. R. Civ. P. 30(a)(2)(B).

**ELECTRONIC INFORMATION DISCLOSURES | FED. R. CIV. P. 26(f):** The parties will produce ESI, if any, in .dat load files using standard delimiters, Bates stamped, as single page .pdf with an accompanying .opt file. The parties have agreed to include the following metadata fields within the .dat load file: <Begin Bates> <End Bates> <Pages> <BeginFamily> <EndFamily> <Placeholder> <File Extension> <NativePath> <TextPath> <Author> <From> <To> <Bcc> <Cc> <Subject> <Title> <Custodian> <Date> <Date Sent> <File Path> <Filename> <MD5 Hash> <SHA1 Hash>. OCR/extracted text, native files, and images will be provided in separate folders matching Bates numbers, with a reference to the location contained within the .dat file.

If the parties have responsive documents subject to disclosure that are not in electronic form, the producing party will digitize the documents and produce them in accordance with the foregoing ESI protocol, and produce as the documents are kept in the ordinary course of business.

If a party has fewer than 100 responsive documents, they may be produced as bates-stamped, searchable PDFs, in lieu of this specification. The parties reserve their rights to request production of the metadata fields from the native files produced as searchable PDFs, if applicable, to the extent permitted by Fed. R. Civ. P. 26(b)(1). In either event, spreadsheet and data files shall be produced in native format.

**DISCLOSURE EXEMPTIONS | FED. R. 26(b)(5) & FED R. 26(f)(3)(D):**

If any party asserts that a privilege, doctrine, statute, or rule exempts any Discoverable Material from an answer or production, in whole or in part, the asserting party will produce a privilege log with sufficient information for the receiving party to assess the claim of privilege without revealing the exempted information itself. A privilege log must, at a minimum: (i) state the basis for withholding each category of Discoverable Material; (ii) sufficiently describe the subject matter of each category to permit the other party to evaluate the nondisclosure claim; (iii) identify the date range; and (iv) provide an aggregate list of all persons privy to the undisclosed Discoverable Material.

The parties will not schedule Discoverable Material that is subject to a disclosure exemption in a privilege log where the Discoverable Material post-dates the filing of the original Complaint (ECF No. 1), September 30, 2024.

If any party inadvertently discloses Discoverable Material subject to a disclosure exemption, the inadvertent production shall not constitute waiver of the protection and the producing party may demand prompt return or destruction the exempted Discoverable Material if the disclosure so qualifies under Fed. R. Evid. 502(b).

**STIPULATION REGARDING EVIDENCE PROTECTIONS | FED. R. CIV. P. 26(f):**

The parties will, to the extent necessary, confer regarding the entry of a stipulated order protecting

the confidentiality of private or sensitive information.

## OTHER ITEMS

| | |
|---|---|
| **SETTLEMENT POSSIBILITIES:** | Settlement is not possible. |
| **JOINT STATEMENT RE: MEDIATION:** | Mediation is not possible. |
| **TRIAL ESTIMATE:** | 5 days |
| **WITNESSES & EXHIBITS:** | Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.<br>Objections are due 14 days after filing of final pretrial statements. |
| **PRELIMINARY PRETRIAL CONFERENCE:** | To be scheduled. The parties believe a preliminary pretrial conference could be helpful. |
| **OTHER MATTERS:** | Defendant has not had the opportunity to conduct more than a cursory review of the First Amended Complaint (ECF No. 50). |

Respectfully submitted,

DEFENDANT DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State

By his attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: March 19, 2025

/s/ Michael P. DeGrandis

Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
catherine.a.denny@doj.nh.gov

PLAINTIFF NEW HAMPSHIRE YOUTH MOVEMENT

By its attorneys,

/s/ Steven J. Dutton
Steven J. Dutton, N.H. Bar No. 17101
Connor W. Harding, N.H. Bar No. 276438
MCLANE MIDDLETON, P.A.
900 Elm Street
Manchester, NH 03101
(603) 628-1377
steven.dutton@mclane.com
connor.harding@mclane.com

David R. Fox*
ELIAS LAW GROUP LLP
250 Massachusetts Avenue, N.W.
Suite 400
Washington, D.C. 20001
(202) 968-4490
dfox@elias.law

Tyler L. Bishop*
ELIAS LAW GROUP LLC
1700 Seventh Avenue
Suite 2100
Seattle, WA 98101
(206) 656-0177
tbishop@elias.law

* Admitted *pro hac vice*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis