# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| New Hampshire Youth Movement,<br><br>　　　*Plaintiff*,<br><br>v.<br><br>David M. Scanlan, in his official capacity as New Hampshire Secretary of State,<br><br>　　　*Defendant*. | Case No. 1:24-cv-00291-SE-TSM |

## PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

　　　Most of the arguments in the Secretary's Reply, ECF No. 70, raise issues already addressed in Plaintiff New Hampshire Youth Movement's opposition, ECF No. 59. Youth Movement files this short surreply to address two points. First, the Secretary makes a brand new argument, asserting for the first time that "associations may not assert rights on behalf of their members" in claims brought under 42 U.S.C. § 1983. Reply at 2. This argument is wrong and contrary to binding First Circuit precedent. Second, the Secretary insists that the proof-of-citizenship requirement will not be enforced on previously registered voters, *id.* at 5 & n.4, but this is contrary not only to the allegations in the operative Amended Complaint—which this Court must take as true at this point—but also to the *Secretary's* own guidance to municipal election officials, attached hereto as Exhibit 1.

　　　The Secretary's argument that associational standing is unavailable for claims brought under 42 U.S.C. § 1983 relies on outlier precedent from the Second Circuit that no other circuit has adopted. *See* Reply at 2 (citing *Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011)); *see also League of Women Voters of Nassau Cnty. v. Nassau Cnty. Bd. of Supervisors*, 737 F.2d 155, 160

(2d Cir. 1984). The First Circuit, in contrast, has recognized that "section 1983 claims are governed by federal standing rules, which allow an association to sue on behalf of its members," and has upheld associational standing for § 1983 claims for that reason. *R.I. Bhd. of Corr. Officers v. Rhode Island*, 357 F.3d 42, 48 (1st Cir. 2004) (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)). As the First Circuit explained, "the language of § 1983" "[c]ertainly . . . does not restrict a plaintiff to asserting only its own rights" and denying associational standing to bring § 1983 claims "would be contrary to a number of cases" recognizing "associational standing in § 1983 suits." *Playboy Enters. Inc. v. Pub. Serv. Comm'n of P.R.*, 906 F.2d 25, 32 n.9 (1st Cir. 1990); *see also Constr. Materials Recycling Ass'n Issues & Educ. Fund, Inc. v. Burack*, No. 08-CV-376-JD, 2009 WL 205054, at *7 (D.N.H. Jan. 27, 2009) ("CMRAIEF, therefore, has standing to maintain its suit under § 1983 on behalf of its members."). Except for the Second Circuit, the other circuits to consider the matter uniformly agree. *See Coal. on Homelessness v. City & Cnty. of S.F.*, 758 F. Supp. 3d 1102, 1124–25 (N.D. Cal. 2024) (collecting cases).

The Secretary also relies on *Rodriguez-Oquendo v. Toledo-Davila*, 39 F. Supp. 2d 127, 131 (D.P.R. 1999), but that district court case did not involve associational standing at all. There, the court considered only whether an *individual* had standing to recover damages for injuries suffered by a relative. *Id*. The court held that the plaintiff did not identify an interest in the "violation of a kin's civil rights" and thus lacked a cognizable injury to sue for damages under § 1983. *Id.* at 132. It did not consider associational or third-party standing doctrines, much less hold that associations cannot assert § 1983 claims. *Id.* The Court should reject the Secretary's new invitation to follow the Second Circuit's outlier approach to associational standing for § 1983 claims, and instead follow binding First Circuit precedent.

Finally, the Secretary persists in arguing that HB 1569 will not require previously

registered voters to prove their citizenship when they move and register in a new municipality. Reply at 5 & n.4. But the Secretary's own guidance to municipal election officials contradicts that argument. *See* Ex. 1. That guidance recognizes that some municipal officials "often have difficulty with wireless connectivity at [their] polling place" and are therefore unable to access the state voter registration system and "unable to establish whether someone was previously registered in New Hampshire." *Id.* at 10. In such situations, the Secretary's guidance explains, "[i]f you do not have access to the statewide voter registration system and have no way of verifying the voter's registration status, *the voter will need to provide you with proof of citizenship*." *Id.* (emphasis added). This admission by the Secretary confirms Youth Movement's allegation in its Complaint that, "when a voter moves . . . within the state, election officials often do not or cannot confirm a voter's prior registration, forcing the voter to prove their citizenship again." Am. Compl. ¶ 55, ECF No. 50. And because a voter cannot know whether this issue will arise, they will necessarily need to retrieve and bring with them proof of citizenship any time they are registering in a new municipality.

## CONCLUSION

The Court should deny the Secretary's Motion to Dismiss.

| | |
|---|---|
| Dated: May 21, 2025 | Respectfully submitted, |
| | /s/   *Steven J. Dutton* |
| | Steven J. Dutton, NH Bar No. 17101<br>Connor W. Harding, NH Bar No. 276438<br>**McLANE MIDDLETON, P.A.**<br>900 Elm Street Manchester,<br>New Hampshire 03101<br>Telephone: (603) 628-1377<br>steven.dutton@mclane.com<br>connor.harding@mclane.com |

David R. Fox*
Marcos Mocine-McQueen*
Mark R. Haidar*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
dfox@elias.law
mmcqueen@elias.law
mhaidar@elias.law

Tyler L. Bishop*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
(206) 656-0177
tbishop@elias.law

*Counsel for Plaintiff*

*\* Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 21st day of May 2025 on all parties of record via the Court's electronic filing system.

Dated: May 21, 2025                               /s/  Steven J. Dutton

- 4 -