NEW HAMPSHIRE YOUTH MOVEMENT,

    *Plaintiff*,

    v.

DAVID M. SCANLAN, in his official capacity
as New Hampshire Secretary of State,

    *Defendant*.

Case No. 1:24-cv-00291-SE-TSM

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), plaintiff, New Hampshire Youth Movement ("Plaintiff" or "Youth Movement"), and defendant, David M. Scanlan, in his official capacity as Secretary of State of the State of New Hampshire (each a "Party"; collectively the "Parties"), hereby stipulate to and the court hereby enters this Protective Order (the "Protective Order"), which shall govern the handling of documents, electronically stored information, depositions, testimony, pleadings, exhibits, and all other information exchanged by the Parties in this action, or provided by or obtained from non-parties in this action. Unless modified by court order, the Protective Order shall remain in effect through the conclusion of this litigation.

1.    Purpose. This Protective Order is the product of negotiations between the parties to balance the plaintiffs' interests in obtaining discoverable information, New Hampshire law's prohibition against production of New Hampshire's Statewide Voter Registration Database ("Database"), and the parties' mutual need for prompt resolution to discovery disputes. The Court has ordered the production of the Database and all documents concerning the use of the statewide voter database, including instruction manuals or other

guides concerning the data fields contained in the database and their correct interpretation in *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM) ("*Open Democracy*"). *See Open Democracy*: May 20, 2025, Endorsed Order (the "Order"); *see also* Mot. to Compel, ECF No. 60; ECF No. 75 at 12. In this lawsuit, the Court denied Youth Movement's Motion to Compel as moot because the Court granted *Open Democracy*'s Motion to Compel and the *Open Democracy* protective order contemplated disclosure of Confidential and Highly Confidential Information to Youth Movement. *See* July 2, 2025, Endorsed Order. The parties reserve their rights with respect to the demand for and the production of the Database and the information maintained therein, as described in para. 2 below.

2.     Preservation of Rights With Respect to Database Information.   The Court granted *Open Democracy*'s Motion to Compel production of the Database over the defendants' objections, including the defendants' objection to plaintiffs' standing. Defendant Scanlan has similarly objected to Youth Movement's standing in this lawsuit. The parties request this Protective Order to ensure that sufficient safeguards are in place for compelled transfer of the Database or negotiated transfer of the information maintained therein, and to facilitate either transfer. The defendant preserves his objections to disclosure of the Database and the information maintained therein to either the *Open Democracy* plaintiffs or Youth Movement, and reserves his right to appeal that Order, or to object to any disclosure or use of the Database or its information beyond the scope of the *Open Democracy* plaintiffs' Motion to Compel or this Court's Endorsed Order.  The plaintiff neither stipulates nor agrees that the defendant is entitled to any such reservation of rights.  By requesting this Protective Order, the defendant does not waive his right to raise RSA 654:45's prohibition against disclosure of the Database or the information maintained therein, in any future litigation brought in state or federal court,

whether through discovery or otherwise.

3.      <u>Schedule A.</u>  Schedule A to this Protective Order, attached hereto and incorporated herein by reference, is an integral part of this Order and substantively identical to Schedule A of the *Open Democracy* Protective Order. All terms, conditions, and provisions set forth in Schedule A shall have the same force and effect as if fully set forth within the body of this Order and shall be enforceable accordingly.

4.      <u>Definitions.</u>  As used in this Protective Order:

A.      "Discovery and Trial Material" shall mean all documents, testimony, transcripts, pleadings, exhibits and all other material or information subject to discovery in this action, including initial disclosures, responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken in this action, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial or thereafter, and furnished, directly or indirectly, by or on behalf of any Party or third party in connection with this action.  This term shall also mean documents produced by any office or agency of the State of New Hampshire and all responses to subpoenas *duces tecum*.

B.      "Protected Material" shall mean all Discovery and Trial Material that is designated as "Confidential Information" or "Highly Confidential Information" under the provisions of this Protective Order.

C.      "Producing Party" shall mean any Party to this action as well as any third party who produces Protected Material, and a "Receiving Party" shall refer to any Party who receives Protected Material.

D.      "Confidential Information" shall mean Discovery and Trial Material which the Producing Party reasonably believes is protected from disclosure by statute or that should be

protected from disclosure as confidential personal information. "Confidential Information" shall be marked by the Producing Party with the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." "Confidential Information" does not include "Highly Confidential Information" as defined in this Protective Order or "Anonymized Data" as defined in this Protective Order.

      E.      "Highly Confidential Information" shall refer to Discovery and Trial Material that was the subject of the Court's *Open Democracy* May 20, 2025 Endorsed Order and May 27, 2025 Memorandum Order (ECF No. 76) granting the *Open Democracy* plaintiffs' motion to compel the Defendants to produce a copy of the New Hampshire statewide voter database and documents concerning the use of the statewide voter database. *See Open Democracy*: May 20, 2025, Endorsed Order; *see also* Mot. to Compel, ECF No. 60; ECF No. 75 at 12, and which Defendants designate as "Highly Confidential Information" based on a reasonable belief that heightened confidentiality is appropriate. Plaintiffs agreed to "enter into a reasonable protective order" governing the use of such compelled Discovery and Trial Material. *See* Mot. to Compel at 7. Highly Confidential Information includes the Statewide Voter Registration System in its current or prior forms, the data maintained therein and any copies thereof, and any system user guides, data dictionaries, user manuals or instructions, but does not include information obtained or otherwise collected from the Database that otherwise would be public information (including information and data publicly available on the voter checklist pursuant to N.H. Rev. Stat. Ann. §§ 654:25 and 654:31, III) if obtained from another source. "Highly Confidential Information" shall be marked by the Producing Party with the legend "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEYS, EXPERTS & AUTHORIZED EYES ONLY." "Highly Confidential Information" does not include

"Anonymized Data" as defined in this Protective Order or "Confidential Information" as defined in this Protective Order, nor does it include information previously produced by Defendants.

F.    "Anonymized Data" means aggregate summaries, compilations, charts, tables, or analyses of Database Information that do not disclose the personally identifiable information of any voter or otherwise contain data that would allow the public to infer the identity of any specific voter from the specific data being released.

G.    "Security Breach" means the unauthorized entry into a computer, network, or any other similar device or system on which the Database Information is or was opened, reviewed, or accessed; the unauthorized acquisition of Database Information from a computer, network, or any other similar device or system on which the Database Information is or was opened, reviewed, or accessed; and the disclosure of any Database Information to any person not authorized to receive such information under the terms of this Protective Order, regardless of whether the disclosure was accidental, inadvertent, or intentional.

5.    <u>Designation of Protected Materials</u>.

A.    Any Producing Party may designate Discovery and Trial Material as Confidential Information or Highly Confidential Information, as applicable, if such Party believes in good faith that such Discovery and Trial Material contains Confidential Information or Highly Confidential Information as defined in this Protective Order. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Designations made pursuant to this Protective Order do not mean that the Protected Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order.

B.    Any document that contains Confidential Information or Highly Confidential

Information should be so designated by the Producing Party at the time of disclosure by placing or affixing the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEYS, EXPERTS & AUTHORIZED EYES ONLY," as applicable, on each page of the document in a manner that will not interfere with the legibility of the document. The electronic file name of each document containing Confidential Information or Highly Confidential Information produced in native format shall contain the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable. Deleting or otherwise altering that phrase in the electronic file name of such a document shall be a violation of this Protective Order.

C.     Any Producing Party may designate deposition testimony as Confidential Information or Highly Confidential Information under the terms of this Protective Order by (i) stating that designation on the record during the deposition or (ii) notifying the other Parties in writing of the portions of the testimony to be so designated within ten (10) days of receipt of the official transcript. Such designation shall pertain only to those portions of testimony specifically designated as Protected Material. Any portions of deposition testimony designated as Protected Material, either on the record during the deposition or by notice to the Parties after receipt of the transcript, shall remain Protected Material until designated otherwise by waiver, agreement, or order of the Court.

D.     The Parties shall make a good faith effort to designate Discovery and Trial Material properly and with the appropriate confidentiality designation at the time of production. However, inadvertent or unintentional disclosure by any Party of Discovery and Trial Material without any, or the appropriate, confidentiality designation, or Discovery and Trial Material protected by any applicable privilege or immunity, regardless of whether the Discovery and

Trial Material was designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Party's claim of confidentiality or privilege, either as to a specific document or information contained therein, and the Parties shall, upon written notice of such inadvertent or unintentional disclosure, thereafter designate and treat such Discovery and Trial Material according to the correct designation and classification. A Receiving Party shall then make a good faith effort to locate and mark appropriately any Discovery and Trial Material upon receipt of such written notice. Nothing contained within this paragraph prevents a Party from challenging such a designation of documents or information pursuant to the procedures contained in this Protective Order.

E.      If a Receiving Party believes that any information or document has been improperly designated as Protected Material, counsel for that Receiving Party shall inform the Producing Party in writing requesting withdrawal of such designation, and providing the basis for the challenge. Documents designated as Protected Materials shall remain Protected Materials subject to the protections of this Protective Order until designated otherwise by waiver, agreement, or order of the Court. If the Parties cannot agree as to the designation of Discovery and Trial Material after conferring in a good faith effort to resolve the Receiving Party's objection by agreement, the Receiving Party may apply to this court for a determination of the issue following the expiration of thirty (30) days from the date on which the Receiving Party informed the Producing Party of its objection to the initial designation. Nevertheless, the Party asserting the confidentiality bears the burden of proving the Discovery and Trial Material constitutes Protected Material consistent with the definitions set forth in this Protective Order.

6.      <u>Use and Disclosure of Protected Material</u>

A.      Protected Material shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons except as provided for in this Protective Order. Protected Material

shall only be used for the purposes of preparation, trial, and appeal of this action. The Parties and all other individuals permitted to view Protected Material under the terms of this Protective Order shall be informed of the restrictions of this Protective Order before any Protected Material is disclosed to them.

B.     Confidential Information and any information therein shall be disclosed only to the following persons:

1.     Counsel of record in this action for any Party;

2.     Individual plaintiffs, officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation as determined by the counsel of record;

3.     Court reporters and recorders engaged for depositions;

4.     Vendors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

5.     Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action;

6.     Counsel of record and their experts in *Coalition for Open Democracy, et al. v. Scanlan, et al.*, 1:24-cv-00312-SE-TSM, and their consultants, investigators, experts, and vendors, but only if they agree to be bound by the terms of this Order;

7.     The court and court personnel; and

8.     Any other person with the prior written consent of the Producing Party.

The persons identified in ¶ 6.B(2), (4), (5), (6), and (8) must complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound (the "Certification"), before any Confidential Information is released to them.

      C.      Highly Confidential Information and any information contained therein shall be disclosed only to the following persons:

      1.      Counsel of Record and employees of Counsel of Record in this action for any Party;

      2.      Consultants, investigators, vendors or Experts (and their employees or assistants) employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action;

      3.      Counsel of record and their experts in *Coalition for Open Democracy, et al. v. Scanlan, et al.*, 1:24-cv-00312-SE-TSM, and their consultants, investigators, experts, and vendors, but only if they agree to be bound by the terms of this Order;

      4.      Any other person with the prior written consent of the Producing Party; and

      5.      The court and court personnel when viewing Highly Confidential Information filed under seal as contemplated by this Protective Order.

The persons identified in ¶ 6.C(2), (3), and (4) must complete the Certification before any Highly Confidential Information is released to them. Any person receiving Highly Confidential Information must also receive a copy of N.H. Rev. Stat. Ann. § 654:31, and shall be specifically informed of the provisions of N.H. Rev. Stat. Ann. § 654:31, VI, which states in relevant part: "No person shall use or permit the use of checklist or voter information provided by any supervisors of the checklist or city or town clerk or by the secretary of state for commercial

purposes. Whoever knowingly violates any of the provisions of this section shall be guilty of a misdemeanor if a natural person or guilty of a felony if any other person."

D.      Counsel for the Parties and all who gain access to information pursuant and subject to this Protective Order shall make every reasonable effort to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Protective Order. Counsel shall maintain the originals of the Certification signed by persons acknowledging their obligations under this Protective Order for a period of six years from the date of signing.

E.      The foregoing restrictions on access and disclosure of Confidential Information and Highly Confidential Information notwithstanding, counsel for the parties may disclose information pertaining to an individual's personal voting record and data to that individual upon verifying the identity of the individual receiving the disclosure. If a person authorized under this Order discloses such information, the person shall document in writing the information disclosed and the means of confirming the individual's identity (e.g., verbally, via a driver's license or government-issued ID, etc.). Nothing in this paragraph shall be construed as requiring counsel to verify a person's identity with documentation. Counsel's documentation of disclosures to an individual is not itself protected from disclosure by any privilege or doctrine, and the documentation will be discoverable upon request in this litigation.

F.      In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as Protected Material under this Order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with LR 83.12 for filing the confidential document under seal. In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as Protected Material under this Protective order, the filing party shall first consult with the non-filing party to

determine whether the non- filing party consents to filing the document in whole or in part on the public docket. If the parties are unable to reach an agreement, or any time a filing party seeks to file Highly Confidential Material, the filing party shall prepare two versions of the filings, a public and a confidential version. The public version shall contain a redaction of references to Protected Material or Highly Confidential Material and shall be filed with the court. The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal pursuant to LR 83.12 indicating that the non-filing party seeks to maintain the confidentiality of the redacted material. The party seeking to maintain the confidential status shall file a motion to seal in accordance with Local Rule 83.12(c) within three (3) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing. Highly Confidential Material cannot be filed in this or any other action without a request that it remain permanently sealed. Highly Confidential Material cannot be otherwise disclosed to any person not authorized to receive such information under the terms of this Protective Order.

G.     A Party who intends to present Protected Material or information contained therein at any hearing or at trial shall notify the Producing Party of its intent to present that Protected Material and submit a pre-hearing or pre-trial memorandum to the court summarizing the information contained in the Protected Material that the Party intends to present in court. That pre- hearing or pre-trial memorandum shall not quote or otherwise contain Protected Material but may summarize the issue contained therein that the Party intends to present at a hearing or trial. The court may thereafter make such orders as are necessary to govern the use and protection of such Protected Material at a hearing or trial.

H.     Any court reporter or transcriber, other than an employee of the court, who reports or transcribes testimony in this action shall keep all information designated as such under this order confidential and shall not disclose it except pursuant to the terms of this order. Any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

I.     All copies, electronic images, duplicates, extracts, summaries or descriptions of Protected Material, or any individual portion of such a document, shall be affixed with the appropriate confidentiality legend if that legend does not already appear on each page of the copy. All marked copies shall be subject to this Protective Order. The term "copies" shall not include indices, electronic indices, or lists of documents, provided these indices, electronic indices, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

J.     When electronic files or documents subject to this Protective Order are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant authorized to receive Protected Material, the Party printing the electronic files or documents shall ensure that the legend identifying the confidentiality designation applied to that document by the Producing Party is visible and evident on each page of the printed document. No one shall seek to use in this litigation Protected Material in .tiff, .pdf or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld. No one shall seek

to use in this litigation a printed form of a Protected Material that was produced in native Excel file format without first (1) providing a copy of the printed version of the Excel file to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

K.      This Protective Order does not affect or alter a Producing Party's rights to refuse to disclose information otherwise beyond the scope of discovery, including, without limitation, information protected by the attorney-client privilege or the attorney work-product doctrine.

L.      Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

7.      <u>Special Considerations for Highly Confidential Information</u>

A.      All use of Highly Confidential Information shall be restricted and may only be opened, reviewed, or otherwise accessed on standalone computers that are "air gapped," meaning that the device is in no way connected to the internet, any networks (including Wi-Fi networks), or Bluetooth.  The standalone computer must be disconnected from the internet or any networks (including Wi-Fi networks or Bluetooth) prior to opening, reviewing, or otherwise accessing the Database Information on that computer and must remain disconnected from the internet or any networks (including Wi-Fi networks or Bluetooth) so long as Database Information is present on or otherwise accessed on the standalone computer.

B.      There shall be no more than two electronic copies of Highly Confidential Information; that number may be increased only by the prior written consent of the defendant. Each copy of the Highly Confidential Information must be encrypted. The electronic file name of each copy of Highly Confidential Information or any electronic file containing excerpts of Highly Confidential Information shall contain the phrase "HIGHLY CONFIDENTIAL."

Deleting or otherwise altering that phrase in the electronic file name of such a copy shall be a violation of this Protective Order. Each the person possessing a copy of the Highly Confidential Information must track the following information: (1) the name of the person authorized to access Highly Confidential Information under the terms of this Protective Order, (2) the date on which that person received the Highly Confidential Information, (3) the date on which that person transferred the Highly Confidential Information to any other person authorized to access Highly Confidential Information under the terms of this Protective Order, and (4) the date on which the copy was returned to the defendants or destroyed in accordance with this Protective Order. Upon the destruction or return of any Highly Confidential Information, each Tracking Log shall be returned through counsel to the New Hampshire Attorney General's Office.

C.     Every movable device, including, without limitation, CPUs, laptops, and hard drives, on which Highly Confidential Information is viewed, opened, or otherwise accessed shall itself be encrypted, and, if such a device is capable of connecting to the internet, the device shall be air gapped. Nothing in this section shall restrict the number of such devices on which a person authorized to access Highly Confidential Information can store Highly Confidential Information provided that the number of electronic copies of Highly Confidential Information complies with the limits in § 7.B. Under no circumstance shall Highly Confidential Information be transmitted via electronic mail or dropbox method of delivery over the internet or an intranet.

D.     Persons authorized by this Protective Order to receive Highly Confidential Information shall not use Database Information for any purpose other than this litigation. Database Information may not be used or cited for academic research papers or otherwise

disclosed in any manner to the public.

E.      Each recipient of Highly Confidential Information is required to provide immediate written notice to the Court, the New Hampshire Attorney General's Office, and the New Hampshire Secretary of State's Office in the event that any device holding or connected to Highly Confidential Information is the subject of an actual or suspected Security Breach. Each person in possession of Highly Confidential Information shall exhaust all possible efforts to retrieve the Highly Confidential Information, to ensure the Highly Confidential Information has not been copied or otherwise duplicated in any manner, and to report in writing to the Secretary of State's Office all of the efforts and steps taken to recover that information. Each person in possession of Highly Confidential Information shall cooperate with any investigation by the defendants into an actual or suspected Security Breach and any reasonable additional efforts taken by the defendants to recover the Highly Confidential Information. The Secretary of State's Office shall subsequently provide timely written notice to every person whose private data was or may have been disclosed or compromised. The notice to individual voters whose data may have been disclosed or compromised shall, at a minimum, include (a) a description of the incident in general terms, (b) the approximate date of the Security Breach, (c) the type of personal information compromised as a result of the Security Breach, and (d) the telephonic contact information of the law firm, individual expert, or person or entity who had possession of the information that was the subject of the Security Breach.  If the Security Breach involves information on more than 1,000 voters, the responsible law firm, person, or entity shall also notify, without unreasonable delay, all consumer reporting agencies that compile and maintain files on consumers on a nationwide basis, as defined by 15 U.S.C. § 1681(p), of the anticipated date of the notification to voters, the approximate number of voters

15

who will be notified, and the content of the notice. The plaintiffs shall bear all reasonable fees, costs, and expenses as determined by the Court associated with the Secretary of State's notification of any person whose identity and personally identifiable information has been the subject of a Security Breach of plaintiffs' or plaintiffs' agents' computers or systems of Confidential Information or Highly Confidential Information.

8.      Obligations on Conclusion of Litigation.

A.      Unless otherwise agreed or ordered, the terms of this Protective Order shall remain in force as an agreement between the Parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Protective Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

B.      Within thirty days after dismissal or entry of final judgment not subject to further appeal or any other order or action terminating the case, the Receiving Party shall return to the Producing Party any Confidential Information, including copies, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so. Counsel of record may retain Confidential Information which is in the good faith judgment of counsel attorney work product, including an index which refers or relates to Confidential Information, as long as that work product does not duplicate verbatim substantial portions of the text or images of information bearing that designation. The terms of this Protective Order shall continue to be binding to such work product after the conclusion of the case.

C.      Within fifteen days after dismissal or entry of final judgment not subject to

further appeal or any other order or action terminating the case, any person possessing Highly Confidential Information shall either return to the Secretary of State's Office or destroy all documents designated as Highly Confidential Information and any logs or copies of logs containing Database Information. Each person possessing Highly Confidential Information must certify within fifteen days of termination of the case that such data or information has been returned or destroyed and that no copies of the data or information have been retained or otherwise disclosed. This certification must be in writing, signed under oath, and delivered through counsel to the Secretary of State's Office. Under no circumstances may counsel of record retain any document or copies of any document containing Highly Confidential Information.

9.      Order Subject to Modification.

This Protective Order shall be subject to modification by the court only on its own motion or on motion of a Party or any other person with standing concerning the subject matter and only after a good faith attempt to meet and confer with respect to such modification.

10.      No Prior Judicial Determination.

This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated Protected Material or Highly Confidential Material by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

11.      Court Not Bound By Parties' Designation.

Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

12.     Persons Bound.

This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Protective Order by its terms.

13.     Prior Protective Order (ECF No. 69).

The first Protective Order entered in this case (ECF No. 69) remains in full force and effect as to all exchanges of documents and information prior to the Court's entry of this second Protective Order.

So Ordered,

_____
Samantha D. Elliott
United States District Judge

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE**

NEW HAMPSHIRE YOUTH MOVEMENT,

    *Plaintiff*,

    v.

DAVID M. SCANLAN, in his official capacity
as New Hampshire Secretary of State,

    *Defendant*.

Case No. 1:24-cv-00291-SE-TSM

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned case and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Local Rules of this District in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use Discovery and Trial Materials designated "CONFIDENTIAL - PROTECTED" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – ATTORNEYS, EXPERTS & AUTHORIZED EYES ONLY" in accordance with the Protective Order solely for the purposes of the above-captioned case, and not to disclose any such documents or information contained therein to any other person, firm, or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or for other relief under the Protective Order agreement and may expose the undersigned to criminal prosecution under N.H. Rev. Stat. Ann. § 654:45, VI or other civil liability.

By: _____

Print Name:

Date: