## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW HAMPSHIRE

NEW HAMPSHIRE YOUTH MOVEMENT,
*et al.*

     *Plaintiffs*,

     v.

DAVID M. SCANLAN, in his official capacity
as New Hampshire Secretary of State, *et al.*,

     *Defendants*.

Consolidated Cases
Case No. 1:24-cv-00291-SE-TSM

## ANSWER & DEFENSES

NOW COMES David M. Scanlan, defendant in his official capacity as New Hampshire Secretary of State, by and through counsel, the Office of the Attorney General, and answer the First Amended Complaint for Declaratory & Injunctive Relief (ECF No. 50) filed by Plaintiff New Hampshire Youth Movement, and states as follows:

## ANSWER

### Nature of the Case

1.     Paragraph 1 states Plaintiff's characterization of its Amended Complaint and its legal arguments and conclusions of law, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. Defendant responds further that para. 1 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend this answer if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

2.     Admitted in part and denied in part. Defendant admits that HB 1569 went into effect six days after the 2024 general election. Defendant denies the allegations in the balance of

the paragraph. Defendant responds further that para. 2 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

3.      The first, third, and fifth sentences of para. 3, they state Plaintiff's characterization of its Amended Complaint, its legal arguments, and its conclusions of law, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. Regarding the second sentence, Defendant lacks knowledge or information to form a belief as to whether Governor Sununu spoke the words attributed to him, nor does Defendant understand the context of the words purportedly spoken by Governor Sununu, so Defendant must deny the allegations. Regarding the fourth sentence, Defendant denies the quotes attributed to him because the selective words and phrases have been taken out of context and they are alleged without a citation that could afford Defendant context. Defendant responds further that para. 3 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

4.      Paragraph 4 does not contain a short or plain statement of the claim, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. Defendant denies the first sentence of para. 4. Regarding the second sentence, Defendant denies its main independent clause and its prepositional phrase about "the affidavit option." Defendant lacks knowledge or information to form a belief regarding the participial phrase about Youth Movement's members, so Defendant must deny the allegation. Defendant lacks knowledge or information to form a belief regarding

the relative clause modifying Youth Movement's members, so Defendant must deny the allegation. Lastly, Defendant lacks knowledge or information to form a belief regarding the nested relative clause speculating about HB 1569's requirements, so Defendant must deny the allegation. Defendant denies the third sentence. Defendant responds further that para. 4 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

5. Paragraph 5 states Plaintiff's characterizations or conclusions of law, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. Defendant answers further that state and federal law imposed and continue to impose penalties on individuals who fraudulently register to vote or cast ballots, but Defendant lacks knowledge or information to form a belief regarding whether any individual has subjectively felt deterred by any law from fraudulent voting, so Defendant must deny the allegations. Defendant responds further that para. 5 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

6. Paragraph 6 states Plaintiff's characterizations of its legal arguments and its characterization of facts without specifically asserting facts to which Defendant can respond, so no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. Defendant answers further that if there are factual allegations in para. 6, they lack citations or supporting documentation so Defendant lacks knowledge or information to

form a belief regarding their accuracy, so Defendant must deny the allegations. Defendant responds further that para. 6 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

7.    Paragraph 7's first sentence and its citations state Plaintiff's characterization of its Amended Complaint and its legal arguments and conclusions of law, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. The last sentence states Plaintiff's characterization of a court decision and Plaintiff's legal conclusion, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations.

8.    The first sentence of para. 8 states Plaintiff's characterization of its Amended Complaint and its legal arguments and conclusions of law, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. On information and belief, Defendant admits that Plaintiff is seeking declaratory judgment and equitable relief in this action. Defendant answers further that New Hampshire's proof of citizenship requirement for registering voters is constitutional.

## Jurisdiction & Venue

9.    Paragraph 9 states Plaintiff's characterization of its Amended Complaint and a legal conclusion, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations.

10.    Admitted in part and denied in part. Defendant admits that this Court has subject matter jurisdiction to hear cases and controversies arising under the Constitution, laws, or treaties

of the United States.  Defendant denies that this Court has subject matter jurisdiction to adjudicate the merits of this case because Plaintiff does not have standing.

11.     Admitted.

12.     Admitted.

13.     Admitted in part and denied in part.  Defendant admits that this Court has the authority to award declaratory judgment and injunctive relief in certain cases and controversies. Defendant denies that declaratory judgment or injunctive relief should be awarded to Plaintiff in this lawsuit.

## Parties

14.     Defendant lacks knowledge or information to form a belief regarding the nature, extent, or activities of Youth Movement or its business, so Defendant must deny the allegations. Defendant responds further that para. 14 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend this answer if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

15.     Defendant lacks knowledge or information to form a belief regarding Youth Movement's organizational structure or membership, so Defendant must deny the allegations. Defendant responds further that para. 15 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend this answer if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

16.     Defendant lacks knowledge or information to form a belief regarding the nature, extent, or activities of Youth Movement or its business, so Defendant must deny the allegations.

17.     Defendant lacks knowledge or information to form a belief regarding the nature, extent, activities, or location of Youth Movement or its business, so Defendant must deny the allegations.  Defendant responds further that para. 17 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend this answer if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

18.     Paragraph 18 states Plaintiff's characterization of its legal arguments and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendant denies the allegations.  Embedded in para. 18's legal arguments and conclusions of law are factual allegations of which Defendant lacks knowledge or information to form a belief regarding the nature, extent, or activities of Youth Movement or its business, so Defendant must deny the allegations.  Defendant answers further that HB 1569 does not regulate Youth Movement or any other nonprofit organization's activities.  Defendant responds further that para. 18 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

19.     Admitted in part and denied in part.  Defendant admits that Youth Movement purports to proceed on behalf of its members.  Defendant denies that "young, low-income, and other marginalized people" are "less likely" to have birth certificates, passports, naturalization papers, or other reasonable documentation of their citizenship.  Defendant lacks knowledge or information to form a belief regarding Youth Movement's members or its purported constituents, so Defendant must deny the allegations.  Defendant responds further that para. 19 is not limited

to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

20.    Defendant lacks knowledge or information to form a belief regarding Ms. Montagano's current age, citizenship, domicile, education status, or her Youth Movement-related activities, so Defendant must deny the allegations.

21.    Admitted in part and denied in part.  On information and belief, Defendant admits that Ms. Montagano executed a qualified voter affidavit when she registered to vote.  Defendant lacks knowledge or information to form a belief regarding Ms. Montagano's personal situation or experiences, her understanding of New Hampshire law, her future intent, or the other allegations in para. 21, so Defendant must deny the allegations.  Defendant responds further that para. 21 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

22.    Defendant lacks knowledge or information to form a belief regarding Ms. Sumner's current age, citizenship, domicile, education status, advocacy, or her Youth Movement-related activities, so Defendant must deny the allegations.

23.    On information and belief, Defendant denies that Ms. Sumner "was nearly disenfranchised entirely" in March 2025.  ECF No. 50, ¶ 23.  Defendant lacks knowledge or information to form a belief regarding Ms. Sumner's personal situation or experiences, her understanding of New Hampshire law, her future intent, or the other allegations in para. 23, so

Defendant must deny the allegations. Defendant responds further that para. 23 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend this answer if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

24. On information and belief, Defendant denies that Ms. Barry executed a qualified voter affidavit to prove her citizenship upon registering to vote. Defendant lacks knowledge or information to form a belief regarding Ms. Barry's current age, citizenship, domicile, education status, or his Youth Movement-related activities, so Defendant must deny the allegations. Defendant also lacks knowledge or information to form a belief regarding Ms. Barry's personal situation or experiences, her understanding of New Hampshire law, her future intent, or the other allegations in para. 24, so Defendant must deny the allegations. Defendant responds further that para. 24 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

25. On information and belief, Defendant denies that Mr. Wyman executed a qualified voter affidavit to prove his citizenship upon registering to vote. Defendant lacks knowledge or information to form a belief regarding Mr. Wyman's current age, citizenship, domicile, education status, or his Youth Movement status, so Defendant must deny the allegations. Defendant also lacks knowledge or information to form a belief regarding Mr. Wyman's personal situation or experiences, his understanding of New Hampshire law, his future intent, or the other allegations in para. 25, so Defendant must deny the allegations. Defendant responds further that para. 25 is not limited to a single set of circumstances as required by

Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

26.     Admitted in part and denied in part.  Defendant lacks knowledge or information to form a belief regarding Mr. Musick's age, citizenship, domicile, education status, or his Youth Movement-related activities, so Defendant must deny the allegations.  Defendant also lacks knowledge or information to form a belief regarding Mr. Musick's future intentions or the reasonable documentation of his citizenship to which he has possession, custody, or control, so Defendant must deny the allegations.  Defendant admits that if Mr. Musick chooses to register to vote, he will be required to satisfy New Hampshire state law requirements for voter registration, but Defendant denies the balance of the allegations in this paragraph.  Defendant responds further that para. 26 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

27.     Paragraph 27 does not contain a short or plain statement of the claim, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Defendant lacks knowledge or information to form a belief regarding the experiences of Ms. Montagano, Ms. Barry, or Mr. Musick, so Defendant must deny the allegations.  Defendant also denies that the experiences of three people and their subjective beliefs or understanding of New Hampshire law can be extrapolated to "confirm that individual Youth Movement members are injured by the elimination of the qualified voter affidavit."  Defendant denies that retrieving a passport or birth certificate is a burden or that it is more difficult for younger voters than older voters to access a

9

passport or birth certificate. Defendant lacks knowledge or information to form a belief regarding whether younger voters keep sensitive and important documents in a place other than where they live, so Defendant must deny the allegation. Defendant responds further that para. 27 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

      28.    Admitted in part and denied in part. Regarding the first two sentences, Defendant admits that the Secretary of State is the chief elections officer for New Hampshire, and answers further that his duties include administering some New Hampshire election laws and providing guidance to local election officials who administer other parts of New Hampshire election laws within their local polling places, but otherwise denies Plaintiff's summation and characterization of New Hampshire law in the second sentence. Defendant admits the allegation in the third sentence, but only if it is meant to allege that New Hampshire law states that the "secretary of state, with the advice and approval of the attorney general, shall prepare or cause to be prepared preceding each state general election an up-to-date manual on the New Hampshire election laws and procedures for conducting elections." RSA 652:22. Regarding the fourth sentence, Defendant admits that RSA 652:27, III(b) states that the "secretary of state shall prescribe the form of the voter registration form to be used for voter registrations, transfers, or updates," but denies the balance of the sentence if it is meant to suggest that Defendant's instructions or guidance may diverge from the registration form substantially required by RSA 652:27, III(b) or other New Hampshire voter registration requirements. Regarding the fifth sentence, Defendant admits that RSA 652:27, IV states that the "secretary of state shall prepare at least once each

calendar year a regularly updated set of instructions and best use practices for the use of electronic poll books in state elections based on reports from the city and town clerks, evaluation vendors, and electronic poll book system providers." Defendant admits the allegation in the sixth sentence, but only if it is meant to allege that New Hampshire law states that "[e]very town and city clerk shall prominently display a notice prepared by the secretary of state explaining the photo identification requirements for voters and directing voters to the department of state's website for additional information. Such notice shall be displayed for at least 14 days prior to each election held after the effective date of this section." RSA 652:25. Defendant responds further that para. 28 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves the right to amend these answers if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

## Statement of Facts & Law

29.    Defendant lacks knowledge or information to form a belief regarding the allegations in para. 29, so Defendant must deny the allegations.

30.    The first sentence of para. 30 states Plaintiff's characterization of statistics rather than a statement of fact, so no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. Defendant answers further that in-person and absentee voting are statistics speak for themselves and that they are reported by the Secretary of State. Defendant denies the allegations in para. 30 to the extent they allege statistics that are inconsistent with official state records.

31.    The first sentence of para. 31 states Plaintiff's characterization of statistics rather than a statement of fact, so no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. Defendant answers further that voter turnout is a

statistic that speaks for itself that is reported by the Secretary of State.  Defendant denies the allegations in para. 31 to the extent they allege statistics are inconsistent with official state records.

32.     The first sentence of para. 32 asserts or characterizes legislative intent or a conclusion of law, to which no response is required.  To the extent that a response may be deemed required, Defendant denies the allegations.  The second sentence states a conclusion of law to which no response is required.  To the extent that a response may be deemed required, Defendant denies the allegations.

33.     Admitted in part and denied in part.  Defendant admits that New Hampshire law affords eligible voters the opportunity to register to vote on election day.  RSA 654:7-a speaks for itself and the quote in para. 33 is incomplete and out of statutory context, so Defendant must deny the allegation.

34.     Admitted in part and denied in part.  Defendant admits that Chapter 654 governs voter eligibility and registration requirements.  The second sentence of para. 34 states a legal conclusion, to which no response is required.  To the extent that a response may be deemed required, Defendant denies the allegations.  Defendant answers further that RSA 654:7, I and other provisions of New Hampshire law establish voter eligibility requirements.

35.     Admitted in part and denied in part.  Defendant admits that New Hampshire law was amended in 2003 regarding election day voter registration and that New Hampshire election law has been amended several times since 2003.  The balance of Plaintiff's assertions in para. 35 state legal conclusions, to which no response is required.  To the extent that a response may be deemed required, Defendant denies the allegations.

36.    Admitted in part and denied in part.  Paragraph 36 states Plaintiff's legal arguments and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendant denies the allegations.  Defendant admits that SB 3 was challenged in court, but denies Plaintiff's characterization of SB 3, the SB 3 lawsuit, and the nature and substance of the court's final judgment.

37.    Admitted in part and denied in part.  Paragraph 37 states Plaintiff's characterization of New Hampshire law prior to HB 1569, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendant admits that HB 1569 repealed the qualified voter affidavit.

38.    Denied.

39.    Denied.  Defendant responds further that para. 39's citation sentences, citation clauses, and hypertext transfer protocols are presented out of context and do not support Plaintiff's allegation.

40.    Paragraph 40 states Plaintiff's characterization of statistics rather than a statement of fact, so no response is required.  To the extent that a response may be deemed required, Defendant denies the allegations.  Defendant answers further that qualified voter affidavit use is a statistic that speaks for itself that has been reported by the Secretary of State, so Defendant must deny the allegations to the extent that Plaintiff's statistics are inconsistent with, or merely summarize, official state records.

41.    Denied.

42.    Denied.  Defendant answers further that para. 42 does not accurately describe operative New Hampshire law, as it characterizes and summarizes RSA 654:12, I(a).  Effective September 30, 2025, operative New Hampshire law will state:

The supervisors of the checklist, or the town or city clerk, shall accept from the applicant any one of the following as proof of citizenship: the applicant's birth certificate, passport, naturalization papers if the applicant is a naturalized citizen, proof that the applicant was previously or is currently registered to vote in a different town or ward in New Hampshire, or any other reasonable documentation which indicates the applicant is a United States citizen.

RSA 654:12, I(a) (eff. Sept. 30, 2025).

43.    Denied.  Defendant responds further that para. 43 is incomplete and misleading because it does not address the legal standard that local officials must apply in determining that which is reasonable documentation of citizenship.

44.    Denied.

45.    Denied.  Defendant answers further that Plaintiff has selectively quoted the EPM and presents the quote out of context, so Defendant must deny the allegations.

46.    Denied.

47.    Denied.

48.    Denied.  Defendant answers further that every eligible voter has reasonable documentation of his or her citizenship because HB 1569 sets forth a flexible standard that depends on the context of each individual's circumstances.  Also, para. 48 does not accurately articulate New Hampshire law at the time of the Amended Complaint or the operative state law governing future elections.

49.    Defendant lacks knowledge or information to form a belief regarding speculative allegations of why some people may or may not have certain documents, so Defendant must deny the allegations in the first two sentences.  Defendant denies the allegations in the balance of the paragraph.

50.    Denied.  Defendant answers further that every eligible voter has reasonable documentation of his or her citizenship because HB 1569 sets forth a flexible standard that

depends on the context of each individual's circumstances.  Also, para. 50 does not accurately articulate New Hampshire law at the time of the Amended Complaint or the operative state law governing future elections.

51.    Defendant lacks knowledge or information to form a belief regarding para. 51's speculation regarding future voter registrations or what hypothetical registrants can or must do, so Defendant must deny the allegations.

52.    Denied.  Defendant answers further that he lacks knowledge or information to form a belief regarding that which Ms. Grages or Ms. Irving witnessed or experienced on March 11, 2025, so Defendant must deny the allegations.  Defendant responds further that para. 52 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves their right to amend this answer if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

53.    Denied.  Defendant answers further that he lacks knowledge or information to form a belief regarding the accuracy of the "press reports" to which Plaintiff refers but does not cite, or the circumstances of "two women" in Amherst, so Defendant must deny the allegations.  Also, para. 53 does not accurately articulate New Hampshire law as applied to the hypothetical assertions in the balance of the paragraph.  Defendant responds further that para. 53 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves their right to amend this answer if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

54.    Admitted in part and denied in part.  Defendant admits that if a person does not have a passport or naturalization papers, passports and naturalization papers cost money and the United States may not issue these documents instantaneously upon application, but denies that HB 1569 requires voters to pay for passports or naturalization papers.  Defendant also admits that if a person does not have a birth certificate, a birth certificate costs money and in some circumstances it may take time to get a certificate from a state agency, but denies that HB 1569 requires voters to pay for birth certificates.  Defendant denies the balance of the allegations and characterizations in para. 54.  Defendant answers further that para. 54 does not accurately articulate New Hampshire law, as HB 1569 does not require registrants to spend time, money, or any other resources to obtain passports, naturalization papers, or birth certificates prior to election day.  Defendant responds further that para. 54 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendant expressly reserves their right to amend this answer if he has misperceived the number or nature of the allegations contained in this paragraph that require responses.

55.    Denied.  Defendant answers further that para. 55 does not accurately articulate New Hampshire law.  Effective September 30, 2025, operative New Hampshire law will state:

> The supervisors of the checklist, or the town or city clerk, shall accept from the applicant any one of the following as proof of citizenship: the applicant's birth certificate, passport, naturalization papers if the applicant is a naturalized citizen, proof that the applicant was previously or is currently registered to vote in a different town or ward in New Hampshire, or any other reasonable documentation which indicates the applicant is a United States citizen.

RSA 654:12, I(a) (eff. Sept. 30, 2025).

56.    Denied.

57.    Denied.

58.    Denied.

59.    Admitted in part and denied in part.  Defendant admits that Rep. Robert Lynn introduced HB 1569.  Defendant denies that para. 59 accurately quotes Rep. Lynn because Plaintiffs take Rep. Lynn's statement out of context.  Defendant also denies the allegations in para. 59 as they state Plaintiff's characterization of Rep. Lynn's statement rather than factual allegations to which Defendants must answer.

60.    Denied.

61.    Admitted in part and denied in part.  Defendant admits that Sen. James Gray addressed HB 1569 on the floor of the Senate.  Defendant denies that para. 61 accurately quotes Sen. Gray because Plaintiff takes Sen. Gray's statement out of context.  Defendant also denies the allegations in para. 61 as they state Plaintiff's characterization of Sen. Gray's statement rather than factual allegations to which Defendant must answer.

62.    Admitted in part and denied in part.  Defendant admits that Sen. James Gray addressed HB 1569 on the floor of the Senate.  Defendant denies the allegations in para. 62 as they state Plaintiff's characterization of Sen. Gray's statement rather than factual allegations to which Defendant must answer.  Defendant denies the balance of the allegations in para. 62 and answers further that there have been multiple instances of fraudulent voting in New Hampshire.

63.    Denied.

64.    Admitted in part and denied in part.  Defendant admits that HB 1370 proposed proof-of-citizenship requirements.  Defendant denies that para. 64 accurately characterizes proponents' support for HB 1370, nor does it accurately quote Sen. Gray because Plaintiff takes Sen. Gray's statement out of context.  Defendant denies the balance of the allegations in para. 64.

65.    Paragraph 65 states Plaintiff's characterization of facts, to which no response is required.  To the extent that a response may be deemed required, Defendant denies the

17

allegations. Defendant answers further and admits that Secretary Scanlan addressed a committee on June 5, 2024 and that his statement in committee is available online. Defendant denies that para. 65 accurately quotes Secretary Scanlan because Plaintiff takes Secretary Scanlan's statement out of context.

66. Denied.

67. Denied.

68. Admitted in part and denied in part. Defendant denies the first sentence. On information and belief, Defendant admits that the Election Law Unit actively investigates voter fraud allegations and maintains a record of its investigations. Defendant denies the allegations in the balance of the paragraph because the right-to-know request was issued to the Attorney General and not Defendant, the Attorney General's records in response speak for themselves and do not require a response here, and Plaintiff's allegations are no longer accurate. On information and belief, the Election Law Unit has prosecuted and halted unlawful voting since that right-to-know request. Defendant believes that the Unit has uncovered fraudulent voting in multiple elections by one or more people who used a qualified voter affidavit to illegally gain access to and ultimately cast ballots.

69. Paragraph 69 states Plaintiff's conclusion of law, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations.

70. Admitted in part and denied in part. Paragraph 70 states Plaintiff's characterizations and conclusions of law, to which no response is required. To the extent that a response may be deemed required, Defendant denies the allegations. Defendant admits that para. 70 quotes RSA 654:12, I(a) prior to HB 1569.

71.    Admitted to the extent that voter fraud is a crime, but otherwise denied if Plaintiff asserts para. 71 for any other purpose or proposition.

72.    Admitted to the extent that voter fraud is a crime, but otherwise denied if Plaintiff asserts para. 72 for any other purpose or proposition.

73.    Admitted in part and denied in part.  Paragraph 73 states Plaintiff's characterizations and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendant denies the allegations.  Defendant admits that RSA 659:27 states that under certain conditions, a voter's qualifications may be challenged.

74.    Denied.  Defendant answers further that the quote is inaccurate because it is taken out of context.

75.    Denied.

### Claims for Relief

### Count I

76.    Defendant realleges and incorporates by reference his answers, responses, and allegations set forth in all prior paragraphs of this Answer, as though fully set forth herein.

77.    Paragraph 77 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

78.    Paragraph 78 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

79.    Paragraph 79 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations.

80.     Denied.

81.     Denied.

82.     Denied.

## **Plaintiffs' Prayer for Relief**

A.      Prayers for relief are not allegations of fact, nor are they claims against Defendant to which Defendant must answer.  Defendant responds further that New Hampshire's proof-of-citizenship requirement does not violate the First or Fourteenth Amendments to the United States Constitution.

B.      Prayers for relief are not allegations of fact, nor are they claims against Defendant to which Defendant must answer.  Defendant responds further that Plaintiff is not entitled to either preliminary or permanent injunctions prohibiting enforcement of HB 1569's proof-of-citizenship requirement.

C.      Prayers for relief are not allegations of fact, nor are they claims against Defendant to which Defendant must answer.  Defendant responds further that HB 1569's repeal of the QVA is not unconstitutional.

D.      Prayers for relief are not allegations of fact, nor are they claims against Defendant to which Defendant must answer.  Defendant responds further that Plaintiff is not entitled to equitable relief related to HB 1569's repeal of the QVA.

E.      Prayers for relief are not allegations of fact, nor are they claims against Defendant to which Defendant must answer.  Defendant responds further that the Court should not award Plaintiff its attorneys' fees or costs.

F.      Prayers for relief are not allegations of fact, nor are they claims against Defendant to which Defendant must answer.  Defendant responds further that Plaintiff's requests for relief should be denied, and the Court should dismiss the Complaint in its entirety.

**GENERAL DENIAL**

Defendant denies all allegations in the Amended Complaint not specifically admitted in this Answer, including but not limited to, Plaintiff's statements to which no response is required, such as those potentially asserted in the Amended Complaint's headings, captions, footnotes, or other places in which allegations may be implied but not asserted in numbered paragraphs. Defendants also deny any allegations that may be implied within citation sentences, citation clauses, and hypertext transfer protocols.

**AFFIRMATIVE DEFENSES**

1.  <u>First Affirmative Defense (Standing)</u>:  Plaintiff's claims may be barred, in whole or in part, by Plaintiff's lack of standing.

2.  <u>Second Affirmative Defense (Sovereign Immunity)</u>:  Plaintiff's claims may be barred, in whole or in part, by the Eleventh Amendment to the United States Constitution because New Hampshire has not waived its immunity from suit in federal court.

3.  <u>Third Affirmative Defense (Statement of Claim)</u>:  Plaintiff's claims may be barred, in whole or in part, by the Complaint's failure to state claims upon which the Court can grant relief.

4.  <u>Fourth Affirmative Defense (Ripeness)</u>:  Plaintiff's claims may be barred, in whole or in part, because they are not ripe.

5.  <u>Fifth Affirmative Defense (Mootness)</u>:  Plaintiff's claims may be barred, in whole or in part, because they are moot.

6.  <u>Sixth Affirmative Defense (Justiciability)</u>:  Plaintiff's claims may be barred, in whole or in part, because they present nonjusticiable political questions or they may implicate other prudential reasons for denying Plaintiff the relief it seeks.

7.    <u>Seventh Affirmative Defense (*Pullman* Abstention)</u>:  Plaintiff's claims may be barred by the *Pullman* abstention doctrine, in whole or in part, because unsettled issues or interpretations of state law should be resolved by state courts before federal adjudication of constitutional questions.

### RESERVATION OF RIGHTS

Defendant expressly reserves the right to amend or seek to amend his answers, affirmative defenses, or both, as this case proceeds and new information comes to light through the course of discovery.

Respectfully submitted,

DEFENDANT DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State

By his attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date:  September 9, 2025

/s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar  No. 277332
Assistant Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
catherine.a.denny@doj.nh.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on all parties of record in the consolidated cases, *New Hampshire Youth Movement v. Scanlan* (1:24-cv-00291-SE-TSM) and *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM) through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis