## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| NEW HAMPSHIRE YOUTH MOVEMENT, *et al.*<br><br>　　　*Plaintiffs*,<br><br>　　　v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, *et al.*,<br><br>　　　*Defendants*. | Consolidated Cases<br>Case No. 1:24-cv-00291-SE-TSM |

### ANSWER & DEFENSES

NOW COME David M. Scanlan, defendant in his official capacity as New Hampshire Secretary of State, and John M. Formella, defendant in his official capacity as New Hampshire Attorney General (collectively, the "Defendants"), by and through their counsel, the Office of the Attorney General, and answer the Complaint for Injunctive & Declaratory Relief (ECF No. 1) filed by Coalition for Open Democracy, League of Women Voters of New Hampshire, The Forward Foundation, Miles Borne, by his next friend Steven Borne, Alexander Muirhead, by his next friend Russell Muirhead, and Lila Muirhead, by her next friend Russell Muirhead (collectively, the "Plaintiffs"), and state as follows:

### ANSWER

1.　　　Paragraph 1 states Plaintiffs' characterization of their Complaint and their legal arguments and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.

2.　　　The first two sentences of para. 2 state Plaintiffs' characterization of facts, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants answer further that statistics regarding New

Hampshire voter turnout and voter fraud speak for themselves.  Regarding the third sentence, Defendants lack knowledge or information to form a belief as to whether Governor Sununu spoke the words attributed to him, nor do Defendants understand the context of the words purportedly spoken by Governor Sununu, so Defendants must deny the allegation.  Defendants respond further that para. 2 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

3.     Paragraph 3 states Plaintiffs' characterization of facts and conclusions of law, to which no response is required.  Defendants admit the existence of legislative amendments to state voting laws and admit that some laws have been challenged in court.  To the extent that any further response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 3 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

4.     Paragraph 4 states Plaintiffs' characterization of facts and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants answer further that they admit that Governor Sununu signed HB 1569 into law on September 12, 2024, but they lack knowledge or information to form a belief to respond to the citations in the balance of the paragraph, so Defendants must deny the allegations.  Defendants respond further that para. 4 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so

Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

5.      The first sentence of para. 5 states Plaintiffs' characterization of facts and conclusions of law, to which no response is required.  To the extent that any further response may be deemed required, Defendants deny the allegations.  Defendants admit that HB 1569 amends New Hampshire voter registration laws.  Defendants answer further that HB 1569 is New Hampshire law, as codified in the New Hampshire Revised Statutes Annotated, and its provisions were effective during the March 2025 town elections.

6.      Paragraph 6 states Plaintiffs' characterization of facts and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants answer further that a true and accurate statement of HB 1569's provisions may be found at

https://gc.nh.gov/bill_status/legacy/bs2016/billText.aspx?sy=2024&id=1198&txtFormat=pdf&v=current.

7.      Paragraph 7 states Plaintiffs' characterization of facts and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants answer further that para. 7 does not accurately articulate New Hampshire law at the time of the Complaint or the operative state law governing future elections.

8.      Paragraph 8 states Plaintiffs' characterization of facts, conclusions of law, and speculates regarding what voters and election officials—who are not parties to this action— might think or do in the future, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that

para. 8 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

9.      Paragraph 9 states Plaintiffs' characterization of their Complaint, their legal arguments and conclusions of law, and makes generalized statements about nonparties without supporting documentation or citation, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants answer further that para. 9 does not accurately articulate New Hampshire law at the time of the Complaint or the operative state law governing future elections.  Defendants respond further that para. 9 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

10.      Paragraph 10 states Plaintiffs' characterization of facts, conclusions of law, and speculates regarding what voters and election officials—who are not parties to this action—might think or do in the future, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants answer further that para. 10 does not accurately articulate New Hampshire law at the time of the Complaint or the operative state law governing future elections.

11.      Paragraph 11 states Plaintiffs' characterization of their Complaint, their legal arguments and conclusions of law, and makes generalized statements about nonparties without supporting documentation or citation, to which no response is required.  To the extent that a

response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 11 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

12.     Paragraph 12 states Plaintiffs' characterization of their legal arguments and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 12 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

13.     Paragraph 13 states Plaintiffs' characterization of their legal arguments and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants answer further that para. 13 does not accurately articulate New Hampshire law at the time of the Complaint or the operative state law governing future elections.  Defendants respond further that para. 13 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

14.     Paragraph 14 states Plaintiffs' characterization of their Complaint and their legal arguments and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.

## Jurisdiction & Venue

15.     Paragraph 15 states Plaintiffs' characterization of their Complaint and a legal conclusion, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.

16.     Admitted in part and denied in part.  Defendants admit that this Court has subject matter jurisdiction to hear cases and controversies arising under the Constitution, laws, or treaties of the United States.  Defendants deny that this Court has subject matter jurisdiction to adjudicate the merits of this case because Plaintiffs do not have standing.

17.     Admitted.

18.     Admitted.

19.     Admitted in part and denied in part.  Defendants admit that this Court has the authority to award declaratory relief in certain cases and controversies.  Defendants deny that declaratory relief should be awarded to Plaintiffs in this lawsuit.

20.     Admitted.

## Plaintiffs

21.     Defendants lack knowledge or information to form a belief regarding the nature, extent, or location of Open Democracy or its business, so Defendants must deny the allegations.

22.     Defendants lack knowledge or information to form a belief regarding the nature or substance of Open Democracy's mission or values, so Defendants must deny the allegations.

23.     Defendants lack knowledge or information to form a belief regarding the nature or substance of Open Democracy's mission, services, focus, or that which is required of Open Democracy to accomplish its mission, so Defendants must deny the allegations.

24.     Defendants lack knowledge or information to form a belief regarding the nature or substance of Open Democracy's core services or the source of the statistics alleged but not cited in the Complaint, so Defendants must deny the allegations.

25.     Defendants lack knowledge or information to form a belief regarding Open Democracy's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 25 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

26.     Defendants lack knowledge or information to form a belief regarding Open Democracy's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 26 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

27.    Defendants lack knowledge or information to form a belief regarding whether Open Democracy finds it impossible to assist young voter registration before or after HB 1569's implementation, so Defendants must deny the allegations.

28.    Defendants lack knowledge or information to form a belief regarding Open Democracy's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 28 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

29.    Defendants lack knowledge or information to form a belief regarding Open Democracy's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 29 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

30.    Defendants lack knowledge or information to form a belief regarding Open Democracy's self-described administration, services, activities, plans, or purported experiences

and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 30 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

31.    Defendants lack knowledge or information to form a belief regarding Open Democracy's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 31 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

32.    Defendants lack knowledge or information to form a belief regarding Open Democracy's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 32 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have

misperceived the number or nature of the allegations contained in this paragraph that require responses.

33.    Defendants lack knowledge or information to form a belief regarding the nature, extent, or location of LWV-NH or its business, so Defendants must deny the allegations.

34.    Defendants lack knowledge or information to form a belief regarding the nature or substance of LWV-NH's mission or values, so Defendants must deny the allegations.

35.    Defendants lack knowledge or information to form a belief regarding LWV-NH's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations. Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations. Defendants respond further that para. 35 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

36.    Defendants lack knowledge or information to form a belief regarding LWV-NH's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations. Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations. Defendants respond further that para. 36 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have

misperceived the number or nature of the allegations contained in this paragraph that require responses.

37.     Defendants lack knowledge or information to form a belief regarding LWV-NH's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 37 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

38.     Paragraph 38 states Plaintiffs' characterizations of facts and conclusions of law, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants lack knowledge or information to form a belief regarding the source of uncited statistics, so Defendants must deny the allegations.  Defendants respond further that para. 38 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

39.     Defendants lack knowledge or information to form a belief regarding the nature, extent, or location of The Forward Foundation or its business, so Defendants must deny the allegations.

40.    Defendants lack knowledge or information to form a belief regarding the nature or substance of The Forward Foundation's mission or values, so Defendants must deny the allegations.

41.    Defendants lack knowledge or information to form a belief regarding The Forward Foundation's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Defendants respond further that para. 41 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

42.    Defendants lack knowledge or information to form a belief regarding The Forward Foundation's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 42 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

43.    Defendants lack knowledge or information to form a belief regarding The Forward Foundation's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a

response may be deemed required, Defendants deny the allegations.  Defendants respond further
that para. 43 is not limited to a single set of circumstances as required by Rule 10(b) of the
Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these
answers if they have misperceived the number or nature of the allegations contained in this
paragraph that require responses.

44.    Defendants lack knowledge or information to form a belief regarding The
Forward Foundation's self-described administration, services, activities, plans, or purported
experiences and interactions, so Defendants must deny the allegations.  Plaintiffs'
characterizations of facts or legal conclusions do not require a response, but to the extent that a
response may be deemed required, Defendants deny the allegations.  Defendants respond further
that para. 44 is not limited to a single set of circumstances as required by Rule 10(b) of the
Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these
answers if they have misperceived the number or nature of the allegations contained in this
paragraph that require responses.

45.    Defendants lack knowledge or information to form a belief regarding The
Forward Foundation's self-described administration, services, activities, plans, or purported
experiences and interactions, so Defendants must deny the allegations.

46.    Defendants lack knowledge or information to form a belief regarding The
Forward Foundation's self-described administration, services, activities, plans, or purported
experiences and interactions, so Defendants must deny the allegations.  Plaintiffs'
characterizations of facts or legal conclusions do not require a response, but to the extent that a
response may be deemed required, Defendants deny the allegations.  Defendants respond further
that para. 46 is not limited to a single set of circumstances as required by Rule 10(b) of the

Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

47.     Defendants lack knowledge or information to form a belief regarding The Forward Foundation's self-described administration, services, activities, plans, or purported experiences and interactions, so Defendants must deny the allegations.  Plaintiffs' characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 47 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

48.     Ms. Taylor has been dismissed from this lawsuit.  ECF No. 93 at 18. Accordingly, Defendants are not required to respond to this paragraph.  To the extent that a response may be deemed required, Defendants lack knowledge or information to form a belief regarding the allegations in para. 48, so Defendants must deny the allegations.  Defendants respond further that para. 48 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

49.     Mr. Rust has been dismissed from this lawsuit.  ECF No. 93 at 19-20. Accordingly, Defendants are not required to respond to this paragraph.  To the extent that a response may be deemed required, Defendants lack knowledge or information to form a belief

regarding the allegations in para. 49, so Defendants must deny the allegations. Defendants respond further that para. 49 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

50.     Mr. Rust has been dismissed from this lawsuit. ECF No. 93 at 19-20. Accordingly, Defendants are not required to respond to this paragraph. To the extent that a response may be deemed required, Defendants lack knowledge or information to form a belief regarding the allegations in para. 50, so Defendants must deny the allegations. Defendants respond further that para. 50 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

51.     Defendants lack knowledge or information to form a belief regarding Mr. Borne's personal information, his future intentions, the nature or extent of the burden he faces locating and presenting reasonable documentary proof of citizenship, his current or future activities, or his experiences, so Defendants must deny the allegations. Mr. Borne's characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations. Defendant answers further that on information and belief, Mr. Borne is a registered voter who provided documentary proof of his citizenship upon registering to vote. Defendants respond further that para. 51 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants

expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

52.    Defendants lack knowledge or information to form a belief regarding Mr. Muirhead's personal information, his future intentions, the nature or extent of the burden he faces locating and presenting reasonable documentary proof of citizenship, his current or future activities, or his experiences, so Defendants must deny the allegations.  Mr. Muirhead's characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 52 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

53.    Defendants lack knowledge or information to form a belief regarding Ms. Muirhead's personal information, her future intentions, the nature or extent of the burden she faces locating and presenting reasonable documentary proof of citizenship, her current or future activities, or her experiences, so Defendants must deny the allegations.  Ms. Muirhead's characterizations of facts or legal conclusions do not require a response, but to the extent that a response may be deemed required, Defendants deny the allegations.  Defendants respond further that para. 53 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

**Defendants**

54.     Regarding the first sentence of para. 54, Defendants admit that Secretary Scanlan is the New Hampshire Secretary of State, deny the office address stated in para. 54, and state further that the Secretary's office is located at the New Hampshire State House, Room 204, 107 North Main Street, Concord, NH 03301-4989.  In sentence two, the Defendants admit that the Secretary of State is the chief elections officer for New Hampshire, which includes administering some New Hampshire election laws and providing guidance to local election officials who administer other parts of New Hampshire election laws within their local polling places.  The Defendants otherwise deny the allegations set forth in sentence two.  Sentence three is admitted. The last sentence, "[t]he Secretary, personally and through the conduct of his agents and employees, acted under the color of state law during all times relevant to this action[,]" is denied. Defendants answer further that Plaintiffs do not allege that Defendant Scanlan has taken any action under color of state law with respect to any Plaintiff in this lawsuit.

55.     Admitted, except as to the last sentence, "[t]he Attorney General, personally and through the conduct of his agents and employees, acted under the color of state law during all times relevant to this action[,]" which is denied.  Defendants answer further that Plaintiffs do not allege that Defendant Formella has taken any action under color of state law with respect to any Plaintiff in this lawsuit.

**Statement of Facts**

56.     Admitted in part and denied in part.  Defendants admit that prior to HB 1569, an eligible voter could prove his or her citizenship, age, or identity by providing documentary proof or by executing a Qualified Voter Affidavit ("QVA"), and that HB 1569 repealed QVAs. Defendants deny the last sentence, as New Hampshire experienced actual and meaningful risk of voter fraud prior to HB 1569.

17

57.    Admitted in part and denied in part.  Defendants admit the existence of RSA 654:12, I.  Defendants otherwise deny the allegations in this paragraph, as Plaintiffs characterize and summarize RSA 654:12, I, rather than quote the text of the statute.  Defendants answer further that para. 57 does not accurately characterize or summarize New Hampshire law at the time of the Complaint or the operative state law governing future elections.

58.    Denied.  Defendants answer further that prospective New Hampshire voters may register to vote on election day.  Defendants deny that a sworn affidavit satisfies an applicant's duty to prove his or her qualifications to vote.

59.    Admitted in part and denied in part.  Defendants admit that an otherwise qualified prospective voter could execute a QVA to satisfy his or her duty to prove the applicant's qualifications to vote prior to HB 1569.  Defendants admit that knowingly falsifying a QVA exposed an applicant to potential civil and criminal penalties, but deny the last sentence because it is written in the present tense.

60.    Admitted in part and denied in part.  Defendants lack knowledge or information to form a belief as to the mental impressions of third parties regarding the importance of QVAs to each registering voter, so Defendants must deny the allegations.  Defendants admit that more than 950 registering voters executed QVAs in the 2020 presidential election year.

61.    Admitted in part and denied in part.  On information and belief, Defendants admit that 75,611 people registered to vote at the polls on Tuesday, November 3, 2020.  Defendants deny Plaintiffs' characterization of the percentage of the state's electorate that registered on that election day.  Defendants answer further that 9.29% of the ballots cast on election day were cast by same-day registrants.

62.    The Secretary of State's voter turnout rankings is a document which speaks for itself.  Defendants deny the allegations set forth in para. 62 to the extent they are inconsistent with that document.  Paragraph 62 states Plaintiffs' characterization of statistics and a rounding of statistics rather than a statement of fact, so no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.

63.    Admitted in part and denied in part.  Defendants admit that Rep. Robert Lynn introduced HB 1569 and that his statement in committee is available online.  Defendants deny that para. 63 accurately quotes Rep. Lynn because Plaintiffs take Rep. Lynn's statement out of context.  Defendants also deny the allegations in para. 63 as they state Plaintiffs' characterization of Rep. Lynn's statement rather than factual allegations to which Defendants must answer.

64.    Admitted in part and denied in part.  Defendants admit that Sen. James Gray addressed HB 1569 and introduced HB 1370, and that his statement is available online.  Defendants deny that para. 64 accurately quotes Sen. Gray because Plaintiffs take Sen. Gray's statement out of context.  Defendants also deny the allegations in para. 64 as they state Plaintiffs' characterization of Sen. Gray's statement rather than factual allegations to which Defendants must answer.

65.    Paragraph 65 states Plaintiffs' characterization of facts, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Regarding the second sentence, Defendants lack knowledge or information to form a belief to respond to whether Governor Sununu spoke the words attributed to him, so Defendants must deny the allegation.  Regarding the last sentence, Defendants admit that Secretary Scanlan appeared before the Special Committee on voting regarding HB 1569 but deny the quote as it is taken out of context.  Defendants answer further that in Secretary Scanlan's two

decades of experience at the State Department, he has found that most substantive election laws are challenged by public interest groups in court. Defendants respond further that para. 65 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

66.    Paragraph 66 states Plaintiffs' characterization of facts, to which no response is required. To the extent that a response may be deemed required, Defendants deny the allegations. Defendants answer further and admit that Secretary Scanlan addressed a committee on June 5, 2024 and that his statement in committee is available online. Defendants deny that para. 66 accurately quotes Secretary Scanlan because Plaintiffs take Secretary Scanlan's statement out of context.

67.    Paragraph 67 states Plaintiffs' characterization of facts, to which no response is required. To the extent that a response may be deemed required, Defendants deny the allegations. Defendants answer further and admit that the legislature passed HB 1569, Governor Sununu signed it into law, and that HB 1569 was not effective until after the November 2024 general election. Defendants lack knowledge or information to form a belief to respond to whether the legislative process or effective date created "substantial confusion," so Defendants must deny the allegation.

68.    Denied.

69.    Admitted in part and denied in part. Defendants admit that SB 318 became law in 2013 and that the New Hampshire Supreme Court subsequently enjoined its enforcement. Defendants deny all other allegations in this paragraph.

70.     Admitted in part and denied in part. Defendants admit that SB 3 became law in 2017 and that the New Hampshire Supreme Court subsequently enjoined its enforcement. Defendants deny all other allegations in this paragraph.

71.     Denied.

72.     Admitted in part and denied in part. Absent a court's intervention, but not necessarily this Court, HB 1569 (as amended) governs voter registration in New Hampshire.

73.     Admitted.

74.     Denied. Defendants answer further that para. 74 does not accurately describe operative New Hampshire law, as it characterizes and summarizes RSA 654:12, I(a). Effective September 30, 2025, operative New Hampshire law will state:

> The supervisors of the checklist, or the town or city clerk, shall accept from the applicant any one of the following as proof of citizenship: the applicant's birth certificate, passport, naturalization papers if the applicant is a naturalized citizen, proof that the applicant was previously or is currently registered to vote in a different town or ward in New Hampshire, or any other reasonable documentation which indicates the applicant is a United States citizen.

RSA 654:12, I(a) (eff. Sept. 30, 2025).

75.     Denied.

76.     Defendants lack knowledge or information to form a belief to respond to whether the statistics presented in para. 76 are accurate, so Defendants must deny the allegations.

77.     Defendants lack knowledge or information to form a belief to respond to whether the statistics presented in para. 77 are accurate, so Defendants must deny the allegations.

78.     Defendants lack knowledge or information to form a belief to respond to whether some people have the subjective belief that "documents required to prove citizenship may also be expensive and time consuming to acquire[,]" so Defendants must deny the allegations. Defendants answer further that "proof that the applicant was previously or is currently registered

to vote in a different town or ward in New Hampshire, or any other reasonable documentation which indicates the applicant is a United States citizen[,]" is neither expensive nor time consuming for a registering voter. *See* RSA 654:12, I(a) (eff. Sept. 30, 2025).

79.    Defendants admit in part and deny in part. Defendants admit that the requirements for acquiring a birth certificate varies depending on where an individual was born. Defendants lack knowledge or information to form a belief regarding the specific costs or time to acquire a birth certificate in all other possible jurisdictions, so Defendants must deny the allegations. On information and belief, Defendants admit that there are a very small number of people who do not have a birth certificate, but deny para. 79's implication that such people do not have other documentation of their births. Defendants respond further that para. 79 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

80.    Defendants lack knowledge or information to form a belief to respond to whether some people have the subjective belief that the "time and expense associated with replacing a certificate of naturalization are even more onerous[,]" so Defendants must deny the allegations. Defendants answer further that naturalization papers are not the only documentary proof of citizenship that satisfies the requirements of HB 1569. *See* RSA 654:12, I(a) (eff. Sept. 30, 2025).

81.    Denied.

82.    Denied.

83. Admitted in part and denied in part. Defendants admit that access to the Statewide Voter Registration Database is carefully circumscribed to protect election integrity and voter confidentiality. Defendants deny the balance of the allegations in the paragraph. Defendants respond further that para. 83 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

84. Defendants lack knowledge or information to form a belief to respond to the assertion that "some" polling places required proof of citizenship and transferred registrations after the election because it lacks context, so Defendants must deny the allegations. Defendants deny that proof of citizenship prior to HB 1569 was provided "typically through the signed Qualified Voter Affidavit." Defendants deny the balance of the allegations in this paragraph.

85. Admitted in part and denied in part. Paragraph 85 does not accurately describe New Hampshire law because it does not quote RSA 666:4, it characterizes and summarizes it, so Defendants must deny the allegations. Defendants admit, however, that New Hampshire law permits voters registered to vote in a town or ward to challenge the qualifications of any person intending to cast a ballot in that town or ward on election day. Defendants answer further that the legal standards employed speak for themselves, and Defendants deny the balance of the allegations in the paragraph. Defendants respond further that para. 85 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

86. Denied.

87.    Denied.  Defendants respond further that para. 87 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

88.    Denied.  Defendants respond further that para. 88 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

89.    Denied.

90.    Denied.

91.    Paragraph 91 states Plaintiffs' characterization of facts, to which no response is required.  To the extent that a response may be deemed required, Defendants deny the allegations.  Defendants answer further that they lack knowledge or information to form a belief to respond to whether Governor Sununu spoke the words or held the viewpoints attributed to him in this paragraph, so Defendants must deny the allegation.  Defendants respond further that para. 91 is not limited to a single set of circumstances as required by Rule 10(b) of the Federal Rules of Civil Procedure, so Defendants expressly reserve their right to amend these answers if they have misperceived the number or nature of the allegations contained in this paragraph that require responses.

**Claims for Relief**

**Count I**

92.    Defendants reallege and incorporate by reference their answers, responses, and allegations set forth in all prior paragraphs of this Answer, as though fully set forth herein.

93.    Paragraph 93 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

94.    Paragraph 94 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

95.    Denied.

96.    Admitted in part and denied in part.  Defendants deny that repeal of the QVA will cause eligible voters to lose their right to vote.  Defendants admit that prior to HB 1569, some registering voters elected to prove their qualifications to vote by executing a QVA.

97.    Denied.

98.    Denied.

99.    Denied.

**Count II**

100.    Defendants reallege and incorporate by reference their answers, responses, and allegations set forth in all prior paragraphs of this Answer, as though fully set forth herein.

101.    Paragraph 101 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

102.    Denied.

103.    Denied.

104.    Denied.

**Count III**

105.     Defendants reallege and incorporate by reference their answers, responses, and allegations set forth in all prior paragraphs of this Answer, as though fully set forth herein.

106.     Paragraph 106 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

107.     Paragraph 107 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

108.     Paragraph 108 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

109.     Paragraph 109 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

110.     Denied.  Defendants answer further that para. 110 does not accurately describe New Hampshire law, as it quotes RSA 659:27, II out of context.  New Hampshire law states:

> Upon receipt of a written challenge, the moderator shall determine if the challenge to the ballot is well grounded. If the moderator determines that it is more likely than not that the challenge is well grounded, the moderator shall not receive the vote of the person so challenged. If the moderator determines that the challenge is not well grounded, the moderator shall permit the voter to vote.

RSA 659:27, II.

111.     Denied.

112.     Admitted in part and denied in part.  Defendants admit that the law affords an aggrieved person "immediate review of the decision in the superior court pursuant to

26

RSA 654:12, V."  RSA 659:27-a, II(b).  Defendants deny the balance of the allegations in the paragraph.

113.    Denied.  Defendants answer further that New Hampshire Superior Court rules allow the court to reduce or waive the filing fee for voters who cannot afford to a pay the standard filing fee.  *See* New Hampshire Judicial Branch, Forms and Fees, https://www.courts.nh.gov/resources/forms-and-fees (last visited Sept. 9, 2025).

114.    Admitted in part and denied in part.  Defendants admit that HB 1569 repealed the use of CVAs.  Defendants deny that New Hampshire law does not provide adequate due process to protect the rights of an eligible voter whose eligibility is challenged on election day.

115.    Denied.  Defendants answer further that "more likely than not" is an articulable legal standard.

116.    Denied.

## Count IV

117.    Defendants reallege and incorporate by reference their answers, responses, and allegations set forth in all prior paragraphs of this Answer, as though fully set forth herein. Defendants respond further that Count IV has been dismissed.  ECF No. 93 at 23.  Accordingly, Defendants are not required to respond to paras. 117-122.  To the extent that a response may be deemed required, Defendants deny the allegations.

118.    Paragraph 118 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

119.    Paragraph 119 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

120.    Paragraph 120 does not contain factual allegations.  It asserts pure conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

121.    Denied.

122.    Denied.

### **Plaintiffs' Prayer for Relief**

123.    Prayers for relief are not allegations of fact, nor are they claims against Defendants to which Defendants must answer.  Defendants respond further that HB 1569 does not violate the First or Fourteenth Amendments to the United States Constitution.

124.    Prayers for relief are not allegations of fact, nor are they claims against Defendants to which Defendants must answer.  Defendants respond further that Plaintiffs are not entitled to either preliminary or permanent injunctions prohibiting enforcement of HB 1569.

125.    Prayers for relief are not allegations of fact, nor are they claims against Defendants to which Defendants must answer.  Defendants respond further that the Court should not award Plaintiffs' their attorneys' fees or costs.

126.    Prayers for relief are not allegations of fact, nor are they claims against Defendants to which Defendants must answer.  Defendants respond further that Plaintiffs' requests for relief should be denied, and the Court should dismiss the Complaint in its entirety.

### **GENERAL DENIAL**

Defendants deny all allegations in the Complaint not specifically admitted in this Answer, including but not limited to, Plaintiffs' statements to which no response is required, such as those potentially asserted in the Complaint's headings, captions, footnotes, or other places in which allegations may be implied but not asserted in numbered paragraphs.

Defendants also deny any allegations that may be implied within citation sentences, citation clauses, and hypertext transfer protocols.

## AFFIRMATIVE DEFENSES

1.     <u>First Affirmative Defense (Standing)</u>:  Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs' lack of standing.

2.     <u>Second Affirmative Defense (Sovereign Immunity)</u>:  Plaintiffs' claims may be barred, in whole or in part, by the Eleventh Amendment to the United States Constitution because New Hampshire has not waived its immunity from suit in federal court.

3.     <u>Third Affirmative Defense (Statement of Claim)</u>:  Plaintiffs' claims may be barred, in whole or in part, by the Complaint's failure to state claims upon which the Court can grant relief.

4.     <u>Fourth Affirmative Defense (Ripeness)</u>:  Plaintiffs' claims may be barred, in whole or in part, because they are not ripe.

5.     <u>Fifth Affirmative Defense (Mootness)</u>:  Plaintiffs' claims may be barred, in whole or in part, because they are moot.

6.     <u>Sixth Affirmative Defense (Justiciability)</u>:  Plaintiffs' claims may be barred, in whole or in part, because they present nonjusticiable political questions or they may implicate other prudential reasons for denying Plaintiffs the relief they seek.

7.     <u>Seventh Affirmative Defense (*Pullman* Abstention)</u>:  Plaintiffs' claims may be barred by the *Pullman* abstention doctrine, in whole or in part, because unsettled issues or interpretations of state law should be resolved by state courts before federal adjudication of constitutional questions.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend or seek to amend their answers, affirmative defenses, or both, as this case proceeds and new information comes to light through the course of discovery.

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date:  September 9, 2025

/s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar  No. 277332
Assistant Attorney General
Matthew T. Broadhead, N.H. Bar No. 19808
Associate Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
matthew.t.broadhead@doj.nh.gov
catherine.a.denny@doj.nh.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record in the consolidated cases, *New Hampshire Youth Movement v. Scanlan* (1:24-cv-00291-SE-TSM) and *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM) through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis