# EXHIBIT B

Defendants' Oct. 9, 2025 Supplemental Responses to Open Democracy Plaintiffs Document Requests

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE YOUTH MOVEMENT,<br><br>    *Plaintiff*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br><br>    *Defendant*. | Consolidated Cases<br>Case No. 1:24-cv-00291-SE-TSM |
| COALITION FOR OPEN DEMOCRACY, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, *et al.*,<br><br>    *Defendants*. | |

**DEFENDANTS' SECOND SUPPLEMENTAL & AMENDED RESPONSES & OBJECTIONS TO *OPEN DEMOCRACY* PLAINTIFFS' FIRST, SECOND & THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COME Defendants New Hampshire Secretary of State David M. Scanlan and New Hampshire Attorney General John M. Formella (collectively, the "Defendants"), by and through counsel, the Office of the Attorney General, and hereby supplement and amend their responses to the *Open Democracy* Plaintiffs' Requests for Production of Documents in accordance with Rule 26(e) of the Federal Rules of Civil Procedure, and as requested by Plaintiffs' counsel with respect to responses affected by House Bill 464 (2025) ("HB 464").

## GENERAL OBJECTIONS

Defendants incorporate by reference their objection to Plaintiffs' standing. Defendants also incorporate by reference their objections to all Requests that implicate nonpublic voter-identifiable data in the Statewide Voter Registration System ("SVRS") or any other information derived from the SVRS and other recordkeeping systems maintained by Defendants, as irrelevant to the claims and defenses in this lawsuit or prohibited by law. These incorporated general objections are more fully articulated in Defendants' prior Responses to Plaintiffs' Requests for Production of Documents.

Plaintiffs' counsel requested that Defendants supplement their document production, at least regarding Request No. 15, as HB 464 could modify that Response and production of documents. Defendants object to all Requests to which document production would require recollection of documents generated after June 1, 2025, as unduly burdensome and disproportionate to the needs of the case.

## ROLLING DOCUMENT PRODUCTIONS

Between April 14 and October 9, 2025, Defendants served more than one dozen document productions and supplements. Defendants do not anticipate discovering any additional information or records responsive to Plaintiffs' Requests.

## SECOND SUPPLEMENTAL & AMENDED RESPONSES & OBJECTIONS

*1.     All documents and communications relating to Qualified Voter Affidavits, including, but not limited to, copies and records of Qualified Voter Affidavits, documents reflecting numbers of voters that used Qualified Voter Affidavits, and any "photograph[s] of any person who registers using a qualified voter affidavit or sworn statement on the general election day registration for" as was prescribed by RSA 654:12 prior to its amendment by HB 1569.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

2

**Office of the Secretary of State's Response:** The Secretary's Office does not systematically receive QVAs and generally does not have QVAs in its possession, custody, or control. The Office has completed its reasonably diligent search for responsive documents, which may be found in the Second, Third, Fourth, and Eighth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:** The Attorney General's Office does not have QVAs in its possession, custody, or control. The Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Fifth, Sixth, Ninth, and Twelfth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

2.      Any "other documentary proof of qualifications retained by the town or city clerk, the supervisors of the checklist, or other election official" as defined by RSA 659:101.

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office did not systematically receive data from localities regarding voters' documentary proof of voter qualifications. After a reasonably diligent search for all documents responsive to this Request, no responsive documents were found. If the Office has records responsive to this Request, those records would have been produced in the Eighth Production as identified by agreed-upon search terms. If any responsive information has been withheld, it has been identified on Defendants' privilege log.

**Office of the Attorney General's Response:**  After a reasonably diligent search for all documents responsive to this Request, the Attorney General's Office confirms that it does not have the requested records in its possession, custody, or control.

3. *All documents reflecting any voters who were not permitted to register, to vote, or whose vote was not counted after submitting a Qualified Voter Affidavit.*

**Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:**  The Secretary's Office is not a custodian of QVAs and because it did not systematically receive data from localities regarding voters who filed voter registration applications that were rejected, the Office is not likely to have the requested records in its possession, custody, or control.  After a reasonably diligent search for all documents responsive to this Request, no responsive documents were found.  If the Office has records responsive to this Request, those records would have been produced in the Eighth Production as identified by agreed-upon search terms.  If any responsive information has been withheld, it has been identified on Defendants' privilege log.

**Office of the Attorney General's Response:**  The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Fifth, and Ninth Productions.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

4. *All documents concerning or reflecting any investigations, reports, or complaints regarding the use of Qualified Voter Affidavits.*

**Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:**  The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Second, Third, Seventh, and Eighth Productions.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:**  The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Fifth, Sixth, Ninth, and Twelfth Productions.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

*5.     All documents and communications concerning Challenged Voter Affidavits, including, but not limited to, copies and records of Challenged Voter Affidavits and documents reflecting numbers of voters that used Challenged Voter Affidavits.*

**Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses.  Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:**  The Secretary's Office does not systematically receive CVAs and generally does not have CVAs in its possession, custody, or control.  The Office has completed its reasonably diligent search for responsive documents, which may be found in the Third, Seventh, and Eighth Productions.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:**  The Attorney General's Office does not have CVAs in its possession, custody, or control.  The Office has completed its reasonably diligent search for responsive documents, which may be found in the First and Fifth Productions.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

5

  *6. All documents concerning or reflecting any voters who were not permitted to vote, or whose vote was not counted, after submitting a Challenged Voter Affidavit.*

  **Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

  **Office of the Secretary of State's Response:**  The Secretary's Office does not systematically receive CVAs and generally does not have CVAs in its possession, custody, or control.  The Office has completed its reasonably diligent search for responsive documents, and believes it does not have any responsive documents.  If the Office has records responsive to this Request of which it is not aware, those records would have been produced in the Eighth Production as identified by agreed-upon search terms.  If any responsive information has been withheld, it has been identified on Defendants' privilege log.

  **Office of the Attorney General's Response:**  The Attorney General's Office does not have CVAs in its possession, custody, or control.  The Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Sixth, and Ninth Productions.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

  *7. Records sufficient to identify the number of voter challenges and the bases for those challenges made in connection with each election since 2012.*

  **Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

  **Office of the Secretary of State's Response:**  The Secretary's Office does not have responsive records in its possession, custody, or control, other than those in or derived from the SVRS.  Accordingly, responsive documents may be found in the Second and Fourth

Productions. The Fourth Production contains highly confidential information as designated by the Protective Order entered in these cases.

**Office of the Attorney General's Response:** The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Fifth, Ninth, and Twelfth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

8. *All documents reflecting any investigations, reports, or complaints regarding voter challenges or the use of Challenged Voter Affidavits.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Second and Eighth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:** The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Fifth, Sixth, Ninth, and Twelfth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

9. *All documents related to policies, practices, or procedures concerning what it means for a challenge of a voter, including their citizenship, to be "well-grounded" under HB 1569, and how an election official should determine whether that "well grounded" standard is "more likely than not" met.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

7

**Office of the Secretary of State's Response:**  The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Seventh and Eighth Productions.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:**  The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the Fifth and Ninth Productions.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

*10.     All documents and communications by, between, or among the New Hampshire governor, secretary of state, attorney general, or members of the legislature, and each of their respective representatives, constituents, and other non-legislative persons concerning HB 1569 prior to its signature by the New Hampshire governor. This includes, but is not limited to, documents and communications reflecting revisions to HB 1569, communications by members of the legislature concerning HB 1569, and communications from constituents or interest groups regarding HB 1569.*

**Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses.  Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:**  Having met and conferred with Plaintiffs regarding this Request, the Secretary of State's Office searched for communications to which the Secretary's Office was a party with another New Hampshire state agency, executive, or legislator, regarding HB 1569 prior to Governor Sununu's signing HB 1569 into law on September 12, 2024.  The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Eighth Production.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:**  Based on the direction provided by Plaintiffs at the meet-and-confer noted in the Secretary's Response above, the Attorney

8

General's Office searched for communications to which the Attorney General's Office was a party with another New Hampshire state agency, executive, or legislator, regarding HB 1569 prior to Governor Sununu's signing HB 1569 into law on September 12, 2024. The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the Fifth and Ninth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

11.  *All documents and communications by, between, or among the New Hampshire governor, secretary of state, attorney general, or members of the legislature, and each of their respective representatives, constituents, and other non-legislative persons concerning HB 1370 prior to its signature by the New Hampshire governor. This includes, but is not limited to, documents and communications reflecting revisions to HB 1370, communications by members of the legislature concerning HB 1370, and communications from constituents or interest groups regarding HB 1370.*

**Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:**  The Secretary of State's Office searched for communications to which the Secretary's Office was a party with another New Hampshire state agency, executive, or legislator, regarding HB 1370 prior to Governor Sununu's signing HB 1569 into law on September 12, 2024. The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Eighth Production. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:**  The Attorney General's Office searched for communications to which the Secretary's Office was a party with another New Hampshire state agency, executive, or legislator, regarding HB 1370 prior to Governor Sununu's signing HB 1569 into law on September 12, 2024. The Attorney General's Office has completed its

9

reasonably diligent search for responsive documents, which may be found in the Fifth, Sixth, and Ninth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

*12.     All documents and communications relating to implementation of HB 1569 and guidance to local officials. This includes, but is not limited to, guidance presented by the Secretary of State's office in a December 18, 2024 teams call regarding the "General Election and Implementation of HB 1569," documents and communications concerning changes to the New Hampshire Election Procedure Manual, documents and communications concerning changes to the Statewide Voter Registration System, and documents and communications interpreting or clarifying the provisions of HB 1569.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Third and Eighth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:** The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the Fifth, Ninth, and Tenth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

*13.     Documents sufficient to identify all instances of actual or suspected non-citizen registration or attempted registration and non-citizen voting in New Hampshire, including information concerning the name of the individual involved; the date, method, and location of the alleged registration, attempted registration, and/or voting. This includes, but is not limited to, State Senator James Gray's statement during a legislative hearing on HB 1569 that there have been approximately 230 voters statewide that could not be located by the New Hampshire Attorney General's office after they voted in 2016.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses.

10

Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Eighth Production. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:** The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Fifth, Sixth, Ninth, and Twelfth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

14. *Documents concerning all prosecutions or charges filed against non-citizens registering to vote, attempting to register to vote, voting, or attempting to vote, in New Hampshire, and the results of such prosecutions.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office has completed its reasonably diligent search for responsive documents, and believes it does not have any responsive documents. If the Office has records responsive to this Request of which it is not aware, those records would have been produced in the Eighth Production as identified by agreed-upon search terms. If any responsive information has been withheld, it has been identified on Defendants' privilege log.

**Office of the Attorney General's Response:** The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Fifth, Sixth, Ninth, and Twelfth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

*15.     All documents and communications related to policies, practices, or procedures concerning any processes, other than those related to the enforcement or implementation of HB 1569, that could be used to identify whether voter registration applicants are U.S.-citizens, including but not limited to actual or possible use of the federal SAVE database, the federal Social Security Number Verification Service, the New Hampshire Vital Records Information Network (NHVRIN), the New Hampshire Division of Motor Vehicles records, or any other database containing birth, immigration, or citizenship information.*

**Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Since that first supplement, Plaintiffs requested that Defendants supplement and amend this Response to address the enactment of HB 464.  Defendants object to Plaintiffs' request for supplementation because Request No. 15 is specific to HB 1569.  HB 464 modifies many of the same laws amended by HB 1569, but this lawsuit challenges the constitutionality of HB 1569, not HB 464.  Thus, Defendants also object to producing documents and communications if Plaintiffs expect Defendants to conduct a new search and collection of responsive documents. Such a search and collection would be irrelevant, unduly burdensome, and disproportionate to the needs of the case.  Subject to and without waiving the foregoing objections, Defendants respond as follows:

**Defendants' Joint Response:**  Defendants used the following search terms to find responsive documents in their existing collection of documents:

| Search Terms | Hits | Documents Already Produced |
|---|---|---|
| "HB 464" [alone] | 551 | (101): SOS-FT-497540, SOS-FT-518581, SOS-FT-519421, SOS-FT-599198, SOS-FT-797396, SOS-FT-889455, SOS-FT-933470, SOS-FT-933471, SOS-FT-933472, SOS-FT-958294, SOS-FT-1053653, SOS-FT-1323166, SOS-FT-1323791, SOS-FT-1404944, SOS-FT-1405078, SOS-FT-1485841, SOS-FT-1486834, SOS-FT-1487827, SOS-FT-1488820, SOS-FT-1491257, SOS-FT-1636442, SOS-FT-1816064, SOS-FT-1816067, SOS-FT-1825309, SOS-FT-1841552, SOS-FT-1841554, SOS-FT-1841557, SOS-FT- |

| | | |
|---|---|---|
| | | 1841560, SOS-FT-1841563, SOS-FT-1841566, SOS-FT-1841569, SOS-FT-1841584, SOS-FT-1841587, SOS-FT-1913604, SOS-FT-1913607, SOS-FT-1913608, SOS-FT-1913609, SOS-FT-1913610, SOS-FT-1913611, SOS-FT-1913612, SOS-FT-1913613, SOS-FT-1913614, SOS-FT-1913615, SOS-FT-1913616, SOS-FT-1913617, SOS-FT-1913618, SOS-FT-1913619, SOS-FT-1913620, SOS-FT-1913621, SOS-FT-1913622, SOS-FT-1913623, SOS-FT-1913624, SOS-FT-1913633, SOS-FT-1913636, SOS-FT-1913637, SOS-FT-1913638, SOS-FT-1913677, SOS-FT-1913701, SOS-FT-2130898, SOS-FT-2130899, SOS-FT-2290975, SOS-FT-2379787, SOS-FT-2469004, SOS-FT-2558269, SOS-FT-2647644, SOS-FT-2737465, SOS-FT-2827866, SOS-FT-2918313, SOS-FT-3008771, SOS-FT-3099229, SOS-FT-3189855, SOS-FT-3280844, SOS-FT-3370912, SOS-FT-3460823, SOS-FT-3554509, SOS-FT-3636196, SOS-FT-3636197, SOS-FT-3700759, SOS-FT-3700893, SOS-FT-3758276, SOS-FT-3830722, SOS-FT-3830723, SOS-FT-3830724, SOS-FT-3830725, SOS-FT-3830734, SOS-FT-3830749, SOS-FT-3830750, SOS-FT-3830751, SOS-FT-3830752, SOS-FT-3830753, SOS-FT-3830755, SOS-FT-3830756, SOS-FT-3830803, SOS-FT-3830804, SOS-FT-3830813, SOS-FT-3830815, SOS-ST-3912542, SOS-ST-3912545, SOS-ST-3921671, SOS-ST-3934416, SOS-ST-3934423 |
| "HB 464" & "SAVE" | 33 | (8): SOS-FT-1913629, SOS-FT-1913630, SOS-FT-1913631, SOS-FT-1913632, SOS-FT-1913634, SOS-FT-1913635, SOS-FT-1913671, SOS-FT-1913672 |
| "HB 464" & "Systematic Alien Verification for Entitlements" | 0 | 0 |
| "HB 464" & "SSNVS" | 0 | 0 |
| "HB 464 & "Social Security Number Verification Service" | 0 | 0 |
| "HB 464" & "NHVRIN" | 5 | 0 |
| "HB 464" & "Vital Records" | 29 | (1): SOS-ST-3934420 |
| "HB 464" & "Division of Motor Vehicles" | 9 | 0 |
| "HB 464" & "DMV" | 151 | (12): SOS-FT-1631741, SOS-FT-1631742, SOS-FT-1657506, SOS-FT-1657507, SOS-FT-1841572, SOS-FT-1841574, SOS-FT-1841576, |

13

|  |  | SOS-FT-1841578, SOS-FT-1841582, SOS-FT-1913605, SOS-FT-1913606, SOS-FT-2128670 |

After automated de-duplication and eyes-on review, Defendants produced 33 documents that are responsive to Plaintiffs' supplemental request. Defendants produced these documents in the Eleventh Production, transmitted to Plaintiffs on September 30, 2025. Privileged documents have been logged in the Second Revised Privilege Log (Sept. 30, 2025). For more information related to this Request, please refer to Defendants' Responses & Objections to Plaintiffs' First Set of Interrogatories No. 9. Defendants will not conduct additional document collection and respond further that this Response evinces Defendants' reasonable diligence in complying with Plaintiffs' additional request related to Request No. 15.

*16.    All documents and communications related to the access or use of the federal SAVE database by any New Hampshire state agency or entity, including any law enforcement agencies. This includes, but is not limited to, any memoranda of agreement needed for purposes of obtaining access to SAVE, and any documents or communication regarding the intended uses of any immigration status information obtained from the federal SAVE database.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses, and the additional objections stated to Request No. 15. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office does not currently have the authority to use the SAVE database to confirm citizenship, so it does not have relevant or probative SAVE records in its possession, custody, or control. It may have communications from other nonparty agencies regarding the use of SAVE, generally. The Office reiterates that it cannot search, collect, review, or produce documents responsive to this Request without slowing the discovery process. The Office answered Interrogatory No. 9, which includes information about the SAVE system and other state and federal databases that are not in the possession,

14

custody, or control of the Office.

**Office of the Attorney General's Response:** After a reasonably diligent search for all documents responsive to this Request, the Attorney General's Office confirms that it does not have the requested records in its possession, custody, or control.

17. *Documents sufficient to identify for each municipality all instances of voter registration applications that have been rejected, deemed incomplete, or otherwise not processed due to the lack of an accepted citizenship document.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office does not systematically receive documents from localities regarding applications that have been rejected, deemed incomplete, or otherwise not processed. The Office has completed its reasonably diligent search for responsive documents, and believes it does not have any responsive documents. If the Office has records responsive to this Request of which it is not aware, those records would have been produced in the Eighth Production as identified by agreed-upon search terms. If any responsive information has been withheld, it has been identified on Defendants' privilege log.

**Office of the Attorney General's Response:** The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Tenth, and Eleventh Productions. All responsive records have been produced.

18. *Documents sufficient to identify all types of documents that election officials have accepted or may accept as "reasonable documentation" of United States citizenship under HB 1569.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses.

Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Eighth Production. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:** The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the First, Fifth, Sixth, Ninth, Eleventh, and Twelfth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

19.     *All communications, questions, complaints, or concerns from local election officials regarding difficulties accessing the centralized voter registration database or the statewide voter registration system.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request and as stated in Defendants' First Supplemental & Amended Responses. Additionally, Defendants object because HB 464's passage (and several provisions' effective dates) post-date Defendants' document collection in these consolidated cases. Defendants will not conduct additional collection, review, or production of documents because it would be unduly burdensome and disproportionate to the needs of the case to do so. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Eighth Production. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:** After a reasonably diligent search for all documents responsive to this Request, the Attorney General's Office confirms that it does not

have the requested records in its possession, custody, or control.

*20.    A copy of the New Hampshire statewide voter database and all documents concerning the use of the statewide voter database, including instruction manuals or other guides concerning the data fields contained in the database and their correct interpretation.*

**Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Defendants' Joint Response:**  Defendants produced aggregate QVA and CVA data in the Second Production and SVRS .csv data in the Fourth Production, as ordered by the Court over Defendants' objections.

*21.    Any documents or communications concerning or reflecting individuals who were unable to register to vote due to a lack of documentary proof of citizenship since the effective date of HB 1569, including those who were unable to register to vote at polling places during the March, April, and May 2025 town elections. This includes, but is not limited to, individuals who were unable to register entirely, and individuals who were initially unable to register because of a lack of documentation, insufficient documentation, or discrepancies in documentation, but who left the registration site or polling place and returned with acceptable documentary proof of citizenship.*

**Defendants' Objections:**  Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:**  The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Eighth Production.  All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:**  The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the

Eighth, Ninth, Tenth, and Twelfth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

22.     *Any documents or communications concerning or reflecting guidance provided to any election administrator, including but not limited to town moderators, town clerks, and supervisors of the checklist, concerning implementation of HB 1569 for the March, April, and May 2025 town elections. This includes, but is not limited to, materials and communications relating to retreats held for town moderators hosted by the Secretary of State's office and/or Attorney General's office.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Eighth Production. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

**Office of the Attorney General's Response:** The Attorney General's Office has completed its reasonably diligent search for responsive documents, which may be found in the Eighth and Twelfth Productions. All responsive records have either been produced or withheld for the reasons stated in Defendants' privilege log.

23.     *Any copies of current or prior voter registration forms in effect in New Hampshire from January 1, 2012 to present.*

**Defendants' Objections:** Defendants incorporate by reference the general and specific objections to this Request as stated in Defendants' First Supplemental & Amended Responses. Subject to and without waiving those objections, Defendants respond as follows:

**Office of the Secretary of State's Response:** The Secretary's Office has completed its reasonably diligent search for responsive documents, which may be found in the Seventh Production. All responsive records have been produced.

18

**Office of the Attorney General's Response:**  This Request is not directed to the Attorney General's Office.

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date:  October 9, 2025

/s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar  No. 277332
Assistant Attorney General
Matthew T. Broadhead, N.H. Bar No. 19808
Associate Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
New Hampshire Department of Justice
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
matthew.t.broadhead@doj.nh.gov
catherine.a.denny@doj.nh.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record in the consolidated cases, *New Hampshire Youth Movement v. Scanlan* (1:24-cv-00291-SE-TSM) and *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM), by e-mail.

/s/ Michael P. DeGrandis
Michael P. DeGrandis