## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE YOUTH MOVEMENT,<br><br>    *Plaintiff*,<br><br>    v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br><br>    *Defendant*. | Consolidated Cases<br>Case No. 1:24-cv-00291-SE-TSM |
| COALITION FOR OPEN DEMOCRACY, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General,<br><br>    *Defendants*. | |

## DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RELATED TO HOUSE BILL 464 (2025)

### INTRODUCTION

Defendants have fully complied with their discovery obligations regarding House Bill 464 ("HB 464"), and Defendants will continue to supplement discovery as the State Department issues additional final guidance, policies, or agreements implementing HB 464. Portions of HB 464 have not been fully implemented due to the varying effective dates of the statute, but Plaintiffs have every existing final guidance and State Department determination regarding implementation. Plaintiffs have been aware of the new law at least as early as August 11, 2025, and they sought and obtained interrogatory responses and deposition testimony related

to the implementation of HB 464.  It is only now, after discovery closed and Plaintiffs have seen

the Defendants' arguments for summary judgment, that Plaintiffs seek additional discovery of

predecisional and deliberative documents that have no evidentiary value.  Plaintiffs' untimely

Motion ignores the background of discovery, is contrary to the Federal Rules of Civil Procedure,

seeks to extend the established discovery schedule that Plaintiffs themselves insisted upon so

these cases could be tried in February, and would give Plaintiffs an unfair advantage by allowing

them to reopen discovery after having seen Defendants' full summary judgment arguments.

## STANDARD OF REVIEW

Parties may obtain discovery regarding any nonprivileged matter that is relevant to claims

or defenses and proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  "The movant

bears the initial burden of proving that the information it seeks is relevant for the purposes of

discovery."  *Fraser Eng'g Co. v. IPS-Integrated Project Servs.*, No. 17-cv-102-JD, 2018 U.S.

Dist. LEXIS 110312, at *3–4 (D.N.H. Jan. 22, 2018) (citing Fed. R. Civ. P. 26(b)(1)).  As a

threshold matter, however, a party moving to compel must first serve a formal discovery request

seeking the information at issue.  *See United States v. Limanni*, No. 12-cv-114-JD, 2013 U.S.

Dist. LEXIS 108347, at *3 n.1 (D.N.H. July 30, 2013) ("[A] plaintiff need to first serve his

discovery demands before he can move to compel their answer.") (quoting *Fox v. Poole*, 2007

WL 837117, at *2 (W.D.N.Y. Mar. 15, 2007)) (quotations omitted) (citing Fed. R. Civ. P.

37(a)(3)(B)).

The subject matter of a formal discovery request is relevant if it bears on or could

reasonably lead to another matter that could bear on an issue in the lawsuit.  *See Bonner v. Triple

S Mgmt. Corp.*, 68 F.4th 677, 685 (1st Cir. 2023) (noting that the right to discovery is limited by

relevancy).  Although courts broadly construe relevance, a "speculative or attenuated connection

between materials sought and claims or defenses [is] insufficient to establish relevance under

Rule 26(b)(1)." *Estate of Lawrence v. Lavoie*, No. 14-cv-570-PB, 2017 U.S. Dist. LEXIS 230031, at *9 (D.N.H. July 25, 2017) (quotations and citation omitted). Rule 26 also requires courts to evaluate proportionality by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

"A motion to compel is a standard tool, well within the capability of any reasonably diligent litigant." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 27 (1st Cir. 2013). Diligence matters because a party must "seasonably" invoke discovery-enforcement mechanisms when necessary. *See Rios v. Centerra Grp. LLC*, 106 F.4th 101, 122 (1st Cir. 2024) (citing *Rivera-Almodovar*, 730 F.3d 23, 29). A motion to compel filed after the deadline in a scheduling order—or after the close of discovery—is untimely. *See Negron v. DeFelice*, No. 17-cv-95-LM, 2018 U.S. Dist. LEXIS 83065, *2 (D.N.H. May 17, 2018) (citing *Days Inn Worldwide Inc. v. Sonia Invs.*, 237 F.R.D. 395, 397 (N.D. Tex. 2006)). Courts may deny such late-filed motions. *Id.* at *3. Taken together, these standards guide a court's assessment of whether a movant has properly invoked Rule 37 and whether the discovery sought falls within the permissible, relevant, nonprivileged, and proportionate scope of Rule 26.

## FACTUAL BACKGROUND

Governor Ayotte signed HB 464 into law on August 1, 2025. On August 11th, Defendants e-mailed the final chaptered version of HB 464 to Plaintiffs and stated: "HB 464, signed August 1st – we should talk about how the plaintiffs plan on handling this since it substantially changes the alleged burdens of registering voters, particularly the individual plaintiffs[.]" Michael P. DeGrandis, E-mail to Henry R. Klementowicz, *et al.* (Aug. 11, 2025, 1:48 p.m.) (on file with sender). Plaintiffs responded by e-mail on August 18th: "[R]egarding

House Bill 464, we believe this is covered by RFPD 15, and Interrogatories 9 and 12. We know you'll be spending the next week getting the next tranche of discovery ready, so we'd hope your clients would supplement their responses to those with respect to HB 464, by September 2 (hopefully it will not be too large of a lift)." Henry R. Klementowicz, E-mail to Michael P. DeGrandis, *et al.* (Aug. 18, 2025, 4:30 p.m.) (on file with recipient). After serving supplemental discovery responses that did not include supplements to Request No. 15 or Interrogatory Nos. 9 and 12, the parties exchanged e-mails on September 18th, in which Defendants stated that they would supplement their responses regarding HB 464 implementation.[1] *See* Michael P. DeGrandis, E-mail to Henry R. Klementowicz, *et al.* (Sept. 18, 2025, 10:05 p.m.) (on file with author).

On September 30, 2025, Defendants produced "[d]ocuments and communications created after HB 464 was introduced, collected between March and August 2025, not previously produced in this lawsuit." Michael P. DeGrandis, Letter to Plaintiffs at 8-9 (Sept. 30, 2025) (on file with author). On October 9th, Defendants served their Second Supplemental Responses to Requests for Production of Documents. Defendants objected generally to Plaintiffs' reinterpretations of any Requests to implicitly include HB 464, if such reinterpretations would require recollection of documents generated after June 1, 2025.[2] Defs.' 2nd Suppl. Resps. Reqs. Prod. Docs. at 2 (Oct. 9, 2025). Defendants objected to additional document collection as unduly burdensome and disproportionate to the needs of the case. *Id.* Defendants also objected specifically to Request No. 15 on grounds that the Request is limited to HB 1569 in the context

---

[1] The Requests at issue in this Motion to Compel are more clearly understood in the context of the *Open Democracy* Plaintiffs' Requests. Defendants' legal arguments regarding why the Court should deny the Motion to both the *Open Democracy* and *Youth Movement* Plaintiffs are identical and interrelated.

[2] Undersigned counsel has since learned that the cutoff date of prior document collection was June 25, 2025, not June 1, 2025.

of Plaintiffs' Complaints and as defined by Plaintiffs in their discovery requests.[3]  *Id.* ¶ 15.

Furthermore, Defendants explained that they "object to producing documents and

communications if Plaintiffs expect Defendants to conduct a new search and collection of

responsive documents. Such a search and collection would be irrelevant, unduly burdensome,

and disproportionate to the needs of the case."  *Id.*

Defendants refused to conduct a new search and collection of documents absent a formal

discovery request identifying HB 464 and setting the parameters of the request.  *Id.*  Subject to

and without waiving those objections, Defendants provided a thorough and transparent

supplemental response that identified each starting Bates number of already-produced documents

with the HB 464-related search terms listed (122 total documents).  Defendants previously

produced 33 HB 464-related documents as noted above as Plaintiffs requested.  *Id.*  On October

10, 2025, Defendants served their Third Supplemental Responses to Interrogatories to include all

currently available information regarding HB 464.  Defs.' 3rd Suppl. Resps. Interrogs. ¶¶ 9, 12

(Oct. 10, 2025).  Defendants' Interrogatory Responses are not at issue in this Motion to Compel.

Notably, on September 26, 2025, Plaintiffs served Defendants with the Supplemental

Expert Report of Kenneth R. Mayer, Ph.D.  The report purports to "analyze the potential effects

of the following provision of HB 464 (RSA 654:12)[.]"  Mayer Suppl. Rep. at 1 (Sept. 26, 2025).

---

[3] *Compare, e.g.*, *Open Democracy* Pls.' First Reqs. Prod. Docs., Def. No. 13 ("'HB 1569' shall refer to 2024
New Hampshire House Bill 1569, codified into law at RSA 654:12, RSA 654:7, RSA 654:7-a, RSA 659:27, RSA
659:27-a, RSA 659:13, I(c), RSA 659:13, II(b)-(d), RSA 659:32 and RSA5:6-d, III") *with* Req. No. 15 ("All
documents and communications related to policies, practices, or procedures concerning any processes, other than
those related to the enforcement or implementation of HB 1569, that could be used to identify whether voter
registration applicants are U.S.-citizens, including but not limited to actual or possible use of the federal SAVE
database, the federal Social Security Number Verification Service, the New Hampshire Vital Records Information
Network (NHVRIN), the New Hampshire Division of Motor Vehicles records, or any other database containing
birth, immigration, or citizenship information."); *and compare, e.g.*, Youth Movement Pl.'s First Set Reqs. Prod.
Docs., Def. No. 5 ("'HB 1569' means House Bill 1569 (2024), as well as any prior or related versions of that
legislation, including but not limited to House Bill 1370 (2024).'") *with* Req. No. 6 ("All documents relating to HB
1569 (as defined above to include HB 1370).'"),

He opines that "HB 464 does not eliminate the problem [of HB 1569], but merely shifts the

DPOC burden to other arenas." *Id.* at 7.  Additionally, Plaintiffs and Defendants deposed

witnesses on matters expressly related to HB 464.  *See, e.g.*, Mayer Dep. Tr. 126; Herron Dep.

Tr. 79; Martino Dep. Tr. 80; Piecuch Dep. Tr. 144; Scanlan Dep. Tr. 348; Tracy Dep. Tr. 230;

O'Donnell Dep. Tr. 167.  On October 22, 2025, Defendants transmitted the Secretary of State's

final guidance on the use of Vital Records data to assist registering voters.  Michael P.

DeGrandis, Letter to Plaintiffs at 9-10 (Oct. 22, 2025) (on file with author).  Discovery closed on

November 3rd.  The dynamic of HB 464 on the operative law of this case was evident in the three

months between Governor Ayotte's signature and the close of discovery.  To be clear, this is a

***legal*** dynamic, not an ***evidentiary*** one.

Despite that discovery has closed, Defendants remain committed to producing all non-

privileged final guidance and implementation documents as such records come available.  The

parties met and conferred on November 18, 2025 regarding the subject matter of this Motion to

Compel.  On November 20th, Defendants confirmed in writing that which they had been saying

for several weeks: "The defendants will continue to supplement discovery with all final

guidance, policies, or agreements issued by the State Department implementing HB 464 (subject

to and without waiving our objections)."  Michael P. DeGrandis, E-mail to Plaintiffs (Nov. 11,

2025, 11:11 a.m.) (on file with sender).  Defendants also confirmed that they "are up-to-date

with supplemental HB 464 productions—the most recent production was October 22nd."  *Id.*

Moreover, "[t]he State Department is monitoring its activities to identify additional documents as

they are generated, and we will promptly produce those to the plaintiffs as they become available

(again, subject to and without waiving our objections)."  *Id.*

Eighteen days after discovery closed, on November 21, 2025, Plaintiffs filed this Motion to Compel. Plaintiffs have been aware of the existence and function of HB 464 and Defendants' objections to expanding the scope of discovery, long before Defendants filed their Motion for Summary Judgment on November 7th and at least 25 days before discovery closed.

<div align="center">**ARGUMENT**</div>

The Court should deny Plaintiffs' Motion to Compel for at least three reasons. First and foremost, Defendants are in compliance with their discovery obligations and they are committed to supplementing their responses with all non-privileged final guidance and implementation documents, as such records come available. Second, the process used by Plaintiffs is defective because their Motion is untimely and it is not the subject of a formal discovery request. Third, the relief Plaintiffs seek is unduly burdensome, disproportionate to the needs of the case, and irrelevant. Fourth, the documents Plaintiffs seek are protected from disclosure by applicable privileges.

I.      **Defendants Have Complied with Their Discovery Obligations and Will Continue to Do So, Despite that Discovery Has Closed**

Plaintiffs cannot compel discovery because Defendants have complied with their discovery obligations, and Defendants will continue to do so. Under Rule 34 of the Federal Rules of Civil Procedure, a defendant must produce all requested documents or electronically stored information within a defendant's possession, custody, or control that are responsive to a plaintiff's requests, or state a specific objection to each request. *See* Fed. R. Civ. P. 34. The scope of this requirement is limited to nonprivileged, relevant, and proportional materials. *See* Fed. R. Civ. P. 26(b)(1). Moreover, a "court cannot compel a party to produce documents that do not exist." *West v. Bell Helicopter Textron, Inc.*, No. 10-cv-214-JL, 2011 U.S. Dist. LEXIS 146512, \*33 (D.N.H. Dec. 20, 2011). And "a party cannot be compelled to create, or cause to be

<div align="center">7</div>

prepared, new documents solely for their production." *Thompson v. Lantz*, No. 3:04cv2084, 2009 U.S. Dist. LEXIS 90923, at \*4 (D. Conn. Sep. 25, 2009) (quoting 7 James Wm. Moore *et al.*, Moore's Federal Practice § 34.12[2] (3d ed. 2009)) (quotations omitted). "Rule 34 only requires a party to produce documents that are already in existence." *Id.*

Defendants have already produced final Vital Records guidance because it is nonprivileged, relevant, and proportional—and it exists. Defendants will continue to produce additional guidance and nonprivileged documents and information when finalized and available. Accordingly, the Court should deny Plaintiffs' Motion.

## II.   Plaintiffs' Motion Is Untimely and Does Not Seek to Compel a Response to a Formal Request for Production of Documents

Plaintiffs' Motion to Compel is procedurally defective for at least two reasons. First, Plaintiffs filed their Motion 18 days after the close of discovery and 25 days after Defendants objected to Plaintiffs' reinterpreted Requests. Second, Plaintiffs did not propound a formal request for production of documents related to HB 464.

### A.   Plaintiffs' Motion to Compel Is Impermissibly Late

Discovery closed on November 3, 2025. Plaintiffs neither sought nor obtained an extension of that deadline, despite having ample opportunity to do so. In determining whether an untimely motion to compel should be denied, courts consider eight factors:

> (1) the length of time since the expiration of the deadline,
> (2) the length of time that the moving party has known about the discovery,
> (3) whether the discovery deadline has been extended,
> (4) the explanation for the tardiness or delay,
> (5) whether dispositive motions have been scheduled or filed,
> ([6]) the age of the case,
> ([7]) any prejudice to the party from whom late discovery was sought, and
> ([8]) disruption of the court's schedule.

*Negron*, 2018 U.S. Dist. LEXIS 83065 at \*2-3 (quoting *Days Inn Worldwide Inc.*, 237 F.R.D. at 398) (edited by the court). Plaintiffs' Motion (1) comes 18 days after the close of discovery; (2)

it comes 25 days after Defendants objected to Plaintiffs' redefined Requests; (3) it comes after

the Court cautioned that there would be no more extensions without good cause; (4) Plaintiffs

have not explained the reason for their delay; (5) Defendants' Motion for Summary Judgment

was filed on November 7, 2025; (6) the case has been pending for more than one year; (7) with

the trial beginning on February 9, 2026, Defendants would be significantly prejudiced by

additional document collection, review, and production; and (8) while Defendants cannot speak

for the Court, it appears that with trial just two months away, additional time for discovery would

put the Court's trial schedule at risk.  Accordingly, the Court should deny Plaintiffs' Motion.

### B. Plaintiffs Have Not Propounded the Document Requests that Are the Subject of Plaintiffs' Motion to Compel

Subject to and without waiving Defendants' objections to Plaintiffs' informal request,

Defendants have not withheld any nonprivileged HB 464-related documents.  Defendants did not

seek formal discovery requests prior to their supplemental productions in September and

October, or prior to their supplemental discovery responses on October 9th and 10th.  Defendants

did not waive the prerequisite to a motion to compel, that the motion seek answers to formal

requests.  But here, Plaintiffs are asking the Court to interpret their HB 1569-specific requests to

include HB 464.  Defendants must be afforded the opportunity to address express HB 464

requests in accordance with the Federal Rules of Civil Procedure.  *See Limanni*, 2013 U.S. Dist.

LEXIS 108347, at *3 n.1.

### III. Plaintiffs' Demand for Additional Document Collection and Production Beyond Defendants' Commitment to Produce All Final House Bill 464 Guidance and Implementation Is Unduly Burdensome, Disproportionate to the Needs of the Case, and Likely Irrelevant

Defendants completed document collection on June 25, 2025 and supplemented their

production with HB 464-documents in September.  Defendants have produced and will produce

additional final guidance and implementation documents when they are available.  Nevertheless,

Plaintiffs are demanding that Defendants collect documents generated after June 25th and produce documents that are predecisional. This demand is unduly burdensome, disproportionate, and likely irrelevant.

Regarding the undue burden, additional collection of documents generated prior to HB 464's passage and documents postdating HB 464 but predecisional, would require the State Department to reallocate IT resources from mission-critical activities. Collection and processing alone would occupy IT personnel for approximately one week. And although there are not likely to be many responsive documents, all documents must be reviewed by counsel, which could require an additional week to review and produce. With the trial just two months away, two weeks of reopened discovery is unduly burdensome, it would significantly prejudice Defendants' Motion for Summary Judgment, and it would significantly prejudice Defendants' ability to defend these cases at trial.

Relatedly, reopening discovery for at least two weeks is disproportionate to the needs of the case. Although Defendants disagree with Plaintiffs, Plaintiffs' position is that these cases must be tried in February rather than March or April (as Defendants have repeatedly recommended). If the need of the case is a February trial, open-ended document collection and production is not proportionate to that need.

On the matter of relevance, Plaintiffs have not demonstrated how it is possible that predecisional documents could be relevant to these lawsuits since they have no evidentiary value. They assert that "Defendants have reversed course and seek to rely on HB 464, including in their motion for summary judgment." Mot. Compel at 2. Defendants cannot "rely on HB 464" in the way Plaintiffs suggest. HB 464 is not evidence. It is the governing law that will be judged against the supreme law, the United States Constitution. Predecisional internal agency

10

discussions regarding how to implement New Hampshire law is not relevant to claims or

defenses.  The implementation itself is evidence, of course, which is why Defendants will

continue to collect and produce final guidance and implementation documents.  But drafts and

preliminary materials are irrelevant.

## IV. Predecisional Draft Documents and Deliberative Communications Are Exempt from Disclosure

The documents Plaintiffs seek to compel are almost certainly protected from disclosure

by the deliberative process and confidential attorney-client communications privileges.  Under

New Hampshire law, agency preliminary drafts, notes, and memoranda and other documents not

in their final form and not disclosed, circulated, or available to a quorum or a majority of the

members of a public body, are not subject to Right-to-Know requests.  RSA 91-A:5, IX.  New

Hampshire freedom of information law notwithstanding, the deliberative process privilege is a

long-standing protection afforded governmental agencies' decision making processes.  *See NLRB*

*v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, (1975).  It "focus[es] on documents reflecting

advisory opinions, recommendations and deliberations comprising part of a process by which

governmental decisions and policies are formulated."  *Id.* (quotations and citations omitted).

"Manifestly, the ultimate purpose of this long-recognized privilege is to prevent injury to the

quality of agency decisions."  *Id.* at 151.  If an agency document is both predecisional and

deliberative, it is protected from disclosure.  *Providence J. Co. v. U.S. Dep't of Army*, 981 F.2d

552, 557 (1st Cir. 1992).

To be clear, Defendants have not collected predecisional HB 464-related documents

generated after June 25, 2025.  But since Plaintiffs have rejected Defendants' commitment to

produce all ***final*** agency decisions, Plaintiffs' Motion only seeks to compel predecisional and

deliberative documents.  Their argument regarding the procedural requirements of asserting

deliberative process privilege are unavailing because the parties have agreed—and the Court has

ordered—that privileged documents generated after filing of the Complaints will not be logged

on privilege logs.  Disc. Plan, ECF No. 51 at 8 (approved by End. Order Mar. 26, 2025) ("parties

will not schedule Discoverable Material that is subject to a disclosure exemption in a privilege

log where the Discoverable Material post-dates the filing of the original Complaint[.]").

Also, Defendants reasonably anticipate that most of the implicated documents will also

be protected from disclosure by the attorney-client communications privilege.  The privilege

protects confidential communications made by a client to his attorney.  *Maine v. United States

DOI*, 298 F.3d 60, 70 (1st Cir. 2002).  Internal agency deliberations that seek legal counsel

regarding statutory interpretation, or that are necessary to solicit legal advice regarding

implantation of statutory requirements, are protected from disclosure.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny

Plaintiffs' Motion to Compel.

<div style="margin-left: 50%;">

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

</div>

Date:  December 1, 2025          /s/ Michael P. DeGrandis
                                 Michael P. DeGrandis, N.H. Bar  No. 277332
                                 Assistant Attorney General
                                 Matthew T. Broadhead, N.H. Bar No. 19808
                                 Associate Attorney General
                                 Catherine A. Denny, N.H. Bar No. 275344
                                 Assistant Attorney General

Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
matthew.t.broadhead@doj.nh.gov
catherine.a.denny@doj.nh.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record in the consolidated cases, *New Hampshire Youth Movement v. Scanlan* (1:24-cv-00291-SE-TSM) and *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM), through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis