UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE YOUTH MOVEMENT,<br>    *Plaintiff*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br>    *Defendant*. | Consolidated Cases<br>Case No. 1:24-cv-00291-SE-TSM |
| COALITION FOR OPEN DEMOCRACY, LEAGUE OF WOMEN VOTERS OF NEW HAMPSHIRE, THE FORWARD FOUNDATION, McKENZIE NYKAMP TAYLOR, DECEMBER RUST, MILES BORNE, A.M., by his next friend Russell Muirhead, and L.M., by her next friend Russell Muirhead,<br>    *Plaintiffs*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General,<br>    *Defendants*. | |

**DEFENDANT'S REPLY TO PLAINTIFF NEW HAMPSHIRE YOUTH MOVEMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiff New Hampshire Youth Movement cannot carry its burden at summary judgment to establish either its organizational or associational standing to challenge House Bill 1569 ("HB 1569"). Although it asserts that "[n]othing meaningful has changed" since the Court denied Defendants' Motion to Dismiss, that assertion misapprehends the posture of this case.

*Contra* Pl.'s Opp'n to Defs.' Mot. Summ. J., ECF No. 101 at 1 (Dec. 8, 2025). At the pleading stage, the Court accepted Plaintiff's allegations as well-pleaded. *See* Order, ECF No. 76 at 2-3, 10, 17 (Aug. 13, 2025).

At summary judgment, however, Youth Movement must substantiate each element of standing with specific, competent evidence—not allegations, speculation about future plans, or disputes about the application of law to facts. *See People to End Homelessness, Inc. v. Develco Singles Apts. Assocs.*, 339 F.3d 1, 8 (1st Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Hubbard v. Tyco Integrated Cable Sys.*, 985 F. Supp. 2d 207, 212-13 (D.N.H. 2013) (citing *Sánchez-Rodríguez v. AT&T Mobility P.R., Inc.*, 673 F.3d 1, 9 (1st Cir. 2012)). It has not done so. Because the undisputed record forecloses both asserted standing theories, the Court should enter judgment for the Secretary.

## ARGUMENT

Youth Movement's Opposition is unpersuasive for at least three reasons. First, the standard at summary judgment is not the permissive pleading-stage standard presented by Plaintiff. Second, Youth Movement has not produced record evidence establishing that HB 1569 caused the organization itself to suffer a concrete and particularized injury, as required at summary judgment. Third, Youth Movement likewise has not produced record evidence establishing the name of at least one member who would have standing in the member's own right, to establish associational standing. Disagreements over the legal significance of undisputed facts do not create a genuine issue for trial.

### I. Youth Movement Misconstrues the Summary Judgment Standard and Fails to Identify a Genuine Dispute of Material Fact

Youth Movement's claim that Defendant merely "rehashes" a standing argument already rejected at the motion to dismiss stage implies the wrong legal standard. *Contra* Pl.'s Opp'n at 1.

2

At the pleadings stage of the case, the Court accepted Plaintiffs' allegations as well-pleaded. *See* Order, ECF No. 76 at 2-3, 10, 17 (Aug. 13, 2025). The legal standard to be applied on summary judgment does not allow for merely plausible allegations or inferences. *See Hubbard*, 985 F. Supp. 2d at 212-13. Youth Movement must identify specific, competent evidence establishing standing. *See id.* (citing *Sánchez-Rodríguez*, 673 F.3d at 9).

Even accepting Youth Movement's material facts as true for the purpose of this Motion, Youth Movement has not satisfied its burden. Many of the facts Youth Movement identifies as disputed—such as how many voters previously used affidavits or how HB 1569 may affect future election turnout—do not bear on any element of standing. A fact is material only if it tends to prove or disprove an element of Plaintiff's Article III standing. *See Sanchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir. 1996).

Youth Movement asserts two theories of standing, each requiring a showing of injury-in-fact, causation, and redressability. Am. Compl., ¶ 8; *see TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). First, it claims organizational standing, so the only material facts at issue are (1) diversion of resources from one core activity to another; (2) directly caused by HB 1569; (3) that is redressable by a favorable decision on the merits. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 393-94 (2024). Second, it claims associational standing, so the only material facts at issue are (1) at least one of its members would otherwise have standing to sue on his or her own; (2) its claim is germane to its purpose; and (3) neither the claim nor the relief it seeks requires its members to participate individually. *See Equal Means Equal v. Ferriero*, 3 F.4th 24, 27-28 (1st Cir. 2021). Accordingly, because Youth Movement has not identified a genuine dispute of material fact as to any element of organizational or associational standing, summary judgment is appropriate.

## II. New Hampshire Youth Movement Has Not Satisfied Its Burden to Establish Organizational Standing, nor Has It Identified a Genuinely Disputed Material Fact Regarding Its Standing

Even accepting as true that HB 1569 may make Youth Movement's advocacy efforts more difficult, difficulty is not injury in the Article III context. The question is not whether HB 1569 "will make it harder for Youth Movement to conduct its existing get-out-the-vote and voter-registration programming[.]" *Contra* Pl.'s Opp'n at 20. The question is whether the statute ***involuntarily*** forced a diversion of resources that perceptibly impaired its ordinary operations. Youth Movement cannot identify any such evidence and it cannot manufacture a factual dispute simply by articulating its policy disagreement with state law.

A "perceptible impairment" requires a concrete and demonstrable injury of an involuntary drain on Youth Movement's resources, caused by HB 1569's operational interference with Youth Movement's core activities. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *All. for Hippocratic Med.*, 602 U.S. at 395-96; *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 173-74 (2d Cir. 2021); *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015). Not every setback or difficulty experienced by an organization due to a change in the law creates a perceptible impairment and injury-in-fact. *See Havens Realty Corp.*, 455 U.S. at 379. The inquiry into whether an organization has suffered a "perceptible impairment" is not about the degree of harm suffered, it is about the nexus of the alleged harm to the challenged law. *See All. for Hippocratic Med.*, 602 U.S. at 395. Moreover, an organization cannot simply divert resources in response to a law that does not regulate it, to establish standing. *See id.* at 394. "Indeed, that theory would mean that all the organizations in America would have standing to challenge almost every federal policy that they dislike, provided they spend a single dollar opposing those policies. *Havens* does not support such an expansive theory of standing." *Id.* at 395.

4

Youth Movement misunderstands the Secretary's argument regarding operational costs. It is not that HB 1569 must cause Youth Movement monetary operational costs—the Secretary's point is that an injury-in-fact cannot be demonstrated through evidence of resource expenditures ordinarily associated with the conduct of Youth Movement's normal business. *See Coal. for Humane Immigrant Rights v. Dep't of Homeland Sec.*, 780 F. Supp. 3d 79, 88 (D.D.C. 2025) (citing *All. for Hippocratic Med.*, 602 U.S. at 395). Youth Movement's evidence shows—at most—that HB 1569 may make its advocacy efforts more difficult. Even accepting Youth Movement's factual assertions as true, those facts do not satisfy the legal requirements for organizational standing. *See Havens Realty Corp.* at 379 (requiring plaintiff to show a "**consequent** drain on the organization's resources") (emphasis added); *see also Fair Hous. Ctr. of Metro. Detroit v. Singh Senior Living, LLC*, 124 F.4th 990, 992 (6th Cir. 2025) ("*Alliance* thus clarified that the expenditure of resources in opposition to a defendant's actions, standing alone, is insufficient to establish standing under *Havens*."). The record contains no evidence of an involuntary drain on resources distinct from Youth Movement's ordinary mission-supporting activities. Because this deficiency is legal—not factual—there is no genuine dispute for trial.

**III.    New Hampshire Youth Movement Has Not Satisfied Its Burden to Establish Associational Standing, nor Has It Identified a Genuinely Disputed Material Fact Regarding Its Standing**

Youth Movement also fails to establish associational standing because it has not named a member who can establish standing in his or her own right. That defect is fatal. The parties agree that "[t]he fact that those five specific [named] members are each now registered to vote is undisputed." Pl.'s Opp'n at 6. Any claim that those individuals may once have had, is now nonjusticiable. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 15 (1st Cir. 2004). Youth Movement cannot assert associational standing because an association must "at the very least,

5

identify a member who has suffered the requisite harm." *Draper v. Healey*, 827 F.3d 1, 3 (1st Cir. 2016) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009)).

In *Draper v. Healey*, Justice Souter explained that a firearms association did not have standing because "the complaint did not identify any member of the group whom the regulation prevented from selling or purchasing" a firearm. *Id.* Although "[t]he group submitted an affidavit asserting that many of its members asked it to take legal action challenging the regulation, [] the Supreme Court has said that an affidavit provided by an association to establish standing is insufficient unless it **names** an injured individual." *Id.* (citing *Summers*, 555 U.S. at 498) (emphasis added). The Secretary made this argument one year ago in his Motion to Dismiss the original Complaint. ECF No. 24-1 (Dec. 20, 2024). Youth Movement subsequently amended its Complaint to add the names of five members who purportedly suffered injury. *See* ECF No. 50 (Mar. 18, 2025).

Since March, Youth Movement has had ample opportunity to amend its Complaint again to identify additional unregistered members, but it chose not to do so. Its assertion that it has other unnamed members who are unregistered and who may hypothetically register in the future, does not create a genuine dispute of material fact. *Contra* Pl.'s Opp'n at 11. Even accepting this assertion as true for purposes of this Motion, associational standing fails nevertheless because no such member has been named or specifically identified, as required by *Summers* and *Draper*.[1] At summary judgment, the absence of a specifically named injured member is a legal defect that no amount of inference can cure.

---

[1] Consequently, there is no record evidence regarding the factual circumstances of any unregistered Youth Movement member. Moreover, the Secretary sought to discover this information, but Youth Movement claimed privilege and refused to produce any portion of its member list. Pl.'s Resps. Reqs. Prod. Docs. ¶ 16 (Sept. 25, 2029), ECF No. 88-36.

6

The balance of Youth Movement's associational standing arguments raise legal issues, not factual disputes. For example, it contends that this lawsuit is germane to its organizational purpose because "the process of voter registration is plainly 'related to' Youth Movement's core purpose of empowering young people by inspiring and assisting them to register and vote." Pl.'s Opp'n at 17. The Secretary asserts that "plainly related to" is not the governing standard, and that Youth Movement must offer competent evidence that the suit advances the *ex ante* aims its members understood they would further by joining the organization. *Housatonic River Initiative v. United States EPA*, 175 F.4th 248, 265 (1st Cir. 2023). But this is a purely legal argument, not a factual dispute that could defeat summary judgment.

## CONCLUSION

For the reasons stated above, Youth Movement failed to produce specific, competent evidence of its organizational and associational standing and there are no genuinely disputed material facts regarding Youth Movement's standing, so the Secretary is entitled to judgment as a matter of law.

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: December 15, 2025

/s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Matthew T. Broadhead, N.H. Bar No. 19808
Associate Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General

7

Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
matthew.t.broadhead@doj.nh.gov
catherine.a.denny@doj.nh.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record in the consolidated cases, *New Hampshire Youth Movement v. Scanlan* (1:24-cv-00291-SE-TSM) and *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM), through the Court's e-filing system.

    /s/ Michael P. DeGrandis
Michael P. DeGrandis