UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE YOUTH MOVEMENT,<br><br>    *Plaintiff*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br><br>    *Defendant*.<br><br>COALITION FOR OPEN DEMOCRACY, LEAGUE OF WOMEN VOTERS OF NEW HAMPSHIRE, THE FORWARD FOUNDATION, McKENZIE NYKAMP TAYLOR, DECEMBER RUST, MILES BORNE, A.M., by his next friend Russell Muirhead, and L.M., by her next friend Russell Muirhead,<br><br>    *Plaintiffs*,<br><br>v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General,<br><br>    *Defendants*. | Consolidated Cases<br>Case No. 1:24-cv-00291-SE-TSM |

**DEFENDANTS' REPLY TO PLAINTIFFS OPEN DEMOCRACY, LEAGUE OF WOMEN VOTERS, FORWARD FOUNDATION, MILES BORNE, A.M., AND L.M.'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Plaintiffs Coalition for Open Democracy, League of Women Voters of New Hampshire, The Forward Foundation (the "Organizational Plaintiffs"), Miles Borne, A.M., and L.M. (the "Individual Plaintiffs"), cannot carry their burden at summary judgment to establish Article III standing to challenge House Bill 1569 ("HB 1569"). Their Opposition treats Defendants' motion

as "perfunctory and unserious" and "unworthy of even a hearing," Pls.' Opp'n, ECF No. 103 at 2 (Dec. 8, 2025), but that rhetoric does not supply that which Rule 56 requires: specific, competent evidence supporting injury-in-fact, causation, and redressability.[1]  *See Hubbard v. Tyco Integrated Cable Sys.*, 985 F. Supp. 2d 207, 212-13 (D.N.H. 2013) (citing *Sánchez-Rodríguez v. AT&T Mobility P.R., Inc.*, 673 F.3d 1, 9 (1st Cir. 2012)).

Plaintiffs also miscast the Court's prior standing decision—which addressed the plausibility of allegations at the pleading stage—as if the Court's ruling on the Motion to Dismiss relieved them of their evidentiary burden after discovery.  It does not.  At summary judgment, Plaintiffs must substantiate each element of standing with record evidence and not allegations, speculation about future plans, or disputes about the application of law to facts.  *See People to End Homelessness, Inc. v. Develco Singles Apts. Assocs.*, 339 F.3d 1, 8 (1st Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  Because the undisputed record forecloses organizational and individual standing to Plaintiffs, the Court should enter judgment for Defendants.

## ARGUMENT

Plaintiffs' Opposition is unpersuasive for at least four reasons.  First, the standard at summary judgment is not the permissive pleading-stage standard presented by Plaintiffs.

---

[1] Among other things, Plaintiffs assert that Defendants failed to incorporate a short and concise statement of material facts, but that is both incorrect and ironic.  It is incorrect because Defendants are moving to dismiss two consolidated lawsuits, with four organizational plaintiffs and three individual plaintiffs, asserting three different theories of standing among them.  Shortly and concisely stating all facts, without identifying facts unique to each plaintiff or count in one discrete section of the Memorandum, would not make it shorter or more concise.  So, Defendants incorporated short and concise statements set apart by headings, so there could be no misunderstanding.  Defendants' approach is consistent with the Local Rules.  Plaintiffs' assertion is ironic because it is they who violated the Local Rules.  They were required to "***incorporate*** a short and concise statement of material facts[.]"  LR 56.1(b) (emphasis added).  Instead, they filed an ***unincorporated*** 63-page statement of facts as an exhibit.  ECF No. 103-1.  Defendants assented to Plaintiffs' Motion to Exceed the Page Limit by 60%.  *See* ECF No. 98 (seeking enlargement of LR 7.1(a)(3)'s 25-page limit to 40 pages).  But had Plaintiffs incorporated their statement of material facts under the Local Rules, they would have been required to seek leave to file a 100-page Opposition, discounting the title page, signatures, and certificates of service.

Second, the Organizational Plaintiffs have not produced record evidence establishing that HB 1569 caused the organizations themselves to suffer a concrete and particularized injury, as required at summary judgment. Disagreement over the legal significance of undisputed facts does not create a genuine issue for trial.

Third, the Individual Plaintiffs likewise fail to establish justiciability or standing because the undisputed record does not support a finding of actual or imminent injury traceable to HB 1569. Speculation about future conduct or contingent events cannot satisfy Article III at this stage. Fourth, although not one Plaintiff has satisfied its burden of proof, if the Court disagrees, the Court should rule on the propriety of each Plaintiff's particular standing to proceed to trial.

I.  **Plaintiffs Misconstrue the Summary Judgment Standard and Fail to Identify a Genuine Dispute of Material Fact**

Plaintiffs' contention that "Defendants offer no developed argument as to how this Court erred in its Order denying in relevant part their Motion to Dismiss" is the wrong legal standard. *Contra* Pls.' Opp'n to Defs.' Mot. Summ. J., ECF No. 103 at 8 (Dec. 8, 2025). At the pleadings stage of the case, the Court accepted Plaintiffs' allegations as well-pleaded. *See* Order, ECF No. 93 at 2-3 (July 29, 2025) ("The plaintiffs need not definitively prove [their] injur[ies] or disprove the [defendants'] defenses, but need only plausibly plead on the face of [their] complaint facts supporting standing.") (quotations and citations omitted). Defendants are not asking the Court to reconsider its earlier order. The legal standard to be applied on summary judgment does not allow for merely plausible allegations or inferences. *See Hubbard*, 985 F. Supp. 2d at 212-13. Rather, Plaintiffs must identify specific, competent evidence establishing standing. *See id.* (citing *Sánchez-Rodríguez*, 673 F.3d at 9).

Each Plaintiff must establish injury-in-fact, causation, and redressability. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). And since the Organizational Plaintiffs do not allege

3

that HB 1569's repeal of the Qualified Voter or Challenged Voter Affidavits regulate them directly, the legal framework to determine whether they have adequately alleged the elements of standing examines whether each organization (1) diverted resources from one core activity to another; (2) directly caused by HB 1569; and (3) is redressable by a favorable decision on the merits. *See FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 393-94 (2024). Even accepting Plaintiffs' material facts as true for the purpose of this Motion, not one Plaintiff has satisfied its burden to establish standing with specific, competent evidence.

**II.     The Organizational Plaintiffs Have Not Satisfied Their Burdens to Establish Organizational Standing, nor Have They Identified a Genuinely Disputed Material Fact Regarding Their Standing**

Plaintiffs point to staff time and expenses related to strategies and outreach undertaken in response to HB 1569. But at summary judgment, the question is not whether Plaintiffs chose to adapt to new state election law. The question is whether the statute ***involuntarily*** forced a diversion of resources that perceptibly impaired their ordinary operations. Plaintiffs identify no such evidence.

So, the inquiry into whether an organization has suffered a "perceptible impairment" is not about the degree of harm suffered, it is about the nexus of the alleged harm to the challenged law. *See id.* at 395. Here, a "perceptible impairment" is a concrete and demonstrable injury of an involuntary drain on the Organizational Plaintiffs' resources, caused by HB 1569's operational interference with their core activities. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982); *All. for Hippocratic Med.*, 602 U.S. at 395-96; *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 173-74 (2d Cir. 2021); *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919 (D.C. Cir. 2015). Evidence of a drain of resources is not, as Plaintiffs argue, "simply another manifestation of the injury to the organization's noneconomic goals." *Contra* Pls.' Opp'n at 14 (quoting *Fla. State Conf. of NAACP. v. Browning*, 522 F.3d 1153, 1166 (11th

Cir. 2008)) (quotations omitted). "Perceptible impairment" is an expression of the duality required to establish organizational standing. *See All. for Hippocratic Med.*, 602 U.S. at 395. Plaintiffs have not offered any evidence to establish that its resource allocations were involuntary. *See Havens Realty Corp.* at 379 (requiring plaintiff to show a "**consequent** drain on the organization's resources") (emphasis added); *see also Fair Hous. Ctr. of Metro. Detroit v. Singh Senior Living, LLC*, 124 F.4th 990, 992 (6th Cir. 2025) ("*Alliance* thus clarified that the expenditure of resources in opposition to a defendant's actions, standing alone, is insufficient to establish standing under *Havens*."). The parties' disagreement about the interpretation and application of Article III standing to the evidence does not manifest a dispute over material facts.

Even accepting Plaintiffs' factual assertions as true, those facts do not satisfy the legal requirements for organizational standing.[2] An organization cannot simply divert resources in response to a law that does not regulate it, to establish standing. *See All. for Hippocratic Med.*, 602 U.S. at 394. "Indeed, that theory would mean that all the organizations in America would have standing to challenge almost every federal policy that they dislike, provided they spend a single dollar opposing those policies. *Havens* does not support such an expansive theory of standing." *Id.* at 395.

Open Democracy's contention that "staff hours and expenditures were redirected away from its other core services" is not supported by the record, but this does not give rise to a

---

[2] Plaintiffs assert that Defendants did not probe Open Democracy's monetary expenditures, but this mischaracterizes the Rule 30(b)(6) deposition. *Contra* Pls.' Opp'n at 19 n.8. Ms. Zink testified that Open Democracy does not have a budget line item for high school registration drive expenses, so Ms. Zink identified the "mailing and postage" line item as reflecting those costs. Zink Dep. Tr. 45:17-46:2; 46:5-48:1 (ECF No. 88-6 at 12). Counsel declined Ms. Zink's offer to "look up how much each photocopy costs" because that would only indicate how many copies were made, without identifying costs specific to HB 1569. *Id.* at 48:2-22. There is no material factual dispute here, as Defendants' legal argument examines both line items "Postage & Delivery" and "Printing & Copying" and assumes their truth for the purposes of the Motion. ECF No. 88-1 at 15.

dispute of fact—Plaintiffs have either carried their burden, or they have not.[3] *Contra* Pls.' Opp'n at 21. League of Women Voters and Forward Foundation similarly fail to identify triable issues of fact. For example, the League contends that it has diverted resources, but it offers no citations to the record to support that contention and dismisses its admissions to the contrary as "cherry-picked." *Contra id.* at 26-27. This is not a factual dispute, nor is it the Foundation's contention that it diverted resources away from core activities. *Contra id.* at 31-32 (*e.g.*, citing ECF No. 103-1, ¶¶ 119, 121 (expending resources, not diverting) and ¶ 140 (characterizing resources as having been diverted, but not identifying the source or how the source has been negatively impacted). Defendants' purely legal argument is that the evidence offered reflects only resource allocations that are associated with the conduct of the organization's normal business. None of the organizations have had their normal operations perceptibly impaired by the challenged law. *See Coal. for Humane Immigrant Rights v. Dep't of Homeland Sec.*, 780 F. Supp. 3d 79, 88 (D.D.C. 2025) (citing *All. for Hippocratic Med.*, 602 U.S. at 395).

### III. The Individual Plaintiffs Have Not Maintained a Personal Interest in the Outcome of the Lawsuit or Satisfied Their Burdens to Establish Their Standing, nor Have the Individuals Plaintiffs Identified a Genuinely Disputed Material Fact Regarding Justiciability or Standing

The Individual Plaintiffs have not established standing because the undisputed record does not demonstrate an actual or imminent injury traceable to HB 1569. Two circumstances differentiate the three Individual Plaintiffs. First, Miles Borne is a registered voter—this is undisputed. *See* Pls.' Opp'n at 8. Plaintiffs contend that mootness is distinct from standing, but even if Mr. Borne had standing at the start of this lawsuit, he has not maintained a personal

---

[3] The Opposition cites Zink Dep. 131:2-132:3 and OD Interrog. Resps. No. 11 to claim diversion of resources, but these do not identify such evidence. *Compare* ECF No. 103-1, ¶ 59 *with* ECF No. 88-6 at 33-34 (not identifying a source of diverted resources), *and* 88-30 at 27-28 (not identifying a source of diverted resources and only alleging shifting organizational priorities). For the purposes of this Motion, Defendants dispute only the legal significance of the evidence, not its truth.

6

interest in the outcome, so his claim is nonjusticiable. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 15 (1st Cir. 2004). Now that he is registered to vote, New Hampshire law does not—and will not—require him to provide documentary proof of his voter eligibility.[4] *See, e.g.*, RSA 654:12, I(a). Mr. Borne's contention to the contrary reflects his misunderstanding of the law and is too "conjectural or hypothetical" to satisfy standing requirements. *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017) (quotations and citations omitted). The undisputed facts applied to the law of standing render Mr. Borne's claim moot.

A.M. and L.M. are not registered voters and New Hampshire law requires them to provide proof of their voter eligibility if they register to vote—this is undisputed. *See* Pls.' Opp'n at 6. But it is also undisputed that A.M. has a Real ID driver's license issued by New Hampshire which he procured with his birth certificate. *See id.* at 7; *see* A.M. Dep. Tr. 18:16-21 (ECF No. 88-12 at 6). Although the record does not indicate whether L.M. used a birth certificate or passport to obtain her New Hampshire Real ID driver's license, since she is a native-born American citizen, federal regulations required that she established her identity and lawful status in the United States with one document or the other. *See* 6 C.F.R. § 37.11(g)(1). New Hampshire law does not require either A.M. or L.M. to present any additional documentation if they choose to register to vote, so the unavailability of QVAs is meaningless to them. *See* RSA 654:45, IV(b).

---

[4] Plaintiffs contend that "Defendants do not argue that the hypothetical future operation of HB 464 impacts the Muirheads' potential injuries. Defendants have largely refused to produce evidence related to HB 464." Pls.' Opp'n at 6 n.4. This is a misunderstanding of the legal issues before the Court. Defendants cite RSA 654:12, I(a) many times in their Motion and applied it to the undisputed facts in these consolidated cases. As with "HB 1569," "HB 464" is shorthand for amendments to specific provisions in state election law. It is the operative law that Plaintiffs challenge. If that is not the case, their claims are moot. That is a matter of law, not of fact. Also, Defendants have not refused to produce "evidence" related to HB 464. Defendants objected to the form and scope of Plaintiffs' HB 464 requests, but that matter has since been resolved by the Court in Plaintiffs' favor, over Defendants' objections. Moreover, at the hearing on Plaintiffs' HB 464 Motion to Compel, Plaintiffs indicated that they did not need production of HB 464 documents to object to Defendants' Motion.

Even if their Real IDs were not relevant to standing in this case, A.M. and L.M. have not identified specific, competent evidence of their injuries purportedly cause by HB 1569. Assuming that they will one day register to vote, it is undisputed that their documents have been kept safe for 17 years. *See* R.M. Dep. Tr. 34:3-6 (ECF No. 88-14 at 10). Plaintiffs may fear that these documents could be lost one day, but their fear reflects a legal disagreement over that which establishes an imminent, concrete and particularized injury—it is not a disputed material fact. Defendants' legal argument is that A.M. and L.M. have failed to show a "realistic danger of sustaining a direct injury" caused by HB 1569's enforcement. *See Freeman v. City of Keene*, 561 F. Supp. 3d 22, 31 (D.N.H. 2021). That issue is ripe for summary judgment.

Plaintiffs focus on the "identifiable trifle" minimal standard for demonstrating injury-in-fact at the pleadings stage, but their reliance on a "trifle" at the summary judgment stage is misplaced. At summary judgment, the magnitude of a plaintiff's injury need not be significant, but at a bare minimum, plaintiffs must produce *evidence* of an imminent, concrete and particularized injury. *See Hubbard*, 985 F. Supp. 2d at 212-13. The Individual Plaintiffs' appeal to a vaguely trifling injury—asking their parents for their readily available passports or birth certificates, *if* they register to vote, and their concern over a *chance* that *maybe* their parents lose the documents upon which they recently relied to satisfy other state and federal legal requirements—is not evidence of injury-in-fact. *See Lyman v. Baker*, 954 F.3d 351, 360-61 (1st Cir. 2020). It is a generalized grievance. *See id.* The Individual Plaintiffs' purported inconvenience and speculative fears about future access to currently-existing documentation, are shared by all eventually-eligible registering voters in New Hampshire, without exception. In short, they have not provided any evidence that the harm of which they complain is particular to them. *See id.* at 361. Without evidence of imminence, concreteness, and particularity, the

Individual Plaintiffs do not have standing. *Id.* ("Injuries that are too 'widely shared' or are 'comparable to the common concern for obedience to law' may fall into the category of generalized grievances about the conduct of government.") (quoting *Becker v. FEC*, 230 F.3d 381, 390 (1st Cir. 2000)).

**IV.    The Court Should Decide Defendants' Summary Judgment Motion as to Each Plaintiff Because the Material Facts of Each Plaintiff's Claim to Standing Are Distinct**

For the reasons explained above, Plaintiffs have not satisfied their burdens to establish standing. But if the Court does not grant Defendants' Motion as to all Plaintiffs, the Court should scrutinize each Plaintiff's standing separately. "The standing inquiry is both plaintiff-specific and claim-specific. Thus, a reviewing court must determine whether each particular plaintiff is entitled to have a federal court adjudicate each particular claim that he asserts." *Pagan v. Calderon*, 448 F.3d 16, 26 (1st Cir. 2006). The facts and theories of Plaintiffs' purported standing materially differ from each other, and the state's ultimate liability changes depending on number and circumstances of Plaintiffs who could proceed to trial. *See Women's Med. Ctr. v. Roberts*, 512 F. Supp. 316, 319-20 (D.R.I. 1981). So, Defendants respectfully request that the Court adjudicate each Plaintiff's standing separately. *See id.* (explaining that several factors should be considered when applying the one-plaintiff rule).

## CONCLUSION

For the reasons stated above, Plaintiffs failed to produce specific, competent evidence of their standing and there are no genuinely disputed material facts regarding Plaintiffs' standing, so Defendants are entitled to judgment as a matter of law.

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of

9

State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date:  December 15, 2025

/s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar  No. 277332
Assistant Attorney General
Matthew T. Broadhead, N.H. Bar No. 19808
Associate Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
matthew.t.broadhead@doj.nh.gov
catherine.a.denny@doj.nh.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record in the consolidated cases, *New Hampshire Youth Movement v. Scanlan* (1:24-cv-00291-SE-TSM) and *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM), through the Court's e-filing system.

/s/ Michael P. DeGrandis
Michael P. DeGrandis