UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
New Hampshire Youth Movement,          *
                                       *
     Plaintiff,                        *
                                       *
v.                                     *   Civil No. 1:24-cv-00291-SE-TSM
                                       *
David Scanlan, in his official capacity, et al., *
                                       *
     Defendants                        *
                                       *
                                       *
*************************************
Coalition for Open Democracy, et al.,  *
                                       *
     Plaintiffs,                       *
v.                                     *   Civil No. 1:24-cv-00312-SE-TSM
                                       *
David Scanlan, in his official capacity, et al., *
                                       *
     Defendants.                       *
                                       *
*************************************
```

## DEFENDANTS' PRETRIAL STATEMENT

Pursuant to Fed. R. Civ. P. 26(a)(3) and L.R. 16.2, Defendants, David M. Scanlan, in his official capacity as New Hampshire Secretary of State and John M. Formella, in his official capacity as New Hampshire Attorney General ("State Defendants"), submit the following Pretrial Statement in this matter.

**I.     Parties' Assented-to Statement of the Case**

H.B. 1569 (2024) amended RSA 654:12 to eliminate a provision of state law that allowed prospective voters to attest to their qualifications when registering to vote by signing an affidavit on pain of perjury and fraud. Under H.B. 1569, all registrants must produce a "birth certificate, passport, naturalization papers" or other "reasonable documentation" to register and vote. H.B.

464 (2025), enacted after H.B. 1569, requires the department of state to provide local election officials with "access to data from centralized voter registrations records, records from the department of safety, and New Hampshire vital records . . . to assist voters in providing proof of citizenship, age, domicile, and identity," RSA:12, VI, and amends RSA 654:12, I(a) to include "proof that the applicant was previously or is currently registered to vote in a different town or ward in New Hampshire" as proof of citizenship. H.B. 1569 also removed the option to vote by Challenged Voter Affidavit, which had previously allowed a prospective voter who failed to bring a photo ID to the polls pursuant to RSA 659:13, I(c), or whose eligibility was successfully challenged on election day pursuant to the procedures set forth in RSA 659:27 and RSA 659:27-a, to cast a ballot by signing an affidavit.

      Shortly after the Governor signed H.B. 1569, Youth Movement filed this case challenging the constitutionality of the law's proof-of-citizenship requirement, and Plaintiffs Coalition for Open Democracy, League of Women Voters of New Hampshire, The Forward Foundation, McKenzie Nykamp Taylor, December Rust, Miles Borne, and Alexander Muirhead and Lila Muirhead (the "Open Democracy Plaintiffs") filed their case challenging both the proof-of-citizenship requirement and the elimination of Challenged Voter Affidavits. Following resolution of motions to dismiss, the Court consolidated these cases for trial.

      The parties agree that Plaintiffs' right-to-vote claims are assessed under the *Anderson-Burdick* framework. *Anderson v. Celebrezze*, 460 U.S. 780, 788-89 (1983); *Burdick v. Takushi*, 504 U.S. 428, 430 (1992). Under this rubric, to determine whether a law unconstitutionally burdens the right to vote, courts "weigh the 'character and magnitude of the asserted injury to' the voters' rights against the 'precise interests put forward by the State as justifications for the

burden imposed.'" *Common Cause Rhode Island v. Gorbea*, 970 F.3d 11, 14 (1st Cir. 2020) (quoting *Anderson*, 460 U.S. at 788–89).

The parties further agree that the *Mathews v. Eldridge* standard governs Open Democracy Plaintiffs' due process claim. *See* 424 U.S. 319, 335 (1976)). Defendants and Plaintiffs do not agree on how these standards should be applied in this case.

All Plaintiffs allege that the removal of the Qualified Voter Affidavit for proving citizenship results in a proof of citizenship requirement, under both H.B. 1569 and H.B. 464, that places a burden on the fundamental right to vote that is not justified by sufficient state interests, in violation of the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. Further, Open Democracy Plaintiffs claim that the removal of the Challenged Voter Affidavit imposes an unjustifiable burden on the right to vote in violation of the First and Fourteenth Amendments and 42 U.S.C. § 1983, and results in a denial of procedural due process in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

Defendants will argue that HB 1569 imposes minimal burdens when considering the overall voter registration system in New Hampshire, including various processes implemented to assist prospective voters in proving their qualifications. Defendants further argue that the law furthers important, legitimate interests in election integrity, public confidence in elections, and protecting the public fisc. Rather, it is Defendants' position that HB 1569 is a "generally applicable, even-handed, politically neutral" law, "which protect[s] the reliability and integrity of the election process." *See ACLU of N.M. v. Santillanes*, 546 F.3d 1313, 1322 (10th Cir. 2008), citing *Gonzalez v. Arizona*, 485 F.3d 1041, 1049 (9th Cir. 2007).

II. **Witnesses**

<u>The State Defendants expect to call the following witnesses:</u>

1. David Scanlan, Secretary of State of New Hampshire, 107 N. Main St., Concord, NH 03301, *Contact through counsel*

2. Patricia Piecuch, Legislative Director, 107 N. Main St., Concord, NH 03301, *Contact through counsel*

3. Kristin Martino, State Registrar and Director of Vital Records, 107 N. Main St., Concord, NH 03301, *Contact through counsel*

4. Brendan O'Donnell, Deputy Secretary of State, 107 N. Main St., Concord, NH 03301, *Contact through counsel*

5. Richard Tracy, NH Department of Justice, 1 Granite Place South, Concord, NH 03301, *Contact through counsel*

The State Defendants may call the following witnesses if the need arises:

6. Dr. Michael C. Herron, *Contact through counsel for New Hampshire Youth Movement*

7. Olivia Zink, *Contact through counsel for Open Democracy*

8. All witnesses identified in Plaintiffs' witness list.

9. Any witnesses solely for rebuttal.

The foregoing list includes witnesses the State Defendants may potentially call as witnesses in this case. By listing these witnesses, the State Defendants are making no representation whatsoever that they will produce these witnesses unless otherwise stated or agreed-to. The State Defendants reserve the right to object to any witness' testimony.

**III.   Written Waiver of Claims or Defenses**

None.

**IV.   Depositions Which May Be Read into Evidence**

None.

V.  **Exhibits to Be Offered at Trial**

1. Biennial Election Law Complaint Status Reports, 2016 through 2025 - Forms & Publications | New Hampshire Department of Justice

2. January-June 2025 Election Law Complaint Status Report, dated October 6, 2025 (DOJ-004953[1], 177 pages) – CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

3. July-December 2024 Election Law Complaint Status Report, dated February 19, 2025 (DOJ-002550, 287 pages)

4. January-June 2024 Election Law Complaint Status Report, dated July 31, 2024 (DOJ-001926, 143 pages)

5. July-December 2023 Election Law Complaint Status Report, dated May 29, 2024 (DOJ-001413, 285 pages)

6. January-June 2023 Election Law Complaint Status Report, dated December 21, 2023 (DOJ-001698, 228 pages)

7. July-December 2022 Election Law Complaint Status Report, dated September 27, 2023 (DOJ-002338, 212 pages)

8. January-June 2022 Election Law Complaint Status Report, dated August 23, 2023 (DOJ-000716, 229 pages)

9. July-December 2021 Election Law Complaint Status Report, dated September 1, 2022 (DOJ-001142, 215 pages)

10. January-June 2021 Election Law Complaint Status Report, dated September 1, 2022 (DOJ-000945, 197 pages)

11. July-December 2020 Election Law Complaint Status Report, dated August 26, 2022 (DOJ-002069, 269 pages)

12. January-June 2020 Election Law Complaint Status Report, dated October 19, 2020 (DOJ-000559, 157 pages)

13. June-December 2019 Election Law Complaint Status Report, dated February 3, 2020 (DOJ-000451, 108 pages)

14. November-June 2019 Election Law Complaint Status Report, dated July 31, 2019 (DOJ-000346, 105 pages)

15. May-December 2018 Election Law Complaint Status Report, dated January 31, 2019 (DOJ-000155, 191 pages)

---

[1] Bates stamps within the exhibit list identify the first page of the document described.

16. September 2016-May 2018 Election Complaint Status Report, dated May 24, 2018 (DOJ-000001, 154 pages)

17. E-mail: 5/14/2024 O'Donnell to Perkins Kwoka (DOJ-003384)

18. Email: 6/11/2024 O'Donnell to Supervisor Neff ( DOJ-003454)

19. December 22, 2022 Report of the Special Committee on Voter Confidence (SOS-FT-1179225-1179238)

20. June 10, 2024 Report to the Special Committee on Voter Confidence (SOS-FT-604956)

21. January 23, 2018 Letter from SOS to Legislature Re Report on Voter Affidavits for Identity (DOJ-003872)

22. May 14, 2019 Letter from SOS to Legislature Re Report on Voter Affidavits for Identity (DOJ-003879)

23. August 4, 2019 Letter from SOS to Legislature Re Report on Voter Affidavits for Identity (DOJ-004001)

24. August 9, 2019 Letter from SOS Re Report on Voter Affidavits for Identity (DOJ-004128)

25. August 12, 2019 Letter from SOS to Legislature Re Report on Voter Affidavits for Identity (DOJ-004054)

26. August 28, 2019 Letter from SOS to Legislature Re Report on Voter Affidavits for Identity (DOJ-001357 through DOJ-001374)

27. September 8, 2022 Letter from SOS to Legislature Re Report on Voter Affidavits for Identity (DOJ-001375 through DOJ-001399)

28. April 20, 2018 AGO Report of Investigation Regarding Domicile and Qualified Voter Affidavits (DOJ-001400 through DOJ-001408)

29. October 25, 2019 AGO Qualified Voter Affidavit Investigation (DOJ-001409 through DOJ-001411)

30. September 3, 2019 AGO Domicile Affidavit Investigation (DOJ-003736 through DOJ-003738)

31. February 28, 2019 AGO Domicile Affidavit Investigation (DOJ-000380-384)

32. December 18, 2025 Tracy Affidavit Investigation Report (DOJ-005130 through DOJ-005136)

33. June 23, 2025 Arrest Warrant for Naseef F. Bryan (DOJ-004718)

34. Reports of Investigations, Closure Letters, Cease and Desist Orders with Individuals Under Investigation for Voting, or Attempting to Vote as Non-citizens (DOJ-003777)

35. March 2025 Election Docket Court Procedures (DOJ-004785, DOJ-004786)

36. "Registering to Vote in NH – Determining the Qualifications of the Applicant" – SOS one-pager – October 2025 (SOS-3948950)

37. Ballot Clerk Procedure - Town/School Election 2025 – Electronic Poll Book (SOS-FT-500790)

38. Ballot Clerk Procedure – Town/School Election 2025- Paper (SOS-FT-500798)

39. February 11, 2025 Emails Between SOS and Russell Muirhead (SOS-FT-614655)

40. Purity of Election Posters, including: Election Day Registration NH Voter ID Law, 3-2025 (SOS-FT-1031461); Voter ID Explanatory Document, 5-2025 (SOTs-3950875); How are Votes Challenged?, 6-2025 (SOS-FT-1031464); Are your Voting Rights being Violated?, 8-2024 (SOS-FT-1331496); NH Voter ID Law, 9-2025 (SOS-FT-1331497) (also available via https://www.sos.nh.gov/elections/election-officials)

41. March 3, 2025 SOS Memo to Election Officials re Training for Ballot Clerks (SOS-FT-1330826)

42. 2025 Town, School, Village District Elections Ballot Clerk Training (Paper and Electronic)- SOS Powerpoint (SOS-FT-2223014, SOS-FT-2223235)

43. Memorandum of Understanding with DMV (SOS-3950862-3950868)

44. September 15, 2025 Joint Memorandum Re: 2025 Election Law Changes (SOS-3948310-3948337)

45. October 17, 2024 Memo re free vital records (Martino Ex. 12; SOS-3948286)

46. 2025 Legislative Updates and Frequent Questions Presentation (SOS-3948971)

47. HB 1569 FAQs -January 23, 2025 (SOS-3949033-3949042)

48. 2024 Election Procedure Manual (SOS-482423-482947)

49. January 5, 2026 SVRS Changes Email (SOS-3950869)

50. January 5, 2026 SVRS Changes Memo (SOS-3950872)

51. January 5, 2026 SVRS Instructions (SOS-3950879-SOS-3950903) – HIGHLY CONFIDENTIAL

52. January 5, 2026 SVRS Search Authorization Form (SOS-3950877) – HIGHLY CONFIDENTIAL

53. November 8, 2025 Memo from Secretary of State (NH-ORGS-00002703)
54. November 2025 Election Official Survey Results (SOS-3948292)
55. REPORT LITIGATION AS OF 5-15-25 CVA AND QVA.xlsx (native) ([SOS-000003](SOS-000003)), including Data Notations for Qualified Voter Affidavits and Challenged Voter Affidavits ([SOS-000001-SOS-000002](SOS-000001-SOS-000002))
56. Election Administration and Voting Survey 2024 Comprehensive Report (ECF 102-6)
57. Right-to-Know Response – Voter Confidence Concerns (SOS-ST-3912208)
58. 2024 and 2025 Election Law Changes Redlines (https://www.sos.nh.gov/elections/election-laws)
59. HB 1569 and HB 464 Changes to the Law Demonstrative

State Defendants reserve the right to introduce any additional exhibits for rebuttal and impeachment purposes. State Defendants reserve the right to reformat these documents as demonstratives for trial.

## VI.   Position on Jury Evidence Recording System (JERS)

This section is inapplicable because this matter is scheduled for a bench trial.

## VII.   Itemized Statement of Special Damages

This section is inapplicable because Plaintiffs are only seeking injunctive relief.

## VIII.   Statement of Latest Demand and Offer

This section is inapplicable because this matter is scheduled for a bench trial. *See* L.R. 16.2(a)(8).

## IX.   Statement of Claim for Attorney's Fees

Defendants do not seek attorney's fees.

## X.   Requests for a View

Defendants do not request a view.

## XI.   Estimated Trial Length

Defendants estimate that trial will last two weeks and that Defendants' case-in-chief will last 4 days. If the parties exceed the allotted days, counsel for Defendants have a scheduling conflict the following week, February 23, 2026.

### XII. Accompanying Trial Memorandum

This Court excused the parties from filing trial memorandum in advance of trial. *See* L.R. 16.2(b).

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, and
JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: January 9, 2026

/s/ Catherine A. Denny
Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Matthew T. Broadhead, N.H. Bar No. 19808
Associate Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
Laurie S. Young, N.H Bar No. 266185
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
matthew.t.broadhead@doj.nh.gov
catherine.a.denny@doj.nh.gov
laurie.s.young@doj.nh.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

Date: January 9, 2026               /s/ Catherine A. Denny
                                                    Catherine A. Denny