UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*************************************
New Hampshire Youth Movement,         *
                                      *
       Plaintiff,                     *
                                      *
       v.                             *    Civil No. 1:24-cv-00291-SE-TSM
                                      *
David Scanlan, in his official capacity, et al.,*
                                      *
       Defendants                     *
                                      *
                                      *
*************************************
Coalition for Open Democracy, et al., *
                                      *
       Plaintiffs,                    *
       v.                             *    Civil No. 1:24-cv-00312-SE-TSM
                                      *
David Scanlan, in his official capacity, et al.,*
                                      *
       Defendants.                    *
                                      *
*************************************
```

**DEFENDANTS' OBJECTION TO CONSOLIDATED PLAINTIFFS' PRETRIAL STATEMENT**

Pursuant to Fed. R. Civ. P. 26(a)(3) and L.R. 16.2, Defendants, David M. Scanlan, in his official capacity as New Hampshire Secretary of State and John M. Formella, in his official capacity as New Hampshire Attorney General ("State Defendants"), submit the following Objection to Plaintiffs' Pretrial Statement, as follows:

**I.     Objections to Plaintiffs' Witnesses**

Plaintiffs listed 57 witnesses on their witness list, including 17 witnesses that Plaintiffs "will" call. Defendants expressly reserve the right to object to any witnesses on the grounds of cumulative, duplicative, and relevance at trial.

Plaintiffs identified two witnesses that were not disclosed in the parties' FRCP 26(a)(1)(A) disclosures: Daniel Healey and Rachel Deane. Plaintiffs have not, to this day, described the subject matter of these witnesses' knowledge nor supplemented discovery related to these individuals. It would be unduly prejudicial to Defendants for these witnesses to be allowed to testify, even if Plaintiffs cured their discovery deficiencies, as the Parties are on the eve of trial and there are significant competing deadlines within this matter. Defendants object to these witnesses.

To Defendants' knowledge, Plaintiffs do not list any fact witnesses who are unable to vote under the new law. Rather, it is Defendants' understanding that Plaintiffs will be calling fact witnesses to testify as to alleged "harms" to NH voters resulting from HB 1569, but who have nevertheless verified that they have the required documents to vote and/or they have already voted under the new law. These non-Plaintiff witnesses include, but are not limited to: Josh Bogdan, Michael Blanchette, and SangYeob Kim. The Supreme Court has held that "[f]or most voters who need them, the inconvenience of making a trip to the [Bureau of Motor Vehicles], gathering the required documents, and posing for a photograph surely does not qualify as a substantial burden on the right to vote, or even represent a significant increase over the usual burdens of voting." *Crawford v. Marion County Election Bd.*, 553 U.S. 181, 198 (2008). To the extent that each of these witnesses are testifying as to "inconvenience[s]" from the new law, as opposed to their inability to vote, their testimony is insufficient as a matter of law to meet the Plaintiffs' burden of proof in this matter. Defendants reserve the right to object to these witnesses as cumulative and on relevance grounds.

Defendants renew their objection to Plaintiffs' experts Minnite, Mayer, and Herron pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Defendants incorporate the arguments set forth in Defendants' previously-filed motions to exclude (ECF Nos. 94, 93, 92).

## II.  Objections Plaintiffs' Exhibits

Defendants object to Plaintiffs' list, which contains approximately 467 separate exhibits, as cumulative and duplicative. Plaintiffs did not include exhibit numbers on the 36-page table, making objections and negotiations regarding stipulations difficult. Many of these exhibits are clearly improper, including Plaintiffs' pleadings (*see* ECF No. 118-1 at 1) and interrogatory responses (*see* ECF No. 118-1 at 15, 16, 17, 18, 34). In several instances Plaintiffs listed the same exhibit multiple times. *See, e.g.*, ECF No 118-1 at 28, 30, 31 (exhibits identified as "SOS-ST-3945794" and "DOJ-001413" are each included twice).

Defendants *expressly reserve* the right to object to any exhibit on grounds of relevance under Fed. R. Evid. 402 or 403 at the appropriate time. Fed. R. Civ. P. 26(a)(3). Defendants further expressly reserve right to object based on improper foundation.  Defendants submit further specific objections to each of the exhibits identified by Plaintiffs, in attached table (<u>Exhibit A</u>).

Notwithstanding and without waiving any objection, Defendants further object to Plaintiffs' introduction of Plaintiffs' expert reports and the documents cited by Plaintiffs' experts. An expert report "is a quintessential example of hearsay." *Jones ex rel. United States v. Mass. Gen. Hosp.*, 780 F.3d 479, 494 (1st Cir. 2015). The citations within the expert report are likewise inadmissible. "Although undisputed that an expert may base his or her testimony on inadmissible facts or data, Rule 703 'does not allow the data itself.'" *Fiorentino v. Rio Mar Assocs., LP*, 381 F. Supp. 2d 43, 48 (D.P.R. 2005), citing *Bado-Santana v. Ford Motor Co.*, 364 F.Supp.2d 79, 91-92 (D.P.R. 2005); *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-729 (6th Cir. 1994).

While an expert may be able to testify as to the basis for her or his opinions, this is not grounds for the wholesale admission of otherwise inadmissible evidence. *Jones ex rel. United States*, 780 F.3d at 494 ("An expert's testimony is not a vehicle by which evidence that is otherwise inadmissible may be introduced." (internal quotations and citations omitted)).

### III.   Objections to Plaintiffs' Deposition Designations

Plaintiffs have cited five discovery deposition transcripts of current or former State employees in their entirety. These witnesses are available to testify and most of these witnesses are on both Parties' witness list. Defendants therefore object to these depositions being introduced on the basis of hearsay and FRCP 32(a).

Defendants further object to Plaintiffs' gross designation of deposition transcripts, for it is doubtful that all such testimony will be of use to the Court or relevant to the issues to be tried. The wholesale designation of entire depositions places an undue burden on Defendants to the extent it would require Defendants to assert objections to potentially hundreds of pages of testimony that Plaintiffs will never use. Defendants also anticipate that Plaintiffs will offer more specific citations to, or excerpts from, the identified depositions as the trial progresses. Defendants, therefore, expressly reserve the right to serve deposition counter-designations and assert line specific objections at the appropriate time. Defendants also incorporate by reference all objections asserted of record during any listed depositions and further reserve the right to assert any and all objections under Fed. R. Evid. 402 or 403 (including but not limited to objections such as relevance, cumulative evidence, and narrative) as to any deposition testimony in whole or in part.

### IV.   Objection to Plaintiffs' Statement of Claim for Attorney's Fees

Defendants reserve the right to object to the reasonableness of a claim by Plaintiffs to attorneys fees and costs, including, but not limited to, costs associated with pro hac vice filings.

## V. Estimated Trial Length

As discussed during the Parties' January 20, 2026 status conference, Defendants agree to extended trial days and are available the first week of March 2026 if trial exceeds the two-week trial period. Defendants are unavailable the week of February 23, 2026.

Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, and
JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL

Date: January 23, 2026

/s/ Catherine A. Denny
Michael P. DeGrandis, N.H. Bar No. 277332
Assistant Attorney General
Matthew T. Broadhead, N.H. Bar No. 19808
Associate Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
Laurie S. Young, N.H Bar No. 266185
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
matthew.t.broadhead@doj.nh.gov
catherine.a.denny@doj.nh.gov
laurie.s.young@doj.nh.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on all parties of record through the Court's e-filing system.

Date: January 23, 2026			<u>/s/ Catherine A. Denny</u>
					Catherine A. Denny