## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| NEW HAMPSHIRE YOUTH MOVEMENT,<br><br>    *Plaintiff*,<br><br>    v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State,<br><br>    *Defendant*. | Consolidated Cases<br>Case No. 1:24-cv-00291-SE-TSM |
| COALITION FOR OPEN DEMOCRACY, *et al.*,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State, and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General,<br><br>    *Defendants*. | |

**BRIEF STATEMENT OF LEGAL DEFENSES**

NOW COME Defendants as directed by Endorsed Order (Jan. 20, 2026) of the Court:

1. <u>Defending QVA Claims</u>:  That New Hampshire does not accept QVAs as documentary proof of citizenship, is not an undue burden on the right to vote.  A *de minimis* requirement applied equally to all registering voters does not render a law unconstitutional or suffice to establish Plaintiffs' burden to prove injury-in-fact and causation.  *See Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647, 671 (2021) ("[E]very voting rule imposes a burden of some sort[.]"); *Crawford v. Marion County Election Bd.*, 553 U.S. 181, 198 (2008).  But even if a Plaintiff could identify a particularized burden or injury, the character and magnitude of any asserted injury is *de minimus* and could not outweigh the justifications for HB 1569's repeal of QVAs, as a matter of law.  *See Common Cause R.I. v. Gorbea*, 970 F.3d 11, 14 (1st Cir. 2020).

2. <u>Defending the CVA Claim</u>:  That New Hampshire does not accept CVAs to cast a ballot when a voter fails to present a photo ID at the polls or when the voter's eligibility has been successfully challenged, is not an undue burden on the right to vote.  Plaintiff Open Democracy cannot identify a legally cognizable injury, but even if it could, the character and magnitude of any asserted injury could not outweigh the justifications for HB 1569's repeal of CVAs.  *See id*.

3. <u>Evidence of the State's Regulatory Interests</u>:  Defendants will present evidence that HB 1569's QVA and CVA repeals are reasonable, nondiscriminatory, and justified by the state's important regulatory interests.  *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992). Defendants will demonstrate that HB 1569 is an essential component of New Hampshire's comprehensive elections framework, which permits election day voter registration while simultaneously requiring reasonable measures to ensure that only valid votes are counted.  RSA Chs. 654 & 659, *et seq*.  Defendants will show that the state's important regulatory interests include, but are not limited to: (1) ensuring that every qualified voter who chooses to register or

cast a ballot may do so prior to or on election day; (2) promoting election integrity through measures designed to prevent fraudulent and mistaken voting; (3) improving public confidence in election integrity through administrable election procedures that deter fraud; and (4) protecting the public fisc by conserving law enforcement resources where fraud and mistake are inherently difficult to detect and remedy. *See, e.g.*, *Crawford*, 553 U.S. at 235; *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006); *Brnovich*, 594 U.S. at 685.  The evidence will also show that HB 464's recent amendments to New Hampshire election law reduce the purported burdens of which Plaintiffs complain.  Accordingly, when the character and magnitude of Plaintiffs' asserted burdens are weighed against the state's important regulatory interests, HB 1569's repeal of QVAs and CVAs withstands the *Anderson-Burdick* balancing framework.

    4.    <u>Defending the Due Process Claim</u>:  New Hampshire law provides constitutionally adequate procedural due process to ensure that every eligible voter who seeks to cast a ballot, may do so.  Defendants will argue that state law affords each challenged voter forewarning, opportunity to be heard, and immediate judicial appeal of an adverse decision, before polls close on election day.  *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); RSA 654:12, V. Defendants will also argue that the due process claim is moot.  *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 15 (1st Cir. 2004).  Lastly, Defendants will argue that Open Democracy's procedural due process claim is intertwined with Counts I and II and similarly fails the scrutiny of that framework.  *See Ariz. Democratic Party v. Hobbs*, 18 F.4th 1179, 1195 (9th Cir. 2021).

    5.    <u>Article III Standing</u>:  For the reasons stated in Defendants' Motion for Summary Judgment (ECF Nos. 88 & 88-1), Plaintiffs do not have standing to pursue their claims.

    6.    <u>Additional Affirmative Defenses</u>:  Defendants reiterate here their defenses of Eleventh Amendment sovereign immunity, ripeness, justiciability, and *Pullman* abstention.

<table>
<tr><td></td><td>Respectfully submitted,

DEFENDANTS DAVID M. SCANLAN, in his official capacity as New Hampshire Secretary of State and JOHN M. FORMELLA, in his official capacity as New Hampshire Attorney General

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL</td></tr>
<tr><td>Date:  January 23, 2026</td><td> /s/ Michael P. DeGrandis
Michael P. DeGrandis, N.H. Bar  No. 277332
Assistant Attorney General
Matthew T. Broadhead, N.H. Bar No. 19808
Associate Attorney General
Catherine A. Denny, N.H. Bar No. 275344
Assistant Attorney General
Laurie S. Young, N.H Bar No. 266185
Assistant Attorney General
Office of the Attorney General, Civil Bureau
1 Granite Place South
Concord, NH 03301
(603) 271-3650
michael.p.degrandis@doj.nh.gov
catherine.a.denny@doj.nh.gov
laurie.s.young@doj.nh.gov</td></tr>
</table>

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on all parties of record in the consolidated cases, *New Hampshire Youth Movement v. Scanlan* (1:24-cv-00291-SE-TSM) and *Coalition for Open Democracy, et al. v. Scanlan, et al.* (1:24-cv-00312-SE-TSM), through the Court's e-filing system.

 /s/ Michael P. DeGrandis
Michael P. DeGrandis