UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>New Hampshire Youth Movement</u>

      v.                                                               Case No. 24-cv-291-SE

<u>David M. Scanlan, in his official capacity</u>
<u>as New Hampshire Secretary of State</u>

_____

<u>Coalition for Open Democracy et al.</u>

      v.

<u>David Scanlan in his official capacity</u>
<u>as New Hampshire Secretary of State et al.</u>

**FINAL PRETRIAL ORDER**

1.    <u>Date of Pretrial Conference</u>: **January 27, 2026**.

2.    <u>Counsel Present</u>: John Montgomery, Desiree Pelletier, Marcos Mocine-McQueen, Geoffrey Atkins, Tyler Bishop, Henry Klementowicz, Ming Chueng, Jacob Van Leer, David Fox, Michelle Kain, Steven Dutton, Mark Haidar, and Gilles Bissonnette for the plaintiffs. Catherine Denny, Michael DeGrandis, Laurie Young, and Matthew Broadhead for the defendants.

3.    <u>Type of Trial</u>: Bench

4.    <u>Date of Trial</u>: The trial will begin at 8:30 a.m. on February 9, 2026. The typical trial day will be 8:30 a.m. through 5:00 p.m., with one hour for lunch and breaks as necessary to accommodate the court reporter. On February 11, 2026, the lunch break will begin at 1:10, but usually it will occur at a time convenient for the flow of evidence and the court reporter. The court is closed on February 16, 2026. If the trial has not concluded on or before February 20, 2026, it will resume March 2, 2026, to accommodate the defendants' request (doc. no. 111).

       To the extent possible, the parties shall anticipate and notify the court of any evidentiary or legal disputes that can be discussed in advance. The court will give counsel an opportunity to alert the court at each break during the trial and at the

beginning and end of each day of trial. The court will be available to meet with counsel at least one-half hour before the trial is scheduled to begin each day of trial. Counsel should anticipate meeting with the court at the end of each day of trial, as necessary.

The parties will endeavor in good faith to settle this matter. Should the parties reach agreement prior to the commencement of trial, the plaintiffs' counsel will assume responsibility for promptly notifying the court

5. <u>Pending Motions</u>: The orders on the pending motion for summary judgment (doc. no. 88) and the pending motions to exclude expert testimony (doc. nos. 91, 92, 93, and 94) will be issued prior to the start of trial.

6. <u>Stipulations</u>: The parties shall file any stipulations on or before **February 3, 2026**.

7. <u>Exhibits and Exhibit Lists</u>: On or before **February 2, 2026**, the parties shall exchange exhibits and final exhibit lists. As discussed at the conference, the plaintiffs shall remove duplicates from their exhibit list. Counsel shall notify each other at the time the exhibits are exchanged if any custodian will be required for any exhibit. They shall meet and confer regarding their respective objections to certain exhibits, if any. If the parties fail to resolve all such objections, they shall file a joint statement, on or before **February 5, 2026**, notifying the court of any exhibit-related issues that require resolution prior to opening statements.

Exhibits are to be premarked and submitted to the Clerk's Office **on a thumb drive** no later than 5:00 pm on **February 5, 2026**, in accordance with the document entitled "Procedure For Marking Exhibits" which is attached hereto and made a part hereof. This is the set of exhibits that will be used for the record in the event the case is appealed.

As discussed at the conference, the parties shall also supply to the court a binder of premarked exhibits that they anticipate will be used regularly during the trial, if such a binder is feasible.

8. <u>"Will-Call" Witness List</u>: On or before **February 2, 2026**, the parties shall exchange and file a list of witnesses they intend to call at trial. The parties will be bound by the witnesses disclosed on these lists absent extraordinary circumstances. The plaintiffs have agreed to designate a single attorney to conduct the primary direct or cross examination of any witness and allow an attorney for another party to conduct only a limited follow-up examination. The parties shall notify the court on or before **February 5, 2026**, if they do not reach an agreement with respect to the testimony of Rachel Dean and Daniel Healey.

Counsel will cooperate in scheduling witnesses out of turn as necessary to accommodate legitimate business or personal interests of witnesses. In addition,

    counsel will endeavor to advise each other and the court of the order of witnesses at least 24 hours in advance.

    Fact witnesses other than parties and expert witnesses shall be sequestered.

9. <u>Deposition Transcripts</u>: Prior to trial, the parties shall stipulate with respect to portions of any videotaped (or other) deposition testimony that any party intends to admit. The court anticipates that the parties will negotiate in good faith to avoid litigating the admissibility of portions of any deposition transcript. To the extent that the parties cannot reach a stipulation, they shall bring any disputes to the attention of the court on or before **February 5, 2026**. Any disputes regarding admissibility of portions of deposition testimony shall be presented in a motion that outlines the disagreements and attaches the entire deposition transcript or those portions necessary for the court to issue a ruling. The disagreements shall be outlined in chart format as follows (or in substantially similar fashion):

| Page/Line | Basis for Admissibility | Basis for objection |
|---|---|---|
| | | |
| | | |

10. <u>Opening Statements</u>: By agreement of the parties, opening statements are limited to 30 minutes for the plaintiffs and 30 minutes for the defendants.

11. <u>Transcripts</u>: Requests for daily transcripts should be made to the court reporter one week prior to the commencement of trial.

12. <u>Post-Trial Briefing</u>: Post-trial briefing, with specific requests for factual findings, will be due seven days after the conclusion of the evidence, with a potential accommodation for the week of February 23, 2026, if necessary.

    SO ORDERED.

                                        /s/ Samantha D. Elliott
                                        Samantha D. Elliott
                                        United States District Judge

cc: Counsel of Record